UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

| Case No. | EDCV 14-1872 DSF (SHx) | Date | 12/16/14 |
|---|---|---|---|
| Title | Estate of Betty Goldberg, et al. v. Goss-Jewett Company, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING IN PART and DENYING IN PART Motions to Dismiss (Dkt. Nos. 30, 36, 39)[1]

This case is essentially a refiling of Goldberg v. Arns, CV 94-3834 DSF (SHx), a case previously dismissed by this Court for lack of prosecution after 17 years of largely unexplained inaction by the plaintiffs in that case – the predecessors to Plaintiff here. Several Defendants move to dismiss this new case under a variety of theories.

First, Defendants argue that the present case is barred by operation of Federal Rule of Civil Procedure 41(b).  Rule 41(b) provides that an involuntary dismissal – with certain inapplicable exceptions – is an adjudication on the merits unless the dismissal order provides otherwise.  There are at least two problems with Defendants' argument. First, while the order dismissing the 1994 case was silent as to whether it was with or without prejudice, the prior judgment stated that the dismissal was without prejudice. Second, Local Rule 41-2 alters the Rule 41(b) presumption and provides that a dismissal for unreasonable delay under Local Rule 41-1 is without prejudice unless the Court provides otherwise.  Therefore, the Court finds that operation of Rule 41(b) does not bar this action.

Defendants also argue that many of Plaintiff's claims are barred by either the

---

[1] The Court deems these matters appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for December 22, 2014 is removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

statute of limitations or by laches.  As to the statutes of limitations, there is no question that a number of the claims were filed beyond the relevant limitation periods.  Plaintiff, however, claims that equitable tolling based on the 1994 case should apply.  It does not.  Under California law,[2] equitable tolling based on the pendency of a prior case alleging the same claims is available only if (1) the court in the previous case had erroneously dismissed the prior case, (2) dilatory tactics on the part of a defendant had prevented disposition of the first action in time to permit a second filing within the limitations period, and (3) plaintiff had at all times proceeded in a diligent manner.  Wood v. Elling Corp., 20 Cal. 3d 353, 361 (1977).  None of these factors are present here.  This Court was not wrong to dismiss the 1994 case after 17 years of inactivity for the reasons given in the dismissal order in that case.  There is no reason to believe that dilatory tactics by Defendants were responsible for the delay and no claim of dilatory tactics was made by Plaintiff in the prior case.  In fact, it is virtually impossible to imagine what sort of dilatory tactics by a defendant could possibly account for even a substantial fraction of a 17-year delay.  Finally, there is no reason to believe that Plaintiff was diligent in the 1994 action.  Despite being given an opportunity to explain the delay in the prior case, Plaintiff could only claim that the suit had been forgotten.  That is not diligence.  In short, there is no reason to believe that equitable tolling should apply to any of the claims in this case based on the pendency of the prior case.  Further, there is no merit to Plaintiff's argument that its conclusory allegations as to tolling should defeat the motion to dismiss.  The facts relevant to the tolling analysis were developed prior to dismissal of the 1994 case.  Plaintiff had a full opportunity to be heard and failed to convince this Court of its – or its predecessors' – diligence and made no argument that any of the Defendants had caused the delay.

The laches argument raises similar issues as the statute of limitations argument.  While there is a presumption against laches in an environmental context and a general need to take into account all of the facts and circumstances of a given case, Save the Peaks Coal. v. U.S. Forest Serv., 669 F.3d 1025, 1031 (9th Cir. 2012), the Court sees no reason to postpone the laches decision in this case.  The laches analysis is basically the same analysis that the Court undertook when considering the dismissal of the 1994 case and it is difficult to see what further factual development will change that analysis – the facts of the complaint and judicially noticeable facts from the prior case provide

---

[2] Defendants argue that the waste, negligence, ultrahazardous activity, UCL, and breach of lease claims are barred by the relevant statutes of limitations.  These are all state law claims and, therefore, the Court applies California tolling law.  See Albano v. Shea Homes Ltd. P'ship, 634 F.3d 524, 528 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

sufficient foundation for a decision.  "The defense of laches requires unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay."  <u>Conti v. Bd. of Civil Serv. Comm'rs</u>, 1 Cal. 3d 351, 359 (1969).  As described in more detail in the order dismissing the 1994 action, Plaintiff's direct predecessors in interest failed to prosecute the case for 17 years and provided no excuse for the delay other than that the case was forgotten.  The Defendants were prejudiced. This case involves events that happened long before even the 1994 filing.  Many of the relevant actors have died in the past 17 years or, in the case of the corporate Defendants, have stopped existing, leaving their defense to insurers.  Whatever evidentiary difficulties Defendants may have had in presenting their defenses 17 years ago have undoubtably gotten much larger.  There is no reason to believe that laches should not bar the trespass, nuisance, and RCRA claims and Plaintiff provides none other than the presumption against laches and a supposed need for unspecified further development of the record.

The motion to dismiss is GRANTED as to the waste, negligence, ultrahazardous activity, UCL, breach of lease, trespass, nuisance, and RCRA claims.  It is DENIED as to the remaining claims.

IT IS SO ORDERED.