DONGELL LAWRENCE FINNEY LLP
MATTHEW CLARK BURES (SBN 143361)
mbures@dlflawyers.com
BENJAMIN L. CAPLAN (SBN 265179)
bcaplan@dlflawyers.com
707 Wilshire Boulevard, 45th Floor
Los Angeles, CA  90017-3609
Telephone:  (213) 943-6100
Facsimile:  (213) 943-6101

Attorneys for Third-Party Plaintiffs and Intervenors
Vigilant Insurance Company, The Standard Fire Insurance Company, Great
American Insurance Company of New York, as successor to American National
Fire Insurance Company, and Century Indemnity Company, as successor to CCI
Insurance Company, as successor to Insurance Company of North America

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BETTY GOLDBERG, DECEASED and ESTATE OF AL GOLDBERG, DECEASED, by and through their successor in interest Daniel Rubin, | Case No.:  5:14-cv-01872-DSF (SHx) |
| | Assigned for all purposes to: Honorable Dale S. Fischer |
| Plaintiff, | |
| v. | |
| GOSS-JEWETT COMPANY, INC, et al., | **VIGILANT INSURANCE COMPANY; THE STANDARD FIRE INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, AS SUCCESSOR TO AMERICAN NATIONAL FIRE INSURANCE COMPANY; and CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA'S THIRD-PARTY COMPLAINT AGAINST PACIFIC ENGINEERING ASSOCIATES, INC., CLAY SCOTT BRADFIELD AND PPG INDUSTRIES, INC.** |
| Defendants. | |
| VIGILANT INSURANCE COMPANY; THE STANDARD FIRE INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, AS SUCCESSOR TO AMERICAN NATIONAL FIRE INSURANCE COMPANY; and CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA, | |
| *Third-Party Plaintiffs and Intervenors* | Complaint Filed:     09/08/14<br>Trial Date:            Not Set |

1

THIRD-PARTY COMPLAINT

```
 1        v.
 2   PACIFIC ENGINEERING
     ASSOCIATES, INC., a dissolved
 3   California Corporation; CLAY SCOTT
     BRADFIELD; PPG INDUSTRIES,
 4   INC., a Pennsylvania corporation,
 5                      Third-Party Defendants.
 6
```

7

8       Third-Party Plaintiffs and Intervenors Vigilant Insurance Company; The

9   Standard Fire Insurance Company; Great American Insurance Company of New

10  York, as successor to American National Fire Insurance Company; and, Century

11  Indemnity Company, as successor to CCI Insurance Company, as successor to

12  Insurance Company of North America (collectively "Third-Party Plaintiffs") allege

13  as follows:

14                                  JURISDICTION

15       1.     This court has jurisdiction over these third-party claims pursuant to 28

16  U.S.C. § 1331 and 42 U.S.C. § 9613(b) of the Comprehensive Environmental

17  Response, Compensation and Liability Act ("CERCLA"), as amended by the

18  Superfund Amendments and Reauthorization Act  ("SARA"), 42 U.S.C. § 9601, <u>et</u>

19  <u>seq</u>.

20       2.     This court also has supplemental jurisdiction pursuant to 28 U.S.C. §

21  1367 over these third-party claims because they arise out of the same transactions

22  or occurrences which are the subject matter of the claims alleged by plaintiffs the

23  Estate of Betty Goldberg, Deceased, and Estate of Al Goldberg, Deceased, by and

24  through their successor in interest, Daniel Rubin (collectively "Plaintiffs").

25                                    VENUE

26       3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §

27  1391(b) and 42 U.S.C. § 9613(b) because the claims arose in this judicial district,

28  this is the judicial district in which the property that is the subject of the action is

THIRD-PARTY COMPLAINT

1    situated, and this is the judicial district in which the alleged release of hazardous

2    substances or damages allegedly occurred.

3                             GENERAL ALLEGATIONS

4          4.    Intervenor and Third Party Plaintiff Vigilant Insurance Company

5    ("Vigilant") is a New York corporation engaged in the insurance business with a

6    statutory home office located at 15 Mountain View Road, Warren, New Jersey,

7    07059.  Vigilant is authorized to transact business and has transacted business in

8    the state of California.

9          5.    Intervenor and Third Party Plaintiff the Standard Fire Insurance

10   Company ("Standard Fire") is a Connecticut corporation engaged in the insurance

11   business, with a statutory home office located at One Tower Square, Hartford,

12   Connecticut, 06183.  Standard Fire is authorized to transact business and has

13   transacted business in the state of California.

14         6.    Intervenor and Third Party Plaintiff Great American Insurance

15   Company of New York ("Great American"), as successor to American National

16   Fire Insurance Company, is a New York corporation engaged in the insurance

17   business with a statutory home office located at 301 East 4th Street, Cincinnati,

18   Ohio, 45202.  Great American is authorized to transact business and has transacted

19   business in the state of California.

20         7.    Intervenor and Third Party Plaintiff Century Indemnity Company

21   ("Century"), as successor to CCI Insurance Company, as successor to Insurance

22   Company of North America, is a Pennsylvania Corporation engaged in the

23   insurance business with a statutory home office located at 436 Walnut Street,

24   Philadelphia, Pennsylvania, 19106.  Century is authorized to transact business and

25   has transacted business in the state of California.

26         8.    On September 8, 2014, Plaintiffs filed their current Complaint

27   naming, amongst other parties, Defendant Goss-Jewett Company, Inc. ("Goss-

28   Jewett").  Goss-Jewett is a suspended corporation, and therefore may not appear or

THIRD-PARTY COMPLAINT

defend itself under California law, and, by extension, Federal Rule of Civil Procedure Rule 17(b)(2).

9.     Third-Party Plaintiffs are each insurance companies, or the successors to insurance companies that issued insurance policies that are alleged to cover Goss-Jewett's alleged liability in this action, and Third-Party Plaintiffs have agreed to provide a defense to Goss-Jewett subject to full and complete reservation of rights.

10.     On October 27, 2014, Third-Party Plaintiffs filed a Motion to Intervene to provide a defense to Goss-Jewett.  No oppositions were filed and on November 19, 2014 the Court granted the Motion to Intervene.

11.     Third-Party Plaintiffs intervened in this action in order to defend the claims asserted against Goss-Jewett by Plaintiffs, and, if necessary, by others.

12.     Third-Party Plaintiffs' defense of Goss-Jewett is subject to Third-Party Plaintiffs' complete reservation of rights to contest the existence of coverage under any of the insurance policies issued to Goss-Jewett.  In defending Goss-Jewett and intervening in this action, Third-Party Plaintiffs do not waive or intend to be estopped from raising any coverage defenses, limits and restrictions that may apply to claims for indemnity or defense under their respective policies, or that may apply under the law, equity, public policy or otherwise.  Third-Party Plaintiffs expressly reserve all rights, contractual and otherwise, to assert any and all terms, conditions, exclusions and/or limitations of their polices and/or all defenses to insurance coverage for the claims against Goss-Jewett and their intervention in this action is subject to their respective reservation of rights letters issued to Goss-Jewett and/or its representatives.

13.     By intervening, Third-Party Plaintiffs do not seek to expand the issues raised in this action to include any issues of whether insurance coverage exists with respect to claims asserted against Goss-Jewett, or the scope of said coverage. Third-Party Plaintiffs submit that any such insurance coverage issues or disputes

THIRD-PARTY COMPLAINT

would properly be addressed in separate litigation. Therefore, the scope of Third-Party Plaintiffs intervention is limited to contesting issues of legal liability and damages attributable to Goss-Jewett.

14.     On December 30, 2014, Third-Party Plaintiffs filed an answer in intervention to Plaintiffs' Complaint, on their own behalf, and on behalf of Goss-Jewett.

15.     Third-Party Plaintiffs are informed and believe, and thereon allege, that BETTY GOLDBERG, Deceased and AL GOLDBERG, Deceased (the "GOLDBERGS"), the estates of both which are Plaintiffs in this action, at all times mentioned herein, were residents of Huntington Beach, California, and, at all times mentioned herein, were the owners of certain property commonly described as 220 West Gutierrez Street, Santa Barbara, California ("the Property"). The Property, and areas alleged where environmental contamination has migrated are areas for which Plaintiffs seek relief (the "Site").

16.     Third-Party Plaintiffs are informed and believe, and thereon allege, that Third-Party Defendant PPG INDUSTRIES, INC. ("PPG") is a Pennsylvania corporation, with a statutory home office located at One PPG Place, Pittsburgh, Pennsylvania, 15222.  PPG is authorized to transact business and has transacted business in the state of California.

17.     Third-Party Plaintiffs are informed and believe, and thereon allege, that PPG is responsible for the design, construction, manufacture, and installation, maintenance and instructions (collectively "maintenance") of an above ground storage tank installed on the Property in 1969, including the storage tanks, tank hoses and nozzles, and cement slabs under aboveground storage tanks, and owned, operated, and actively managed and/or controlled for many years, the exact duration of which is currently unknown to Third-Party Plaintiffs, the tanker trucks and the delivery of products manufactured or distributed by PPG.

THIRD-PARTY COMPLAINT

18.     Third-Party Plaintiffs are further informed and believe, and thereon allege, that PPG has known, or reasonably should have known, continues to know, or reasonably should know that products manufactured or delivered by PPG may contain or become contaminants if released into the soil or groundwater.

19.     Third-Party Plaintiffs are further informed and believe, and thereon allege, that PPG has known, or reasonably should have known, continues to know, or reasonably should know that its design, construction, manufacture, installation, maintenance, control of, and deliveries to storage tanks, in an area where various persons and/or entities use products manufactured or delivered by PPG, may contain or become contaminants if released into the soil or groundwater.

20.     Third-Party Plaintiffs are informed and believe, and thereon allege, that PPG has known, or reasonably should have known, and continues to know, or reasonably should know, that storage tanks leaked, required maintenance was not provided by PPG, tanker truck  and storage tank hoses/nozzles spilled and did not shut off automatically, concrete slabs cracked, and PPG's design, construction, manufacture, installation, maintenance, and deliveries caused spills of products manufactured or delivered by PPG.

21.     Third-Party Plaintiffs are informed and believe, and thereon allege, that PPG, with the aforementioned knowledge and notice, failed to exercise due care, by failing to adequately design, construct, manufacture, and install, maintain, or control the concrete slab and above ground storage tanks, hoses and nozzles installed on the Property, by failing to adequately maintain or otherwise control the delivery of products manufactured or distributed by PPG, and by failing to take adequate precautions and preventative measures against the release of contaminants, including through cracks in cement, and failing to timely discovery and adequately contain and remedy contaminants released as a result of PPG's design, construction, manufacture, installation, maintenance, control, as well as ownership, operation, and active management of deliveries.

THIRD-PARTY COMPLAINT

22.     Third-Party Plaintiffs are further informed and believe, and thereon allege, that PPG has created, or permitted to be created, or disturbed and/or dispersed, or permitted to be distributed and/or dispersed, significant contamination at and near the Site, thereby creating an independent source of contamination  and/or a significant contributing source of contamination, which exacerbates the scope and severity of contaminations and increases the remediation costs for the Site and its surrounding contaminated areas.

23.     Third-Party Plaintiffs are informed and believe, and thereon allege, that Third-Party Defendant PACIFIC ENGINEERING ASSOCIATES, INC. ("PACIFIC") is a dissolved California corporation that provided environmental consulting and related services for potentially contaminated sites in California with a prior address of 2318 Skyway Drive, Santa Maria, California 93455. On information and belief, PACIFIC was the alter ego of its principal(s), and the corporate entity and principal(s) share a unity of interest such that a separate corporate personality does not exist; the corporation and its principal(s) form a single enterprise.  If the separate identity of the corporate entity is recognized, an inequitable or unjust result would follow.

24.     Clay Scott Bradfield was the President and Chief Executive Officer and shareholder of PACIFIC, and the supervising Registered Civil Engineer for PACIFIC, who exercised influence and substantial control over the operations of PACIFIC, and PACIFIC actions, failures to act, and negligence as alleged herein, including supervision of the drilling of well MW-1 set forth below.

25.     Third –Party Plaintiffs are informed and believe, and thereon allege, that in or before 1991, after Goss-Jewett vacated the Property, the GOLDBERGS sought to perform an environmental assessment of the Site. Third-Party Plaintiffs are further informed and believe, and thereon allege, that in mid to late 1991, the GOLDBERGS retained the service of PACIFIC to conduct an environmental assessment (the "Assessment") of the Site.  PACIFIC began the first of several

THIRD-PARTY COMPLAINT

stages of the Assessment in or around November 1991.  PACIFIC reported that there were varying degrees of contamination in the soil and groundwater at the Site.

26.     Third-Party Plaintiffs are informed and believe, and thereon allege, that PACIFIC was in charge of, planned, actively participated in, controlled, and conducted the Assessment of the Site under the direct and sloe authority of the GOLDBERGS. As part of its Assessment, PACIFIC installed seven wells to monitor groundwater contamination at the Site.  Third-Party Plaintiffs are further informed and believe, and thereon allege, that PACIFIC was in charge of, planned, actively participated in, controlled and conducted the drilling and installation of the monitoring wells.

27.     Third-Party Plaintiffs are informed and believe, and thereon allege, that the way in which PACIFIC screened monitoring well No. 1 ("MW-1") exacerbated the scope and severity of the groundwater contamination, thereby increasing the Site's remediation costs. Third-Party Plaintiffs are further informed and believe, and thereon allege, that PACIFIC drilled MW-1 to a depth of 35 feet, screening 30 feet of the well commencing 5 feet from the ground surface.  The screen length caused the well to act as a conduit.  PACIFIC'S screening of MW-1 caused perchloroethylene ("PCE") found in great concentration levels in the capillary fringe and shallow groundwater to flow downward, thus dispersing and distributing the more highly concentrated PCE deeper within the aquifer.  Third-Party Plaintiffs are further informed and believe, and thereon allege, that this transfer of highly concentrated PCE from the capillary fringe and shallow groundwater deeper into the aquifer is accelerated when the well is purged. A well is purged prior to sampling. Purging is the process of bringing fresh groundwater into the well casing for sample collection. When MW-1 is purged, PCE in the capillary fringe and shallow groundwater is drawn down through the soil and well screen and into the well, where it is dispersed and distributed deeper into the

8

THIRD-PARTY COMPLAINT

1   aquifer. Third-Party Plaintiffs are informed and believe, and thereon allege, that

2   PACIFIC has sampled the well on numerous occasions since the well was

3   installed, thereby further distributing the PCE deeper into the aquifer on each

4   occasion.

5        28.    Third-Party Plaintiffs are informed and believe, and thereon allege,

6   that based on the test data, the well is installed in or adjacent to soil containing free

7   phase PCE (pure PCE).  Plaintiffs are informed and believe, that thereon allege that

8   free phase PCE has been transported deeper within the aquifer as a result of well

9   purging.

10        29.    Third-Party Plaintiffs are informed and believe, and thereon allege,

11   that by screening and positioning the well in this manner, PACIFIC has caused the

12   more highly concentrated PCE in the capillary fringe and shallow groundwater to

13   be dispersed and distributed deeper within the aquifer. Third-Party Plaintiffs are

14   informed and believe, and thereon allege, that this redistribution of the PCE has

15   had the effect of exacerbating the scope and severity of the contamination at the

16   Site, as well as increasing the cost of remediating the Site.

17                    FIRST CLAIM FOR RELIEF

18                 (Cost Recovery Under CERCLA §107 (a))

19        30.    Third-Party Plaintiffs reallege and incorporate by reference

20   paragraphs 1-29 above as though fully set forth herein.

21        31.    Third-Party Plaintiffs are informed and believe, and thereon allege,

22   that PPG and/or PACIFIC are liable or potentially liable under CERCLA section

23   107(a) in that it is a person who:

24             a.    at the time of the alleged disposal of alleged hazardous

25                    substances, operated a facility at which such hazardous

26                    substance were disposed of, which disposal has caused, and

27                    continues to cause, the incurrence of alleged response costs;

28                    and/or

9

THIRD-PARTY COMPLAINT

b. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transport for the transport for disposal or treatment, of hazardous substances owned or possessed by it or by any other party or entity, at a facility not owned by it and containing such alleged hazardous substances, which disposal has caused, and continues to cause, the incurrence of alleged response costs; and/or

c. accepted alleged hazardous substance for transport to a disposal or treatment facility or site that it selected and from which there have been releases of such hazardous substances which have caused, and continue to cause, the incurrence of alleged response costs.

32. PPG and PACIFIC are jointly and severally liable, pursuant to CERCLA § 107(a), for all necessary response costs, consistent with the National Contingency Plan ("NCP") incurred or to be incurred by Third –Party Plaintiffs in connection with response actions at the Site, including, but not limited to, all costs incurred to assess, characterize, remove and remediate hazardous substances at the Site, including attorney's fees.

33. Third-Party Plaintiffs have incurred and will continue to incur necessary response costs consistent with the NCP with respect to the Site and interest thereon, including, but not limited to, all costs incurred to assess, characterize, remove and remediate hazardous substances at the Site, including attorneys' fees.

<u>SECOND CLAIM FOR RELIEF</u>

(Contribution Pursuant to CERCLA Sections 107(a) and 113(f))

34. Third-Party Plaintiffs reallege and incorporate by reference paragraphs 1-33 above as though fully set forth herein.

/ / /

10

THIRD-PARTY COMPLAINT

35.     While denying the allegations of Plaintiffs' complaint, and denying any liability for the alleged contamination of the Site, Third-Party Plaintiffs are informed and believe, and thereon allege, that if Plaintiffs are awarded judgment against Goss-Jewett, or if any or all of the Third–Party Plaintiffs reach a settlement with Plaintiffs, or if any liability or future liability is otherwise imposed on Goss-Jewett, such a recovery, or such liability, is based or would be based, in whole or in part, on the grounds that PPG and/or PACIFIC engaged in negligent or culpable acts or omissions which proximately and directly caused or contributed to the alleged contamination of the Site, thereby causing or contributing to Plaintiffs' alleged damages and response costs.

36.     By reason of the foregoing, as between Goss-Jewett and PPG and/or PACIFIC, responsibility for response costs and other costs and liability incurred or to be incurred as a result of the allegations in the complaint rests primarily, if not exclusively, on PPG and/or PACIFIC as of result of its actions and omissions as alleged herein. Third-Party Plaintiffs, on behalf of Goss-Jewett, are therefore entitled, pursuant to CERCLA sections 107(a) and 113(f), to contribution from PPG and/or PACIFIC for response costs and other costs and liability incurred as a result of the allegations of the complaint.

<u>THIRD CLAIM FOR RELIEF</u>

(Equitable Comparative Indemnity and Contribution)

37.     Third-Party Plaintiffs reallege and incorporate by reference paragraphs 1-36 above as though fully set forth herein.

38.     While denying the allegations of Plaintiffs' complaint, and denying any liability for the alleged contamination of the Site, Third-Party Plaintiffs are informed and believe, and thereon allege, that if Plaintiffs are awarded judgment against Goss-Jewett, or if any or all of the Third–Party Plaintiffs reach a settlement with Plaintiffs, or if any liability or future liability is otherwise imposed on Goss-Jewett, such a recovery, or such liability, is based or would be based, in whole or

11

in part, on the grounds that PPG and/or PACIFIC engaged in negligent or culpable acts or omissions which proximately and directly caused or contributed to the alleged contamination of the Site, thereby causing or contributing to Plaintiffs' alleged damages and response costs.

39.     By reason of the foregoing, Third-Party Plaintiffs, on behalf of Goss-Jewett, are entitled to equitable comparative indemnity and contribution from PPG and/or PACIFIC based on an equitable apportionment of liability on a comparative basis for all damages, response costs, cleanup costs, expenditures, judgment, or any other costs or liability incurred or to be incurred as a result of the allegations in the Plaintiffs' complaint, including, but not limited to, any attorneys' fees, legal expenses, court costs and other expenses incurred to be incurred in defending against Plaintiffs' claims.

<u>FOURTH CLAIM FOR RELIEF</u>

(Declaratory Relief)

40.     Third-Party Plaintiffs reallege and incorporate by reference paragraph 1 through 39 as though fully set forth herein.

41.     Ac actual controversy of a justiciable nature has arisen and now exists between Third-Party Plaintiffs and PPG and PACIFIC, in that Third –Party Plaintiffs contend, and PPG and PACIFIC denies, among other, that:

     a.     PPG and PACIFIC are partly or wholly liable for any alleged damage to the Site, groundwater, or surrounding properties, or any other damage, caused by or resulting from the alleged disposal of alleged hazardous substances at the Site;

     b.     PPG and PACIFIC are liable to Third-Party Plaintiffs for all response costs and other costs and liability incurred or to be incurred as a result of the allegations of Plaintiffs' complaint;

     c.     PPG and PACIFIC are partly or wholly liable under CERCLA for any response costs and other costs and liability incurred or

12

THIRD-PARTY COMPLAINT

1                     to be incurred as a result of the allegations of Plaintiffs'

2                     complaint.

3           42.     A judicial determination of the present and future rights and

4 obligations of Goss-Jewett and PPG and PACIFIC, and each of them, is necessary

5 and appropriate at this time in order that the parties may determine their respective

6 rights and obligations, and thus Third-Party Plaintiffs request such a determination

7 to be made as authorized by common law, equity, and the laws of the United

8 States, including, but not limited to, CERCLA section 113(g).

9          WHEREFORE, Third-Party Plaintiffs pray that judgment be entered for

10 Third-Party Plaintiffs, on behalf of Goss-Jewett, and against PPG and PACIFIC, as

11 follows:

12          1.     With respect to the first claim for relief, for damages according to

13 proof;

14          2.     With respect to the first, second, and third claims for relief, that if

15 Goss-Jewett is found liable for response costs under CERCLA to any extent, or if

16 Third-Party Plaintiffs, or any of them, reach a settlement with Plaintiffs related

17 thereto, that judgment be entered against PPG and PACIFIC so that Third-Party

18 Plaintiffs, on behalf of Goss-Jewett, will receive indemnity and/or contribution

19 from PPG and/or PACIFIC using such equitable factors as the court determines are

20 appropriate to fairly allocate response costs among the liable parties;

21          3.     With respect to the first, second, and third claims for relief, that if

22 Goss-Jewett is found liable to Plaintiffs, or if Third-Party Plaintiffs, or any of

23 them, reach a settlement with Plaintiffs, then judgment be entered against PPG

24 and/or PACIFIC in an amount equal to an equitable apportionment of Plaintiff's

25 damages or recovery on a comparative basis, so that Third-Party Plaintiffs, on

26 behalf of Goss-Jewett, will receive complete or partial indemnification for the

27 percentage of Plaintiffs' judgment or settlement which is proportionate to the

28 comparative fault or liability of PPG and PACIFIC;

THIRD-PARTY COMPLAINT

4.      With response to the fourth claim for relieve, for judicial determination as follows:

        a.      That PPG and PACIFIC is obligated to reimburse and indemnify Third-Party Plaintiffs, and each of them, in whole or in part, for PPG and PACIFIC's comparative fault, and the resulting damages to the Site and costs or response;

        b.      That PPG and PACIFIC is liable for all or part of any future damages to the Site and response costs for the Site.

5.      For prejudgment interest according to proof;

6.      For cost of suit incurred herein;

7.      For reasonable attorneys' fees as provided for under the laws of the United States; and

8.      For such other and further relief as the court may deem just and proper.


DATED:  January 13, 2015        DONGELL LAWRENCE FINNEY LLP


By: */s/ Matthew Clark Bures*
    Matthew Clark Bures
    Benjamin L. Caplan
Attorneys for Third-Party Plaintiffs and
Intervenors Vigilant Insurance Company,
The Standard Fire Insurance Company,
Great American Insurance Company of New
York, as successor to American National
Fire Insurance Company, and Century
Indemnity Company, as successor to CCI
Insurance Company, as successor to
Insurance Company of North America

14

THIRD-PARTY COMPLAINT

## PROOF OF SERVICE VIA ECF FILE & SERVE

I, Sheryl R. Douglas declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609.  On the date set forth below, I served a copy of the foregoing document, described as follows:

**VIGILANT INSURANCE COMPANY; THE STANDARD FIRE INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, AS SUCCESSOR TO AMERICAN NATIONAL FIRE INSURANCE COMPANY; and CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA'S THIRD-PARTY COMPLAINT AGAINST PACIFIC ENGINEERING ASSOCIATES, INC., CLAY SCOTT BRADFIELD AND PPG INDUSTRIES, INC.**

By:   [X]      Filing and serving directly through ECF/Pacer at the USDC – Central District of California website at: https://ecf.cand.uscourts.gov.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on January 13, 2015, in Los Angeles, California.

By:  */s/ Sheryl R. Douglas*
Sheryl R. Douglas

1414-058/99493

15
THIRD-PARTY COMPLAINT