JOSEPH B. ADAMS, ESQ. (SBN 194964)
jadams@behblaw.com
FARHEENA A. HABIB (SBN 243405)
fhabib@behblaw.com
ERIN K. POPPLER, ESQ. (SBN 267724)
epoppler@behblaw.com
SEAN G. HERMAN, ESQ. (SBN 302261)
sherman@behblaw.com
BASSI, EDLIN, HUIE & BLUM LLP
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone:  (415) 397-9006
Facsimile:  (415) 397-1339

Attorney for Defendant, Counterclaimant and Third-Party Plaintiff
ESTATE OF TERRY J. GEORGE a/k/a TERRY GEORGE, Deceased

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BETTY GOLDBERG, Deceased and ESTATE OF AL GOLDBERG, Deceased, by and through their successor in interest, Daniel Rubin,<br><br>Plaintiffs,<br><br>v.<br><br>GOSS-JEWETT COMPANY, INC., et al. ,<br><br>Defendants, | Case No. 5:14-cv-01872-DSF (SHx)<br><br>**THE ESTATE OF TERRENCE J. GEORGE a/k/a TERRY GEORGE, DECEASED'S THIRD-PARTY COMPLAINT AGAINST PPG INDUSTRIES, INC., ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, and WANDA L. BAKER** |
| ESTATE OF TERRENCE J. GEORGE a/k/a TERRY GEORGE, Deceased,<br><br>Third-Party Plaintiff<br><br>v.<br><br>PPG INDUSTRIES, INC., ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, and WANDA L. BAKER,<br><br>Third-Party Defendants. | COMPLAINT FILED:   09/08/2014<br>TRIAL DATE:             09/13/2016 |

1261985

1

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

Defendant, Counterclaimant and Third-Party Plaintiff, ESTATE OF TERRENCE J. GEORGE a/k/a TERRY GEORGE, Deceased ("TERRY GEORGE"), pursuant to Rule 14 of the Federal Rules of Civil Procedure, states its claims against Third-Party Defendants PPG INDUSTRIES, INC. ("PPG"), ST. PAUL DRY & LAUNDRY, INC. ("ST. PAUL"), FLOYD R. BAKER and WANDA L. BAKER (Floyd and Wanda Baker collectively "BAKERS"), as follows:

## PARTIES

1. Third-Party Plaintiff TERRY GEORGE was an officer, director, and shareholder of Tri-County Sales, Inc., a California corporation, and was a resident of the State of California.

2. Third-Party Defendant PPG is, upon information and belief, a Pennsylvania corporation authorized to and does in fact transact business within the State of California.

3. Third-Party Defendant ST. PAUL is, upon information and belief, a California corporation with a primary place of business located at 407 Bath Street, Santa Barbara, California ("407 BATH STREET"), and is authorized to and does in fact transact business within the State of California.

4. Third-Party Defendant FLOYD BAKER is, upon information and belief, a resident of the State of California and former owner and operator of Tri-County Sales, Inc., a business formerly located at 220 W. Gutierrez Street, Santa Barbara, California (the "PROPERTY").

5. Third-Party Defendant WANDA BAKER is, upon information and belief, a resident of the State of California and former owner and operator of Tri-County Sales, Inc., a business which leased and was formerly located at the PROPERTY.

1261985

2

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

## JURISDICTION

6. Jurisdiction over TERRY GEORGE's third-party claims is based on 28 U.S.C. § 1331 and on 42 U.S.C. § 9613(b). These claims are brought under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, et seq. ("CERCLA"), and arising out of contamination at and emanating from the PROPERTY. Jurisdiction of state law claims is based on 28 U.S.C. § 1367(a). These state law claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b) as the alleged acts and omissions relate to "hazardous substances" in the environment and emanating to and from the PROPERTY, which is situated within this District.

## DESCRIPTION OF ACTION

8. On September 8, 2014, PLAINTIFFS ESTATE OF BETTY GOLDBERG and ESTATE OF AL GOLDBERG ("PLAINTIFFS") filed in the United States District Court for the Central District of California, Case No. 5:14-cv-01872, a Complaint against several defendants seeking recovery of costs and damages, pursuant to CERCLA, 42 U.S.C. §§ 9607 and 9613, and the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a), and various state law claims ("COMPLAINT"). A true and correct copy of the COMPLAINT is attached hereto as Exhibit A.

9. Without admitting any of the allegations contained in PLAINTIFFS' COMPLAINT except as set forth in TERRY GEORGE's Answer, TERRY GEORGE incorporates herein the PLAINTIFFS' COMPLAINT for the sole purpose of setting forth the PLAINTIFFS' allegations to which the claims in this Third-Party Complaint relate.

1261985

3

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

10. TERRY GEORGE denies he is liable to PLAINTIFFS and denies that PLAINTIFFS are entitled to any relief against TERRY GEORGE as requested or otherwise.

11. TERRY GEORGE's third-party claims are being filed and served in accordance with Rule 14 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

12. PLAINTIFFS allege in their COMPLAINT that TERRY GEORGE, among other responsible parties, caused or contributed to the existence of perchlorethylene or tetrachloroethylene and related byproducts (e.g. trichloroethylene) (hereinafter collectively referred to as "PCE") at the PROPERTY as well as the areas to which the contamination has migrated ("SITE") through past or present handling, storage, treatment, transportation, generation, release, or disposal of "hazardous substances" in the soil, land, subsurface strata, air, vapor, groundwater, surface water, and other the waters of the State of California.

13. Beginning in or around March 1968, the BAKERS leased the PROPERTY from PLAINTIFFS for the purpose of operating Tri-County Sales, Inc., a business which sold supplies, including PCE, to dry-cleaning and laundry institutions.

14. The BAKERS operated Tri-County Sales, Inc. until or about September 1968, when the BAKERS sold their interest in Tri-County Sales, Inc.

15. During the term of BAKERS' lease and/or operation of Tri-County Sales, Inc. at the PROPERTY, PPG delivered to the PROPERTY 55-gallon drums of PCE.

16. During the BAKERS' operation of Tri-County Sales, Inc., upon information and belief, PCE was spilled when removed from the 55-gallon drum containers for delivery to Tri-County Sales, Inc. customers.

1261985

4

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

17. In or around 1969, PPG assisted Tri-County Sales, Inc. in obtaining a permit for the installation of a 5,000 gallon aboveground storage tank.

18. In or around 1969, PPG designed, constructed, manufactured and installed at the PROPERTY a 5,000 gallon aboveground storage tank owned by PPG for the purpose of storing PCE.

19. Beginning in or around 1969, PPG and/or PPG's agents transported and delivered PCE to the PROPERTY by hooking a hose connected to a PPG transport truck to the 5,000 gallon aboveground storage tank. When completed and before loading the hose on to the PPG transport truck, PPG and/or PPG's agents would clean the hose out of any remaining PCE by directing the hose into the sewer line located on or near W. Gutierrez Street.

20. Upon information and belief, PPG and/or PPG's agents transported and delivered PCE to PPG's 5,000 gallon aboveground storage tank located at the PROPERTY approximately once a month from 1969 until or about 1991.

21. As alleged in PLAINTIFFS' COMPLAINT, the 5,000 gallon aboveground storage tank was improperly installed as its weight caused the concrete slab underneath to crack and cave-in, allowing PCE to penetrate the concrete and enter the environment.

22. ST. PAUL previously operated and/or continues to operate a wholesale laundry business located south-west and up-gradient of the PROPERTY, at a location more specifically known as 407 BATH STREET.

23. At 407 BATH STREET, ST. PAUL stores and/or previously stored PCE in storage tanks for the purpose of operating dry cleaning machines which hold approximately 100 gallons of PCE. Used PCE from the dry cleaning activities at 407 BATH STREET were stored in "perc waste drums" outside and were routinely picked up for disposal.

1261985

5

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

24. Upon information and belief, ST. PAUL's operations and activities at 407 BATH STREET caused PCE from its storage tanks and/or perc waste drums to enter the environment and migrate down-gradient to the PROPERTY and/or SITE.

25. Upon information and belief, ST. PAUL disposed at 407 BATH STREET of PCE wastes in solid and liquid forms generated at 407 BATH STREET in the dry cleaning and distillation processes. Said PCE wastes were disposed of directly onto ground and floors of property and into the sewers, sumps, drains and other plumbing fixtures at or near 407 BATH STREET, thereby causing damage to soils and groundwater.

26. PLAINTIFFS allege in their COMPLAINT that PLAINTIFFS have undertaken environmental investigations at the SITE which have or may result in costs and/or damages related to removal and/or remediation.

27. As a result of PLAINTIFFS' investigations and/or remediation activities at the SITE, TERRY GEORGE may incur costs for which the BAKERS, PPG and/or ST. PAUL are otherwise jointly and severally liable.

### FIRST CLAIM FOR RELIEF AGAINST ALL THIRD-PARTY DEFENDANTS
### (Liability for Contribution Pursuant to CERCLA, 42 U.S.C. § 9613)

28. TERRY GEORGE refers to and incorporates herein by reference Paragraphs 1 through 27 of the third-party claims as though fully set forth herein.

29. TERRY GEORGE has been sued, among other claims, under CERCLA § 107(a), 42 U.S.C. § 9607(a) and § 113(f), 42 U.S.C. § 9613(f), by PLAINTIFFS in the underlying action. TERRY GEORGE is entitled to and hereby does allege a claim for contribution against PPG, ST. PAUL, and the BAKERS, under CERCLA § 113(f), 42 U.S.C. § 9613(f).

30. As set forth in TERRY GEORGE'S previously filed Answer to PLAINTIFFS' COMPLAINT, TERRY GEORGE denies that PLAINTIFFS have any valid claims in the underlying action. However, in the event TERRY

1261985

6

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

GEORGE is found to be jointly and severally liable, TERRY GEORGE alleges that such liability is entirely or partially the result of PPG, ST. PAUL, and the BAKERS activities at the PROPERTY and/or at 407 BATH STREET. Accordingly, TERRY GEORGE is entitled to contribution from PPG, ST. PAUL, and the BAKERS pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), for PLAINTIFFS' response costs recovered from TERRY GEORGE in the underlying action.

31. Section 113(f)(1) of CERCLA provides in pertinent part that "[a]ny person may seek contribution from any other person who is liable or potentially liable under section 107(a), during or following any civil action under section 106 or under section 107(a)." 42 U.S.C. § 9613(f)(1).

32. The BAKERS and PPG are each a "person" as that term is defined by 42 U.S.C. § 9601(21).

33. The actions taken by the BAKERS and PPG at the PROPERTY led to the "release" or "threatened release," as defined by 42 U.S.C. § 9601(22), of "hazardous substances" to the soil, groundwater, and/or any other media underlying the PROPERTY and/or SITE. Specifically, the BAKERS and PPG's handling of "hazardous substances" at the PROPERTY and/or SITE led to the spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing of "hazardous substances" into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any "hazardous substance").

34. PLAINTIFFS allege in their COMPLAINT that the "hazardous substance" allegedly "released" was PCE, a "hazardous substance" as defined by 42 U.S.C. § 9601(14). If PLAINTIFFS allegations are true, then the references to "hazardous substances" in this Third-Party Complaint include, but are not limited to, PCE.

1261985

7

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

35. PLAINTIFFS allege in their COMPLAINT that the SITE is a "facility," as defined by 42 U.S.C. § 9601(9). If PLAINTIFFS allegations are true, then the SITE is a "facility" as defined by 42 U.S.C. § 9601(9).

36. The BAKERS were each an "owner and operator," as defined by 42 U.S.C. § 9601(20), of the PROPERTY and that "hazardous substances" were deposited, stored, disposed of, or placed, or otherwise came to be located at the PROPERTY during the BAKERS' lease and/or operation of the PROPERTY, and are each liable for costs and damages to TERRY GEORGE under 42 U.S.C. § 9607(a).

37. PPG was an "owner and operator," as defined by 42 U.S.C. § 9601(20), of the 5,000 gallon aboveground storage tank located at the PROPERTY and that "hazardous substances" were deposited, stored, disposed of, or placed, or otherwise come to be located at the PROPERTY during PPG's ownership of the 5,000 gallon aboveground storage tank while located at the PROPERTY, and is liable for costs and damages to TERRY GEORGE under 42 U.S.C. § 9607(a).

38. PPG also by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of "hazardous substances" at the PROPERTY and/or SITE, and is liable for costs and damages to TERRY GEORGE under 42 U.S.C. § 9607(a).

39. PPG also accepted "hazardous substances" for transporting and disposal at the PROPERTY and/or SITE, from which there was a "release" or a "threatened release" of "hazardous substances" at the PROPERTY and/or SITE, and is therefore liable for costs and damages to TERRY GEORGE under 42 U.S.C. § 9607(a).

40. A "release," as defined by 42 U.S.C. § 9601(22), of "hazardous substances" to the soil, groundwater, and/or any other media occurred at 407 BATH STREET. Specifically, ST. PAUL's handling of "hazardous substances" at 407 BATH STREET led to the spilling, leaking, pumping, pouring, emitting,

1261985

8

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

Case 5:14-cv-01872-DSF-AFM   Document 89   Filed 03/20/15   Page 9 of 16   Page ID #:1374

emptying, discharging, injecting, escaping, leaching, dumping, or disposing of "hazardous substances" into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any "hazardous substance").  After the "release" of the "hazardous substances" at 407 BATH STREET, the "hazardous substances," on information and belief, migrated down-gradient to the SITE.

41.  The property located at 407 BATH STREET, as a site or area where "hazardous substances," as defined by 42 U.S.C. §9601(14), were deposited, stored, disposed of, and/or placed, or otherwise came to be located, is a "facility," as defined by 42 U.S.C. § 9601(9).

42.  ST. PAUL is a "person" as that term is defined by 42 U.S.C. § 9601(21).

43.  ST. PAUL is and/or was an "owner and operator," as defined by 42 U.S.C. § 9601(20), of 407 BATH STREET, the "facility" whereby "hazardous substances" were deposited, stored, disposed of, or placed, or otherwise come to be located, and from where the "hazardous substances" migrated down-gradient to the SITE during and/or after ST. PAUL's ownership of 407 BATH STREET, and ST. PAUL is therefore liable for costs and damages to TERRY GEORGE under 42 U.S.C. § 9607(a).

44.  To the extent any party has incurred recoverable response costs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), and asserts liability for some or all of those costs against TERRY GEORGE pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), or asserts a contribution claim against TERRY GEORGE for such costs incurred by another party pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), TERRY GEORGE is entitled to one-hundred percent (100%) contribution, or contribution in such other percentage as this Court deems appropriate, pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), from the BAKERS, PPG and/or ST. PAUL, jointly and severally.

1261985

9

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

## SECOND CLAIM FOR RELIEF AGAINST ALL THIRD-PARTY DEFENDANTS
### (Equitable Indemnification)

45. TERRY GEORGE refers to and incorporates herein by reference Paragraphs 1 through 44 of the third-party claims as though fully set forth herein.

46. Though TERRY GEORGE did not contribute any portion of the alleged contamination at the PROPERTY and/or SITE as alleged in PLAINTIFFS' COMPLAINT, TERRY GEORGE may nonetheless be held liable for the costs and damages, if any, incurred by PLAINTIFFS in their investigation and/or remediation of the SITE.

47. The BAKERS, PPG and ST. PAUL each engaged in activities which led to and/or contributed to the contamination currently located at the SITE.

48. TERRY GEORGE is therefore entitled to equitable relief from the BAKERS, PPG and ST. PAUL, jointly and severally, to indemnify TERRY GEORGE for any and all costs which TERRY GEORGE may incur resulting from the BAKERS, PPG, and ST. PAUL's respective contribution to "release" of "hazardous substances" into the environment. Such costs may include, without limitation, costs or damages awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and costs of litigation including attorneys' fees, court costs and expert witness fees.

## THIRD CLAIM FOR RELIEF AGAINST ALL THIRD-PARTY DEFENDANTS
### (Declaratory Relief Under Federal Law)

49. TERRY GEORGE refers to and incorporates herein by reference Paragraphs 1 through 48 of the third-party claims as though fully set forth herein.

50. The BAKERS, PPG, and ST. PAUL are responsible, jointly and severally, for all legal liability, pursuant to 42 U.S.C. § 9613(g)(2), which has or may in the future be asserted by any entity or individual against TERRY GEORGE

1261985

10

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

and which arises from or relates to the BAKERS, PPG, and ST. PAUL's respective contamination of the PROPERTY and/or SITE.

51. TERRY GEORGE is entitled to, and hereby seeks, a judicial determination, pursuant to 28 U.S.C. § 2201, of TERRY GEORGE's right to reimbursement from and indemnification by the BAKERS, PPG, and ST. PAUL, jointly and severally, for all costs which TERRY GEORGE may incur resulting from the BAKERS, PPG, and ST. PAUL's respective contribution to any "release" of "hazardous substances" into the environment. Such costs may include, without limitation, costs or damages awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and costs of litigation including attorneys' fees, court costs and expert witness fees.

## FOURTH CLAIM FOR RELIEF AGAINST ALL THIRD-PARTY DEFENDANTS
### (Declaratory Relief Under State Law)

52. TERRY GEORGE refers to and incorporates herein by reference Paragraphs 1 through 51 of the third-party claims as though fully set forth herein.

53. The BAKERS, PPG, and ST. PAUL are responsible, jointly and severally, for all legal liability, whether arising from federal or state statutory or common law, which has or may in the future be asserted by any entity or individual against TERRY GEORGE and which arises from or relates to the BAKERS, PPG, and ST. PAUL's respective contamination of the PROPERTY and/or SITE.

54. TERRY GEORGE is therefore entitled to a judicial declaration, under Cal. Civ. Proc. Code § 1060, that the BAKERS, PPG, and ST. PAUL, jointly and severally, are liable to indemnify TERRY GEORGE for all costs which TERRY GEORGE may incur resulting from the BAKERS, PPG, and ST. PAUL's respective contributions to any "release" of "hazardous substances" into the environment. Such costs may include, without limitation, costs or damages

1261985

11

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and costs of litigation including attorneys' fees, court costs and expert witness fees.

### FIFTH CLAIM FOR RELIEF AGAINST ALL THIRD-PARTY DEFENDANTS
### (Contribution)

55. TERRY GEORGE refers to and incorporates herein by reference Paragraphs 1 through 54 of the third-party claims as though fully set forth herein.

56. Though TERRY GEORGE did not contribute any portion of the alleged contamination at the PROPERTY and/or SITE as alleged in PLAINTIFFS' COMPLAINT, TERRY GEORGE may nonetheless be held liable for the costs and damages, if any, incurred by PLAINTIFFS and/or any other parties in their respective investigation and/or remediation of the SITE.

57. To the extent the BAKERS, PPG, and ST. PAUL each contributed to any contamination located at the SITE and which resulted or may result in any costs or damages, the BAKERS, PPG, and ST. PAUL each, jointly and severally, are liable to TERRY GEORGE for such damages and costs which may include, without limitation, costs or damages awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and costs of litigation including attorneys' fees, court costs and expert witness fees.

### SIXTH CLAIM FOR RELIEF AGAINST PPG AND ST. PAUL ONLY
### (Negligence)

58. TERRY GEORGE refers to and incorporates herein by reference Paragraphs 1 through 57 of the third-party claims as though fully set forth herein.

59. PPG owed a duty of care to TERRY GEORGE when designing, constructing, manufacturing, and/or installing at the PROPERTY the 5,000 gallon aboveground storage tank.

1261985

12

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

60. PPG further owed a duty of care to TERRY GEORGE to adequately maintain the 5,000 gallon aboveground storage tank.

61. PPG further owed a duty of care to TERRY GEORGE to not dispose of, release, or otherwise contaminate the PROPERTY while transporting to and/or delivering PCE to the PROPERTY.

62. PPG breached its duty owed to TERRY GEORGE by failing to construct, manufacture, and/or install the aboveground storage tank in an appropriate manner so as to prevent any leak and/or spill of "hazardous substances" contained in the aboveground tank to the environment. It is foreseeable that PPG's faulty construction, manufacturing, and/or installation of the aboveground storage tank would leak and/or spill "hazardous substances" contained in the aboveground tank to the environment.

63. PPG also breached its duty owed to TERRY GEORGE by failing to maintain the aboveground storage tank in such a manner which prevented any leak and/or spill of "hazardous substances" contained in the aboveground tank to the environment. It is foreseeable that PPG's failure to maintain its aboveground storage tank would result in a leak and/or spill of "hazardous substances" contained in the aboveground tank to the environment.

64. ST. PAUL, as an up-gradient property owner, owed a duty of care to TERRY GEORGE, a down-gradient business owner, when operating, maintaining, and otherwise handling "hazardous substances" at 407 BATH STREET.

65. ST. PAUL breached its duty owed to TERRY GEORGE by failing to operate, maintain, and otherwise handle "hazardous substances" with due care so as to prevent the migration of the "hazardous substances" to down-gradient properties. It is foreseeable that ST. PAUL's failure to properly operate, maintain, and otherwise handle "hazardous substances" in an appropriate manner at up-gradient 407 BATH STREET would result in the contamination of the down-gradient PROPERTY and/or SITE.

1261985

13

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

66. PPG and ST. PAUL's negligent acts and omissions actually caused the contamination or worsening of the contamination located at the PROPERTY and/or SITE.

67. PPG and ST. PAUL's negligent acts and omission have or will exacerbate and increase the cost of remediating said contamination, such that PPG and ST. PAUL each, jointly and severally, is liable to TERRY GEORGE for such damages and costs which may include, without limitation, costs or damages awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and costs of litigation including attorneys' fees, court costs and expert witness fees.

## **PRAYER**

WHEREFORE, TERRY GEORGE prays as follows:

1. For contribution under CERCLA section 113(f), 42 U.S.C. § 9613(f), from the BAKERS, PPG and ST. PAUL, if TERRY GEORGE is found liable under CERCLA;

2. For recovery from the BAKERS, PPG and ST. PAUL for all response costs that will be incurred by TERRY GEORGE in response to the release and threatened release of "hazardous substances" at the PROPERTY and/or SITE and in the enforcement of CERCLA's statutory liability scheme, according to proof at trial;

3. For a declaration that the BAKERS, PPG and ST. PAUL are obligated, jointly and severally, to pay to TERRY GEORGE all future response costs and any other costs incurred by TERRY GEORGE hereafter in response, removal or remediation efforts incurred;

4. For incidental and consequential damages according to proof;

5. For pre-judgment interest at the legal rate;

6. For all costs of suit incurred herein;

1261985

14

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

7. For injunctive relief, as appropriate;

8. For such other and further relief as this Court deems just and proper.

Date:  March 20, 2015                    BASSI, EDLIN, HUIE & BLUM LLP


By: /s/ Farheena Habib
FARHEENA A. HABIB
Attorneys for Defendant, Counterclaimant and Third Party Plaintiff ESTATE OF TERRENCE J. GEORGE a/k/a TERRY GEORGE, DECEASED

1261985

15

THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER

Re: **Estate of Betty Goldberg, et al. v. Goss Jewett Company, Inc., et al.**
United States District Court, Central District Case No. 5:14-cv-01872-DSF-SH

**PROOF OF SERVICE – ELECTRONIC TRANSMISSION**

STATE OF CALIFORNIA/COUNTY OF San Francisco

I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, EDLIN, HUIE & BLUM LLP, 500 Washington Street, Suite 700, San Francisco, California 94111.

On the date executed below, I electronically served the document via USDC EDCA website, described below, on the recipients designated on the Transaction Receipt located on the USDC EDCA website.

**THE ESTATE OF TERRENCE J. GEORGE a/k/a TERRY GEORGE, DECEASED'S THIRD-PARTY COMPLAINT AGAINST PPG INDUSTRIES, INC., ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, and WANDA L. BAKER**

On the following parties:

PLEASE SEE SERVICE LIST PROVIDED BY USDC EDCA WEBSITE

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on March 20, 2015, at San Francisco, California.

_____
AUBREY BUDGE

1265617

16

THIRD PARTY COMPLAINT BY ESTATE OF TERRY GEORGE DECEASED AGAINST PPG INDUSTRIES, INC., ST. PAUL DRY & LAUNDRY, INC., FLOYD R. BAKER, AND WANDA L. BAKER