1  JOSEPH B. ADAMS, ESQ. (SBN 194964)
   jadams@behblaw.com
2  FARHEENA A. HABIB (SBN 243405)
   fhabib@behblaw.com
3  SEAN G. HERMAN, ESQ. (SBN 302261)
   sherman@behblaw.com
4  BASSI, EDLIN, HUIE & BLUM LLP
   500 Washington Street, Suite 700
5  San Francisco, CA 94111
   Telephone:  (415) 397-9006
6  Facsimile:   (415) 397-1339

7  Attorney for Defendant, Counterclaimant and Third-Party Plaintiff
   ESTATE OF TERRENCE J. GEORGE a/k/a TERRY GEORGE, Deceased

8

9                      UNITED STATES DISTRICT COURT

                      CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  ESTATE OF BETTY GOLDBERG, Deceased and ESTATE OF AL GOLDBERG, Deceased, by and through their successor in interest, Daniel Rubin,<br><br>Plaintiffs,<br><br>v.<br><br>GOSS-JEWETT COMPANY, INC., et al.,<br><br>Defendants, | Case No. 5:14-cv-01872-DSF (SHx)<br><br>**THE ESTATE OF TERRENCE J. GEORGE a/k/a TERRY GEORGE, DECEASED'S FIRST AMENDED THIRD-PARTY COMPLAINT AGAINST PPG INDUSTRIES, INC., ST. PAUL DRY & LAUNDRY, INC., ST. PAUL CLEANERS & LAUNDRY, INC., FLOYD R. BAKER, WANDA L. BAKER, CALIFORNIA DEPARTMENT OF TRANSPORTATION, COIT SERVICES, INC., and DOES 1-10** |
| ESTATE OF TERRENCE J. GEORGE a/k/a TERRY GEORGE, Deceased,<br><br>Third-Party Plaintiff<br><br>v.<br><br>PPG INDUSTRIES, INC., ST. PAUL DRY & LAUNDRY, INC., ST. PAUL CLEANERS & LAUNDRY, INC., FLOYD R. BAKER, WANDA L. BAKER, CALIFORNIA DEPARTMENT OF TRANSPORTATION, COIT SERVICES, INC., and DOES 1-10, inclusive,<br><br>Third-Party Defendants. | JUDGE:             Hon. Dale S. Fischer<br>PLS.' COMP. FILED:      09/08/2014<br>COUNTERCL. FILED:      03/09/2015<br>3PC FILED:            03/20/2015<br>TRIAL DATE:           09/13/2016 |

1261985

1

Defendant, Counterclaimant and Third-Party Plaintiff, <u>ESTATE OF TERRENCE J. GEORGE a/k/a TERRY GEORGE</u>, Deceased ("TERRY GEORGE"), pursuant to Rule 14 of the Federal Rules of Civil Procedure, states its claims against Third-Party Defendants <u>PPG INDUSTRIES, INC.</u> ("PPG"), <u>ST. PAUL DRY & LAUNDRY, INC.</u> and <u>ST. PAUL CLEANERS & LAUNDRY, INC.</u> (St. Paul Dry & Laundry, Inc. and St. Paul Cleaners & Laundry collectively "ST. PAUL"), <u>FLOYD R. BAKER</u> and <u>WANDA L. BAKER</u> (Floyd and Wanda Baker collectively "BAKERS"), the <u>CALIFORNIA DEPARTMENT OF TRANSPORTATION</u> ("CALTRANS"), and <u>COIT SERVICES, INC.</u> ("COIT") as follows:

## PARTIES

1.     Third-Party Plaintiff TERRY GEORGE was an officer, director, and shareholder of Tri-County Sales, Inc., a California corporation, and was a resident of the State of California.

2.     Third-Party Defendant PPG is, upon information and belief, a Pennsylvania corporation authorized to and does in fact transact business within the State of California.

3.     Third-Party Defendant ST. PAUL DRY & LAUNDRY, INC. is, upon information and belief, a California corporation with a primary place of business located at 407 Bath Street, Santa Barbara, California ("407 BATH STREET"), and is authorized to and does in fact transact business within the State of California.  In addition to the aforementioned, ST. PAUL DRY & LAUNDRY, upon information and belief, is also a successor in interest to ST. PAUL CLEANERS & LAUNDRY, INC.

4.     Third-Party Defendant ST. PAUL CLEANERS & LAUNDRY, INC. is and at all times was, upon information and belief, a California corporation with a primary place of business located at 407 BATH STREET, and was authorized to and did in fact transact business within the State of California.  In addition to the

1261985

2

aforementioned, ST. PAUL CLEANERS & LAUNDRY, INC., upon information and belief, sold its business and real property interests at 407 BATH STREET, such interests which are now currently owned by ST. PAUL DRY & LAUNDRY, INC.

5.     Third-Party Defendant FLOYD BAKER is, upon information and belief, a resident of the State of California and former owner and operator of Tri-County Sales, Inc., a business formerly located at 220 W. Gutierrez Street, Santa Barbara, California (the "PROPERTY").

6.     Third-Party Defendant WANDA BAKER is, upon information and belief, a resident of the State of California and former owner and operator of Tri-County Sales, Inc., a business which leased and was formerly located at the PROPERTY.

7.     Third-Party Defendant CALTRANS is a State governmental entity which is headquartered at 1120 N Street, Sacramento, California and is the former owner of 324 De La Vina Street, Santa Barbara, California ("CALTRANS PROPERTY").

8.     Third-Party Defendant COIT is, upon information and belief, a California corporation with a primary place of business in California and which operated a business in Santa Barbara, California.

9.     TERRY GEORGE is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and TERRY GEORGE therefore sues these defendants by such fictitious names.  TERRY GEORGE, upon information and belief, alleges that each of the fictitiously-named defendants is responsible, by and through their conduct, for all or some portion of TERRY GEORGE's damages, as alleged herein.

## JURISDICTION

10.     Jurisdiction over TERRY GEORGE's third-party claims is based on 28 U.S.C. § 1331 and on 42 U.S.C. § 9613(b).  These claims are brought under the

1261985

3

AMENDED THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., ST. PAUL CLEANERS & LAUNDRY, INC., FLOYD R. BAKER, WANDA L. BAKER, CALIFORNIA DEPARTMENT OF TRANSPORTATION, and COIT SERVICES, INC.

1  Comprehensive Environmental Response, Compensation and Liability Act, 42

2  U.S.C. § 9601, et seq. ("CERCLA"), and arising out of contamination at and

3  emanating from the PROPERTY.  Jurisdiction of state law claims is based on 28

4  U.S.C. § 1367(a).  These state law claims are so related to the federal claims in this

5  action that they form part of the same case or controversy under Article III of the

6  United States Constitution.

<b><u>VENUE</u></b>

7

8      11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42

9  U.S.C. § 9613(b) as the alleged acts and omissions relate to "hazardous

10  substances" in the environment and emanating to and from the PROPERTY, which

11  is situated within this District.

<b><u>DESCRIPTION OF ACTION</u></b>

12

13      12.    On September 8, 2014, PLAINTIFFS ESTATE OF BETTY

14  GOLDBERG and ESTATE OF AL GOLDBERG ("PLAINTIFFS") filed in the

15  United States District Court for the Central District of California, Case No. 5:14-

16  cv-01872, a Complaint against several defendants seeking recovery of costs and

17  damages, pursuant to CERCLA, 42 U.S.C. §§ 9607 and 9613, and the Resource

18  Conservation and Recovery Act, 42 U.S.C. § 6972(a), and various state law claims

19  ("COMPLAINT").  A true and correct copy of the COMPLAINT is attached

20  hereto as Exhibit A.

21      13.    Without admitting any of the allegations contained in PLAINTIFFS'

22  COMPLAINT except as set forth in TERRY GEORGE's Answer, TERRY

23  GEORGE incorporates herein the PLAINTIFFS' COMPLAINT for the sole

24  purpose of setting forth the PLAINTIFFS' allegations to which the claims in this

25  Third-Party Complaint relate.

26      14.    TERRY GEORGE timely filed its Answer and Counterclaims to the

27  COMPLAINT.  TERRY GEORGE incorporates, herein, and makes a part of the

28  allegations contained herein, its Answer and Counterclaims to the COMPLAINT.

1261985

4

15.     TERRY GEORGE denies he is liable to PLAINTIFFS and denies that PLAINTIFFS are entitled to any relief against TERRY GEORGE as requested or otherwise.

16.     On March 20, 2015, within fourteen (14) days of service of TERRY GEORGE's Answer and Counterclaims, TERRY GEORGE filed a Third-Party Complaint on Third-Party Defendants PPG, ST. PAUL, and the BAKERS without obtaining leave of court as permitted by Rule 14(a)(1) of the Federal Rules of Civil Procedure. TERRY GEORGE's Third-Party Complaint has not yet been served on any named party.

17.     TERRY GEORGE amends these third-party claims to be filed and served in accordance with Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

18.     PLAINTIFFS allege in their COMPLAINT that TERRY GEORGE, among other responsible parties, caused or contributed to the existence of perchlorethylene or tetrachloroethylene and related byproducts (e.g. trichloroethylene) (hereinafter collectively referred to as "PCE") at the PROPERTY as well as the areas to which the "hazardous substances" have migrated ("SITE") through past or present handling, storage, treatment, transportation, generation, release, or disposal of "hazardous substances" in the soil, land, subsurface strata, air, vapor, groundwater, surface water, and other waters of the State of California.

19.     Beginning in or around March 1968, the BAKERS leased the PROPERTY from PLAINTIFFS for the purpose of operating Tri-County Sales, Inc., a business which sold supplies, including PCE, to dry-cleaning and laundry institutions.

20.     The BAKERS operated Tri-County Sales, Inc. until or about September 1968, when the BAKERS sold their interest in Tri-County Sales, Inc.

1261985

5

21.   During the term of BAKERS' lease and/or operation of Tri-County Sales, Inc. at the PROPERTY, PPG delivered to the PROPERTY 55-gallon drums of PCE.

22.   During the BAKERS' operation of Tri-County Sales, Inc., upon information and belief, PCE was spilled when removed from the 55-gallon drum containers for delivery to Tri-County Sales, Inc. customers.

23.   In or around 1969, PPG assisted Tri-County Sales, Inc. in obtaining a permit for the installation of a 5,000 gallon aboveground storage tank.

24.   In or around 1969, PPG designed, constructed, manufactured and installed at the PROPERTY at least one 5,000 gallon aboveground storage tank owned by PPG for the purpose of storing PCE.

25.   Beginning in or around 1969, PPG and/or PPG's agents transported and delivered PCE to the PROPERTY by hooking a hose connected to a PPG transport truck to the aboveground storage tank(s).  When completed and before loading the hose on to the PPG transport truck, PPG and/or PPG's agents would clean the hose out of any remaining PCE by directing the hose into the sewers, sumps, drains and other plumbing fixtures located on or near the PROPERTY.

26.   Upon information and belief, PPG and/or PPG's agents transported and delivered PCE to PPG's aboveground storage tank(s) located at the PROPERTY approximately once a month from 1969 until or about 1991.

27.   As alleged in PLAINTIFFS' COMPLAINT, the aboveground storage tank(s) was/were improperly installed as its weight caused the concrete slab underneath to crack and cave-in, allowing PCE to penetrate the concrete and enter the environment.

28.   ST. PAUL each previously operated and/or continues to operate a wholesale laundry business located south-west and up-gradient of the PROPERTY, at a location more specifically known as 407 BATH STREET.

1261985

AMENDED THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., ST. PAUL CLEANERS & LAUNDRY, INC., FLOYD R. BAKER, WANDA L. BAKER, CALIFORNIA DEPARTMENT OF TRANSPORTATION, and COIT SERVICES, INC.

29.     At 407 BATH STREET, ST. PAUL each store and/or previously stored PCE in storage tanks for the purpose of operating dry cleaning machines which hold approximately 100 gallons of PCE.  Used PCE from the dry cleaning activities at 407 BATH STREET were stored in PCE "waste drums" outside and were routinely picked up for disposal.

30.     Upon information and belief, ST. PAUL's operations and activities at 407 BATH STREET caused PCE from its storage tanks and/or PCE waste drums to enter the environment and migrate down-gradient to the PROPERTY and/or SITE.

31.     Upon information and belief, ST. PAUL each disposes and/or disposed at 407 BATH STREET PCE wastes in solid and liquid forms generated at 407 BATH STREET in the dry cleaning and distillation processes.  Said PCE wastes were disposed of directly onto the ground and floors and into the sewers, sumps, drains and other plumbing fixtures at or near 407 BATH STREET, thereby causing damage to soils and groundwater.

32.     In or about 1959, CALTRANS took ownership of the CALTRANS PROPERTY, located east and down-gradient of the PROPERTY and situated within the SITE.

33.     In 1989, CALTRANS began construction of two Highway 101 underpasses located near the SITE.  During these construction activities, CALTRANS would dewater the construction site.  CALTRANS' dewatering activities resulted in a gradient change in and near the SITE.

34.     The gradient change caused by CALTRANS' dewatering activities accelerated the vertical and horizontal migration of "hazardous substances," such as PCE, and further expanded the horizontal and vertical size of the contamination problems at the SITE.

35.     CALTRANS' dewatering activities also caused the surfacing of groundwater contaminated with "hazardous substances," such as PCE, which

1261985

7

1   required disposal.  To the extent this contaminated groundwater was disposed by

2   CALTRANS to areas other than the CALTRANS PROPERTY, such as disposal to

3   the Mission Creek, CALTRANS' handling and disposal of such contaminated

4   groundwater further expanded the size of the contamination problems at the SITE.

5       36.    COIT, a drapery and carpet cleaning business, was reported to have

6   occupied the CALTRANS PROPERTY in 1981.

7       37.    Upon information and belief, COIT regularly handled and disposed of

8   "hazardous substances" such as PCE.

9       38.    Upon information and belief, there have been reported incidents of

10  illegal dumping involving, in part, "hazardous substances" at the CALTRANS

11  PROPERTY before and/or during CALTRANS' ownership.

12      39.    One such incident involved employees and/or agents of COIT

13  illegally dumping "hazardous substances" onto the CALTRANS PROPERTY.

14      40.    CALTRANS stored contaminated soils and groundwater from

15  CALTRANS properties (other than and/or in addition to such soils and

16  groundwater from the CALTRANS PROPERTY) at the CALTRANS

17  PROPERTY.  In addition to the aforementioned, CALTRANS' storage of soils and

18  groundwater containing "hazardous substances" also caused "hazardous

19  substances" to enter the environment at the CALTRANS PROPERTY and/or

20  SITE.

21      41.    Upon information and belief, CALTRANS learned, through soil

22  and/or groundwater sampling beginning in 1989 at the CALTRANS PROPERTY,

23  of the presence of "hazardous substances," specifically PCE, at the CALTRANS

24  PROPERTY and/or SITE which were found to be at concentrations at least four

25  times greater than concentrations of "hazardous substances" present at the

26  PROPERTY.

27      42.    CALTRANS' sampling found "hazardous substances," including

28  PCE, in soils at the CALTRANS PROPERTY at depths above the level of

1261985

8

groundwater; indicating that these "hazardous substances" were released into the environment at the CALTRANS PROPERTY and did not migrate there from the PROPERTY.

43.     Such "hazardous substances," when released to the environment at the CALTRANS PROPERTY, migrated down-gradient from the SITE and/or CALTRANS PROPERTY to and potentially beyond the Mission Creek.

44.     Upon information and belief, CALTRANS dug up approximately ten feet of soil with known concentrations of "hazardous substances" at the CALTRANS PROPERTY for the purpose of "aerating" the soils.  These dug-up soils were then left in the same location at the CALTRANS PROPERTY. CALTRANS did not remove and/or otherwise take any other remedial action to address the presence of "hazardous substances" located at the CALTRANS PROPERTY and/or SITE other than remove large pieces of concrete and metals, but not any soils.

45.     Upon information and belief, CALTRANS' failure to remove and/or otherwise take any other remedial action to address the presence of "hazardous substances" located at the CALTRANS PROPERTY and/or SITE resulted in the further migration of contamination at the CALTRANS PROPERTY and/or SITE, and therefore resulted and/or will result in increasing the costs, if any, of the remediation and/or removal of such "hazardous substances."

46.     PLAINTIFFS allege in their COMPLAINT that PLAINTIFFS have undertaken environmental investigations at the SITE which have or may result in costs and/or damages related to removal and/or remediation.

## FIRST CLAIM FOR RELIEF AGAINST ALL THIRD-PARTY DEFENDANTS
### (Liability for Contribution Pursuant to CERCLA, 42 U.S.C. § 9613)

47.     TERRY GEORGE refers to and incorporates herein by reference Paragraphs 1 through 46 of the third-party claims as though fully set forth herein.

1261985

9

48.   TERRY GEORGE has been sued, among other claims, under CERCLA § 107(a), 42 U.S.C. § 9607(a) and § 113(f), 42 U.S.C. § 9613(f), by PLAINTIFFS in the underlying action.  TERRY GEORGE is entitled to and hereby does allege a claim for contribution against PPG, ST. PAUL, the BAKERS, CALTRANS, and COIT under CERCLA § 113(f), 42 U.S.C. § 9613(f).

49.   As set forth in TERRY GEORGE'S previously filed Answer to PLAINTIFFS' COMPLAINT, TERRY GEORGE denies that PLAINTIFFS have any valid claims in the underlying action.  However, in the event TERRY GEORGE is found to be jointly and severally liable, TERRY GEORGE alleges that such liability is entirely or partially the result of PPG, ST. PAUL, the BAKERS, CALTRANS, and COIT's activities at the PROPERTY and/or at 407 BATH STREET and/or at the CALTRANS PROPERTY.  Accordingly, TERRY GEORGE is entitled to contribution from PPG, ST. PAUL, the BAKERS, CALTRANS, and COIT pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), for PLAINTIFFS' response costs recovered from TERRY GEORGE in the underlying action.

50.   Section 113(f)(1) of CERCLA provides in pertinent part that "[a]ny person may seek contribution from any other person who is liable or potentially liable under section 107(a), during or following any civil action under section 106 or under section 107(a)."  42 U.S.C. § 9613(f)(1).

51.   The BAKERS and PPG are each a "person" as that term is defined by 42 U.S.C. § 9601(21).

52.   The actions taken by the BAKERS and PPG at the PROPERTY led to the "release" or "threatened release," as defined by 42 U.S.C. § 9601(22), of "hazardous substances" to the soil, groundwater, and/or any other media underlying the PROPERTY and/or SITE.  Specifically, the BAKERS and PPG's handling of "hazardous substances" at the PROPERTY and/or SITE led to the spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting,

1261985

10

escaping, leaching, dumping, releasing or disposing of "hazardous substances" into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any "hazardous substance").

53.    PLAINTIFFS allege in their COMPLAINT that the "hazardous substance" allegedly "released" was PCE, a "hazardous substance" as defined by 42 U.S.C. § 9601(14).  If PLAINTIFFS allegations are true, then the references to "hazardous substances" in this Third-Party Complaint include, but are not limited to, PCE.

54.    PLAINTIFFS allege in their COMPLAINT that the SITE is a "facility," as defined by 42 U.S.C. § 9601(9).  If PLAINTIFFS allegations are true, then the SITE is a "facility" as defined by 42 U.S.C. § 9601(9).

55.    The BAKERS were each an "owner and operator," as defined by 42 U.S.C. § 9601(20), of the PROPERTY and that "hazardous substances" were deposited, stored, disposed of, released, and/or placed, or otherwise came to be located at the PROPERTY during the BAKERS' lease and/or operation of the PROPERTY makes them each a "covered person" liable for costs and damages to TERRY GEORGE under 42 U.S.C. § 9607(a).

56.    PPG is a "person" as that term is defined by 42 U.S.C. § 9601(21).

57.    PPG was an "owner and operator," as defined by 42 U.S.C. § 9601(20), of at least one 5,000 gallon aboveground storage tank located at the PROPERTY and that "hazardous substances" were deposited, stored, disposed of, released, and/or placed, or otherwise come to be located at the PROPERTY during PPG's ownership of the aboveground storage tank(s) while located at the PROPERTY, and is liable for costs and damages to TERRY GEORGE under 42 U.S.C. § 9607(a).

58.    PPG also by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment,

1261985

of "hazardous substances" at the PROPERTY and/or SITE, and is liable for costs and damages to TERRY GEORGE under 42 U.S.C. § 9607(a).

59.    PPG also accepted "hazardous substances" for transporting and disposal at the PROPERTY and/or SITE, from which there was a "release" or a "threatened release" of "hazardous substances" at the PROPERTY and/or SITE, and is therefore liable for costs and damages to TERRY GEORGE under 42 U.S.C. § 9607(a).

60.    A "release," as defined by 42 U.S.C. § 9601(22), of "hazardous substances" to the soil, groundwater, and/or any other media occurred at 407 BATH STREET.  Specifically, ST. PAUL each handled and/or handling of "hazardous substances" at 407 BATH STREET led to the spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, releasing, and/or disposing of "hazardous substances" into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any "hazardous substance").  After the "release" of the "hazardous substances" at 407 BATH STREET, the "hazardous substances," on information and belief, migrated down-gradient to the SITE.

61.    The property located at 407 BATH STREET, as a site or area where "hazardous substances," as defined by 42 U.S.C. §9601(14), were deposited, stored, disposed of, released, and/or placed, or otherwise came to be located, is a "facility," as defined by 42 U.S.C. § 9601(9).

62.    ST. PAUL are each a "person" as that term is defined by 42 U.S.C. § 9601(21).

63.    ST. PAUL are and/or were each an "owner and operator," as defined by 42 U.S.C. § 9601(20), of 407 BATH STREET, the "facility" whereby "hazardous substances" were deposited, stored, disposed of, released, and/or placed, or otherwise come to be located, and from where the "hazardous substances" migrated down-gradient to the SITE during and/or after ST. PAUL's

1261985

ownership of 407 BATH STREET, and ST. PAUL are each therefore liable for costs and damages to TERRY GEORGE under 42 U.S.C. § 9607(a).

64.     The CALTRANS PROPERTY, as a site or area where "hazardous substances," as defined by 42 U.S.C. §9601(14), were deposited, stored, disposed of, released, and/or placed, or otherwise came to be located, is a "facility," as defined by 42 U.S.C. § 9601(9).

65.     CALTRANS is a "person" as that term is defined by 42 U.S.C. § 9601(21).

66.     COIT is a "person" as that terms is defined by 42 U.S.C. § 9601(21).

67.     CALTRANS is and/or was an "owner and operator," as defined by 42 U.S.C. § 9601(20), of CALTRANS PROPERTY, the "facility" whereby "hazardous substances" were deposited, stored, disposed of, released, and/or placed, or otherwise come to be located, and from where the "hazardous substances" migrated to the SITE during and/or after CALTRANS' ownership of CALTRANS PROPERTY, and CALTRANS is therefore liable for costs and damages to TERRY GEORGE under 42 U.S.C. § 9607(a).

68.     COIT was an "operator," as defined by 42 U.S.C. § 9601(20), of the CALTRANS PROPERTY by virtue of its occupation and dumping of "hazardous substances" at the CALTRANS PROPERTY, and that "hazardous substances" were deposited, stored, disposed of, released, and/or placed, or otherwise come to be located, and from where the "hazardous substances" migrated to the SITE during and/or after COIT's operations at the CALTRANS PROPERTY, and COIT is therefore liable for costs and damages to TERRY GEORGE under 42 U.S.C. § 9607(a).

69.     COIT also by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of "hazardous substances" at the CALTRANS PROPERTY, and from where the "hazardous substances" migrated to the SITE during and/or after COIT's

1261985

13

1  arrangement and disposal at the CALTRANS PROPERTY, and COIT is therefore

2  liable for costs and damages to TERRY GEORGE under 42 U.S.C. § 9607(a).

3      70.   COIT also accepted "hazardous substances" for transporting and

4  disposal at the CALTRANS PROPERTY, from which there was a "release" or a

5  "threatened release" of "hazardous substances" at the CALTRANS PROPERTY,

6  and from where the "hazardous substances" migrated to the SITE during and/or

7  after COIT's transportation and disposal at the CALTRANS PROPERTY, and

8  COIT is therefore liable for costs and damages to TERRY GEORGE under 42

9  U.S.C. § 9607(a).

10     71.   To the extent any party has incurred recoverable response costs

11  pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), and asserts liability for some

12  or all of those costs against TERRY GEORGE pursuant to CERCLA § 107(a), 42

13  U.S.C. § 9607(a), or asserts a contribution claim against TERRY GEORGE for

14  such costs incurred by another party pursuant to CERCLA § 113(f)(1), 42 U.S.C.

15  § 9613(f)(1), TERRY GEORGE is entitled to one-hundred percent (100%)

16  contribution, or contribution in such other percentage as this Court deems

17  equitable, pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), from the

18  BAKERS, PPG, ST. PAUL, CALTRANS, and/or COIT, jointly and severally.

19     72.   Concurrently with filing this Third-Party Complaint, TERRY

20  GEORGE will provide a copy of the Third-Party Complaint to the Attorney

21  General of the United States and the Administrator of the United States

22  Environmental Protection Agency pursuant to CERCLA § 113(l), 42 U.S.C. §

23  9613(l).

24  **SECOND CLAIM FOR RELIEF AGAINST THIRD-PARTY DEFENDANTS THE BAKERS, ST. PAUL and COIT**
**(Equitable Indemnification)**

25

26

27     73.   TERRY GEORGE refers to and incorporates herein by reference

28  Paragraphs 1 through 72 of the third-party claims as though fully set forth herein.

1261985

AMENDED THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG
INDUSTRIES, INC., ST. PAUL DRY & LAUNDRY, INC., ST. PAUL CLEANERS & LAUNDRY, INC., FLOYD
R. BAKER, WANDA L. BAKER, CALIFORNIA DEPARTMENT OF TRANSPORTATION, and COIT
SERVICES, INC.

74.     Though TERRY GEORGE did not contribute any portion of the alleged "hazardous substances" at the PROPERTY and/or SITE as alleged in PLAINTIFFS' COMPLAINT, TERRY GEORGE may nonetheless be held liable for the costs and damages, if any, incurred by PLAINTIFFS in their investigation and/or remediation of the SITE.

75.     The BAKERS, ST. PAUL and COIT each engaged in activities which led to and/or contributed to the "hazardous substances" currently located at the SITE.

76.     TERRY GEORGE is therefore entitled to equitable relief from the BAKERS, ST. PAUL, and COIT, jointly and severally, to indemnify TERRY GEORGE for any and all costs which TERRY GEORGE may incur resulting from the BAKERS, ST. PAUL, and COIT's, respective contribution to "release" of "hazardous substances" into the environment.  Such costs may include, without limitation, costs or damages awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and costs of litigation including attorneys' fees, court costs and expert witness fees.

### THIRD CLAIM FOR RELIEF AGAINST ALL THIRD-PARTY DEFENDANTS
### (Declaratory Relief Under Federal Law)

77.     TERRY GEORGE refers to and incorporates herein by reference Paragraphs 1 through 76 of the third-party claims as though fully set forth herein.

78.     The BAKERS, PPG, ST. PAUL, CALTRANS, and COIT are responsible, jointly and severally, for all legal liability, pursuant to 42 U.S.C. § 9613(g)(2), which has or may in the future be asserted by any entity or individual against TERRY GEORGE and which arises from or relates to the BAKERS, PPG, ST. PAUL, CALTRANS, and COIT's respective contamination of the PROPERTY and/or SITE.

1261985

15

79.     TERRY GEORGE is entitled to, and hereby seeks, a judicial
determination, pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 2202, and 42 U.S.C. §
9613(g)(2), of TERRY GEORGE's right to reimbursement from and
indemnification by the Bakers, PPG, ST. PAUL, CALTRANS, and COIT, jointly
and severally, for all costs which TERRY GEORGE may incur resulting from the
BAKERS, PPG, ST. PAUL, CALTRANS, and COIT's respective contribution to
any "release" of "hazardous substances" into the environment.  Such costs may
include, without limitation, costs or damages awarded in legal or administrative
actions, costs of compliance with any judicial or administrative order, and costs of
litigation including attorneys' fees, court costs and expert witness fees.

80.     TERRY GEORGE is further entitled to a judicial declaration, apart
from and/or in addition to any other relief which TERRY GEORGE now requests,
that the BAKERS, PPG, ST. PAUL, CALTRANS, and COIT are each allocated an
equitable share of all future response costs and any other costs associated with any
response, removal, or remediation of any contamination resulting from the
BAKERS, PPG, ST. PAUL, CALTRANS, and COIT's respective contributions to
any "release" of "hazardous substances" into the environment.

## FOURTH CLAIM FOR RELIEF AGAINST THIRD-PARTY
## DEFENDANTS THE BAKERS, PPG, ST. PAUL, and COIT
### (Declaratory Relief Under State Law)

81.     TERRY GEORGE refers to and incorporates herein by reference
Paragraphs 1 through 80 of the third-party claims as though fully set forth herein.

82.     The BAKERS, PPG, ST. PAUL, and COIT are responsible, jointly
and severally, for all legal liability, whether arising from federal or state statutory
or common law, which has or may in the future be asserted by any entity or
individual against TERRY GEORGE and which arises from or relates to the
BAKERS, PPG, ST. PAUL, and COIT's respective contamination of the
PROPERTY and/or SITE.

1261985

83.     TERRY GEORGE is therefore entitled to a judicial declaration, under Cal. Civ. Proc. Code § 1060, that the BAKERS, PPG, ST. PAUL, and COIT, jointly and severally, are liable to indemnify TERRY GEORGE for all costs which TERRY GEORGE may incur resulting from the BAKERS, PPG, ST. PAUL, and COIT's respective contributions to any "release" of "hazardous substances" into the environment.  Such costs may include, without limitation, costs or damages awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and costs of litigation including attorneys' fees, court costs and expert witness fees.

84.     TERRY GEORGE is further entitled to a judicial declaration, apart from and/or in addition to any other relief which TERRY GEORGE now requests, that the BAKERS, PPG, ST. PAUL, and COIT are each allocated an equitable share of all future response costs and any other costs associated with any response, removal, or remediation of any contamination resulting from the BAKERS, PPG, ST. PAUL, and COIT's respective contributions to any "release" of "hazardous substances" into the environment.

## FIFTH CLAIM FOR RELIEF AGAINST THIRD-PARTY DEFENDANTS THE BAKERS, ST. PAUL, and COIT
### (Contribution)

85.     TERRY GEORGE refers to and incorporates herein by reference Paragraphs 1 through 84 of the third-party claims as though fully set forth herein.

86.     Though TERRY GEORGE did not contribute any portion of the alleged contamination at the PROPERTY and/or SITE as alleged in PLAINTIFFS' COMPLAINT, TERRY GEORGE may nonetheless be held liable for the costs and damages, if any, incurred by PLAINTIFFS and/or any other parties in their respective investigation and/or remediation of the SITE.

87.     To the extent the BAKERS, ST. PAUL, and COIT each contributed to any "hazardous substances" located at the SITE and which resulted or may result

1261985

17

1   in any costs or damages, the BAKERS, ST. PAUL, and COIT each, jointly and

2   severally, are liable to TERRY GEORGE for such damages and costs which may

3   include, without limitation, costs or damages awarded in legal or administrative

4   actions, costs of compliance with any judicial or administrative order, and costs of

5   litigation including attorneys' fees, court costs and expert witness fees.

## SIXTH CLAIM FOR RELIEF AGAINST ST. PAUL ONLY
### (Negligence)

8   88.    TERRY GEORGE refers to and incorporates herein by reference

9   Paragraphs 1 through 87 of the third-party claims as though fully set forth herein.

10   89.    ST. PAUL, as up-gradient property owners, each and/or collectively

11   owed a duty of care to TERRY GEORGE, a down-gradient business owner, when

12   operating, maintaining, and otherwise handling "hazardous substances" at 407

13   BATH STREET.

14   90.    ST. PAUL each breached their duty owed to TERRY GEORGE by

15   failing to operate, maintain, and otherwise handle "hazardous substances" with due

16   care so as to prevent the migration of the "hazardous substances" to down-gradient

17   properties.  It is foreseeable that ST. PAUL's failure to properly operate, maintain,

18   and otherwise handle "hazardous substances" in an appropriate manner at up-

19   gradient 407 BATH STREET would result in the contamination of the down-

20   gradient PROPERTY and/or SITE.

21   91.    ST. PAUL's negligent acts and omissions actually caused the

22   contamination or worsening of the contamination located at the PROPERTY

23   and/or SITE.

24   92.    COIT, when occupying the CALTRANS PROPERTY, owed a duty of

25   care to TERRY GEORGE when operating, maintaining, and otherwise handling

26   "hazardous substances" at the CALTRANS PROPERTY.

1261985

18

93.    COIT breached its duty owed to TERRY GEORGE by illegally dumping of and otherwise improperly handling "hazardous substances" so as to prevent the migration of any "hazardous substances" to the SITE.  It is foreseeable that COIT's failure to properly operate, maintain, and otherwise handle "hazardous substances" in an appropriate manner at the CALTRANS PROPERTY would result in the contamination of the SITE.

94.    COIT's negligent acts and omissions actually caused the contamination or worsening of the contamination located at the SITE.

95.    ST. PAUL and COIT's negligent acts and omission have or will exacerbate and increase the cost of remediating said "hazardous substances," such that ST. PAUL and COIT are liable to TERRY GEORGE for such damages and costs which may include, without limitation, costs or damages awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and costs of litigation including attorneys' fees, court costs and expert witness fees.

## PRAYER

WHEREFORE, TERRY GEORGE prays as follows:

1.    For contribution under CERCLA section 113(f), 42 U.S.C. § 9613(f), from the BAKERS, PPG, ST. PAUL, CALTRANS, and COIT if TERRY GEORGE is found liable under CERCLA;

2.    For recovery from the BAKERS, PPG, ST. PAUL, CALTRANS, and COIT for all response costs that will be incurred by TERRY GEORGE in response to the release and threatened release of "hazardous substances" at the PROPERTY and/or SITE and in the enforcement of CERCLA's statutory liability scheme, according to proof at trial;

3.    For a declaration that the BAKERS, PPG, ST. PAUL, CALTRANS, and COIT are obligated, jointly and severally, to pay to TERRY GEORGE all

1261985

1  future response costs and any other costs incurred by TERRY GEORGE hereafter

2  in response, removal, or remediation of any such contamination at the PROPERTY

3  and/or SITE;

4      4.    For a declaration that the BAKERS, PPG, ST. PAUL, and COIT are

5  each allocated an equitable share of all future response costs and any other costs

6  incurred hereafter concerning any response, removal, or remediation of any such

7  contamination at the PROPERTY and/or SITE;

8      5.    For incidental and consequential damages according to proof;

9      6.    For pre-judgment interest at the legal rate;

10      7.    For all costs of suit incurred herein;

11      8.    For injunctive relief, as appropriate;

12      9.    For such other and further relief as this Court deems just and proper.

13

14  **JURY DEMAND**

15  TERRY GEORGE demands a trial by jury of any and all issues so triable.

16

17

18  Date:   April 27, 2015           BASSI, EDLIN, HUIE & BLUM LLP

19

20

21  By:

22                            SEAN G. HERMAN

23                            Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff ESTATE OF TERRENCE J. GEORGE a/k/a TERRY GEORGE, DECEASED

24

25

26

27

28

1261985

AMENDED THIRD-PARTY COMPLAINT BY ESTATE OF TERRY GEORGE, DECEASED, AGAINST PPG INDUSTRIES, INC, ST. PAUL DRY & LAUNDRY, INC., ST. PAUL CLEANERS & LAUNDRY, INC., FLOYD R. BAKER, WANDA L. BAKER, CALIFORNIA DEPARTMENT OF TRANSPORTATION, and COIT SERVICES, INC.

## PROOF OF SERVICE – ELECTRONIC TRANSMISSION
Estate of Betty Goldberg, et al. v. Gross Jewett Company, Inc., et al.
United States District Court, Central District Case No. 5:14-cv-01872-DSF-SH

STATE OF CALIFORNIA/COUNTY OF LOS ANGELES

I am a citizen of the United States and an employee in the County of Los Angeles. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, EDLIN, HUIE & BLUM LLP, 333 S. Hope Street, 35th Floor, Los Angeles, CA 90071.

On the date executed below, I electronically served the document via USDC EDCA website, described below, on the recipients designated on the Transaction Receipt located on the USDC EDCA website.

**THE ESTATE OF TERRENCE J. GEORGE a/k/a TERRY GEORGE, DECEASED'S FIRST AMENDED THIRD-PARTY COMPLAINT AGAINST PPG INDUSTRIES, INC., ST. PAUL DRY & LAUNDRY, INC., ST. PAUL CLEANERS & LAUNDRY, INC., FLOYD R. BAKER, WANDA BAKER, CALIFORNIA DEPARTMENT OF TRANSPORTATION, COIT SERVICES, INC., and DOES 1-10; EXHIBIT "A; AND SUMMONS ON A THIRD-PARTY COMPLAINT**

On the following parties:

**PLEASE SEE SERVICE LIST PROVIDED BY USDC EDCA WEBSITE**

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on April 27, 2015, at Los Angeles, California.

MARISOL FORGHANI