1  FERDIE F. FRANKLIN, State Bar No. 61165
   ffranklin@wfbm.com
2  KAREN P. AGELSON, State Bar No. 210602
   kagelson@wfbm.com
3  CRISTINA M. MATSUSHIMA, State Bar No. 291220
   cmatsushima@wfbm.com
4  WFBM, LLP
   One City Boulevard West, Fifth Floor
5  Orange, California 92868-3677
   Telephone:  (714) 634-2522
6  Facsimile:   (714) 634-0686

7  BRET A. STONE, State Bar No. 190161
   PALADIN LAW GROUP, LLP
8  3 West Carrillo Street, Suite 212
   Santa Barbara, CA  93101

9
   Attorneys for COUNTER DEFENDANTS
10 Estate of Betty Goldberg, deceased; Estate of
   Al Goldberg, deceased; by and through their
11 successor in interest, Daniel Rubin

12            **UNITED STATES DISTRICT COURT**

13   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

14

15 ESTATE OF BETTY GOLDBERG,            Case No. 5:14-cv-01872 (SHx)
   Deceased and ESTATE OF AL
16 GOLDBERG, Deceased, by and            **MEMORANDUM OF POINTS AND**
   through their successor in interest,  **AUTHORITIES IN SUPPORT OF**
17 Daniel Rubin,                         **MOTION FOR JUDGMENT ON**
                                         **THE PLEADINGS PURSUANT TO**
18            Plaintiffs,                **FEDERAL RULE OF CIVIL**
                                         **PROCEDURE 12(c) AS TO**
19      v.                               **COUNTERCLAIMS OF DONALD**
                                         **GEORGE AND ESTATE OF**
20 GOSS-JEWETT COMPANY, INC.,            **TERRENCE GEORGE**
   et al.,
21                                       [Filed concurrently with:  Notice of
            Defendants.                  Motion and Motion; Declaration of
22 _____    Cristina M. Matsushima; Request for
                                         Judicial Notice; and [Proposed] Order]
23 ESTATE OF TERRENCE J. GEORGE
   a/k/a TERRY GEORGE, DECEASED,         Hon.:   Dale S. Fischer
24                                       Date:   January 4, 2016
            Counterclaimant,             Time:   1:30 p.m.
25                                       Ctrm:   840
        v.
26                                       Action Filed:    September 8, 2014
                                         Trial Date:      September 13, 2016
27

28

*WALSWORTH*
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL (714) 634-2522 • FAX (714) 634-0686

3427029.1
4326-3.3809

MEMO OF POINTS/AUTHORITIES IN SUPPORT OF  F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE

1 | ESTATE OF BETTY GOLDBERG, DECEASED, and ESTATE OF AL
2 | GOLDBERG, DECEASED, by and through their successor in interest,
3 | Daniel Rubin,

4 |                    Cross-Defendants.

5 |

6 | DONALD J. GEORGE,

7 |                    Counterclaimant,

   |         v.

8 | ESTATE OF BETTY GOLDBERG
9 | Deceased and ESTATE OF AL GOLDBERG, Deceased, by and
10 | through their successor in interest, Daniel Rubin,

11 |

12 |                    Cross-Defendants.

13 |

14 |          Counter Defendants, Estate of Betty Goldberg, deceased; Estate of Al

15 | Goldberg, deceased; by and through their successor in interest, Daniel Rubin, hereby

16 | submit points and authorities in support of motion for judgment on the pleadings as

17 | follows:

18 | / / /

19 | / / /

20 | / / /

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL (714) 634-2522 • FAX (714) 634-0686

3427029.1
4326-3.3809

MEMO OF POINTS/AUTHORITIES IN SUPPORT OF  F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE

# **TABLE OF CONTENTS**

**Page**

1.  Introduction. ................................................................................... 1

2.  Statement of facts and procedural history. ...................................... 1

    A.  1994 action. ............................................................................. 1

    B.  Donald George counterclaims. ................................................ 3

    C.  Estate of Terrence George counterclaims. .............................. 4

    D.  Local rule 7-3 conference of counsel. ..................................... 4

3.  Legal argument. ............................................................................... 5

    A.  Goldberg Estates are entitled to judgment on the pleadings as a matter of law pursuant to Rule 12(c) because no disputed issue of material fact exists. ................................................................. 5

    B.  Pursuant to Federal Rule of Civil Procedure Rule 17, California law governs the Goldberg Estates' capacity to be sued. ......................... 6

    C.  California Code of Civil Procedure section 366.2 bars all surviving counterclaims. ....................................................... 7

        i.   California Code of Civil Procedure section 366.2 contains a one-year statute of limitations regarding claims against a decedent. .................................................................. 7

        ii.  *Bradley v. Breen* largely parallels the present action. .................. 8

        iii. Public policy considerations favor statutes of limitations like section 366.2. ...................................................... 10

    D.  Granting the Goldberg Estates' requested relief may not leave Counterclaimants without a remedy. .................................... 12

4.  Conclusion. .................................................................................... 13

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

-i-
MEMO OF POINTS/AUTHORITIES IN SUPPORT OF F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE

1

# TABLE OF AUTHORITIES

2

**Page**

3

## CASES

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)..................................................5

*Bradley v. Breen,* 73 Cal. App. 4th 798 (1999).........................................9, 10, 11, 12

*Cal. Dept. of Toxic Substances Control v. Interstate Non-Ferrous Corp.* (E.D. Cal. 2003) 298 F. Supp. 2d 930, 948-50 ........................................13

*Chavez v. U.S.*, 683 F. 3d 1102, 1108 (9th Cir. 2012) ................................5

*Dacey v. Taraday*, 196 Cal. App. 4th. 962, 983-984 (2011)................................8, 11

*Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 552 (2008)....................................8

*Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) ...........................5

*Louisiana-Pacific Corp. v. ASARCO, Inc.,* 5 F.3d 431, 433-34 (9th Cir. 1993).........6

*Marshall Naify Revocable Trust v. U.S.,* 672 F.3d 620, 625 (9th Cir. 2012)..............5

*Palmtree Acquisition Corp v. Neely* (N.D. Cal., Oct. 4, 2010, C 08-3168 MHP) 2010 WL 3910370, at *3, fn. 1 ........................................7

*People v. Loeun*, 17 Cal. 4th 1, 8-9 (1997)...................................................11

*Shewry v. Begil*, 128 Cal. App. 4th 639, 644 (2005)........................................8

*Southern California Darts Ass'n v. Zaffina*, 762 F.3d 921, 926-27 (9th Cir. 2014)......................................................6

*Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital* (1994) 8 Cal. 4th 100, 109–111 ........................................10

*Yang v. Dar Al-Handash Consultants* 250 F. Appx. 771, 772 (9th Cir. 2007) ...........6

## STATUTES

42 U.S.C. § 9613(g)..........................................................................6

Business and Professions Code Section 17200 ..............................................2

CERCLA Section 107(a) .....................................................................3

CERCLA Section 113(f)....................................................................2, 4

CERCLA Section 9613........................................................................6

28

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

-ii-

3427029.1
4326-3.3809

Code of Civil Procedure Section 366.2 ...................................5, 6, 7, 8, 10, 11, 12, 13

Code of Civil Procedure Section 366.2(a)......................................................1, 7, 12

Comprehensive Environmental Response, Compensation, and Liability Act
("CERCLA") Section 107(a) .............................................................................2

Probate Code Section 550......................................................................5, 12, 13

Probate Code Section 550(a) ....................................................................12

Probate Code Section 551.............................................................................13

Probate Code Section Section 550(a) ..........................................................12

Resource Conservation and Recovery Act ("RCRA") Section 7002(a)(1)(B) ..........2

## RULES

Federal Rule of Civil Procedure 17(b)(3)(B) ..............................................7

Federal Rules of Civil Procedure Rule 12(c) ....................................5, 12

Federal Rules of Civil Procedure Rule 17 ...................................................13

Federal Rules of Civil Procedure Rule 17(b)(3)..........................................6

## TREATISES

*Recommendation Relating to Notice to Creditors in Estate Administration*
(Dec. 1989) 20 Cal. Law Revision Com. Rep. (1990) at p. 512-513 .............11

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

MEMO OF POINTS/AUTHORITIES IN SUPPORT OF  F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE

3427029.1
4326-3.3809

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.    Introduction.**

The counterclaims brought by defendants/counterclaimants Donald George and the Estate of Terrence George ("Counterclaimants") are barred by the statute of limitations articulated in California Code of Civil Procedure Section 366.2(a), which bars surviving claims brought more than one year after an individual's death. Counterclaimants filed their counterclaims against the Estate of Betty Goldberg and Estate of Al Goldberg long after the statute of limitations had run, and thus, these counterclaims are barred.

Al Goldberg passed away in September 1994, and Betty Goldberg passed away in January 2003.  Any counterclaims *against* the Goldberg Estates are barred by California Code of Civil Procedure Section 366.2(a).

Section 366.2 bars surviving claims, both accrued and not accrued, which are filed more than one year after a decedent's death.  Moreover, courts have emphasized the strong public policy considerations behind the certainty of statutes of limitations, particularly regarding estates and probate matters.  Finally, Counterclaimants in this matter have not pled any facts which, when taken as true, would toll or otherwise provide an exception to Section 366.2.  Based upon the foregoing and as discussed more fully herein, Counterclaimants' pleadings create no material issue of fact, and the Goldberg Estates are entitled to judgment as a matter of law.

**2.    Statement of facts and procedural history.**

**A.    1994 action.**

On June 8, 1994, former plaintiffs Al and Betty Goldberg filed an action entitled Goldberg v. Arns, Case No. 2:94-cv-03834, in the United States District Court for the Central District of California ("1994 Complaint") against numerous defendants, some of which are defendants in the present action.  Docket No. 107-3. The 1994 Complaint alleged that defendants, collectively, were liable for

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL: (714) 634-2522 • FAX (714) 634-0686

3427029.1
4326-3.3809

MEMO OF POINTS/AUTHORITIES IN SUPPORT OF  F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE
1

1    perchloroethylene (PCE) contamination at the property located at 220 West

2    Gutierrez Street, Santa Barbara, California ("Property"), owned by the Goldbergs

3    during their lifetime.  Docket No. 107-3 at ¶ 23.  The Goldbergs alleged that

4    between 1968 and 1991, defendants caused the property to be contaminated by the

5    aboveground storage of hazardous waste that permeated the soil and contaminated

6    the groundwater below the property.  Docket No. 107-3 at ¶¶ 13-14.

7        On September 13, 1994, Al Goldberg passed away.  Goldberg Estates'

8    Request for Judicial Notice filed concurrently herewith ("Goldberg RJN") at ¶ 2.

9    Then, beginning in or about 1996, the case became inactive.  On January 14, 2003,

10   Betty Goldberg passed away.  Goldberg RJN at ¶ 1

11       On March 28, 2014, the Goldbergs' grandson, Daniel Rubin, asked this Court

12   to reopen the 1994 case. On June 12, 2014, this Court issued an Order to Show

13   Cause re Dismissal for Failure to Prosecute.  On August 21, 2014, this Court issued

14   an Order Dismissing the Case Due to Lack of Prosecution.

15       On or around September 8, 2014, the Estate of Betty Goldberg and the Estate

16   of Al Goldberg (collectively, "Goldberg Estates") filed the current complaint that

17   relies on similar facts and allegations as the 1994 Complaint.  Docket No. 1.  The

18   current complaint originally brought causes of action for violation of the

19   Comprehensive Environmental Response, Compensation, and Liability Act

20   ("CERCLA") Section 107(a); waste; breach of lease; contractual indemnification;

21   negligence; abatement of public and private nuisance; trespass; contribution under

22   the Hazardous Substance Account Act; contribution pursuant to CERCLA Section

23   113(f); abatement pursuant to the Resource Conservation and Recovery Act

24   ("RCRA") Section 7002(a)(1)(B); ultra-hazardous activity; equitable indemnity;

25   violation of Business and Professions Code Section 17200; and declaratory relief

26   against eight (8) defendants.  Docket No. 1.

27       On or around November 20, 2014, several defendants moved to dismiss

28   Goldberg Estates' claims based on Rule 41(b), various statutes of limitations, and

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

1  laches.  Docket Nos. 30, 36, 39.  The Court granted the motion to dismiss as to

2  several of Goldberg Estates' claims, leaving only claims for violation of CERCLA

3  Section 107(a); contribution pursuant to CERCLA Section 113(f); contractual

4  indemnification; contribution under the Hazardous Substance Account Act;

5  equitable indemnity; and declaratory relief.  Docket No. 49.

6      **B.**    **Donald George counterclaims.**

7      On or around May 5, 2015, Counterclaimant Donald George filed

8  counterclaims against Goldberg Estates.  Docket No. 107.  Donald George alleges,

9  in part, that the Goldbergs owned and operated a laundry and cleaning supplies

10  distribution business, Tri-County Sales, Inc., at the Property between 1964 and

11  1968.  Docket No. 107 at ¶ 14.  Donald George further alleges that, during this time,

12  the Goldbergs stored PCE in 55-gallon drums at the Property for re-sale to

13  customers.  Docket No. 107 at ¶ 14.  Donald George claims that the Goldbergs,

14  during their ownership and operation of Tri-County Sales, Inc. from 1964 through

15  1968, released of hazardous substances at the Property.  Docket No. 107 at ¶ 27.

16  Subsequently, from 1968 until 1991, the Goldbergs leased the Property to tenants

17  who continued the dry cleaning supplies operations.  Docket No. 107 at ¶ 15.

18  Donald George asserts that the Goldbergs inspected the Property on August 15,

19  1991, and first discovered the alleged contamination of PCE, upon which Goldberg

20  Estates now base their Complaint.  Docket No. 107 at ¶ 19.  He alleges that

21  Goldbergs were issued Cleanup or Abatement Order No. 93-66 by the California

22  Regional Water Quality Control Board on September 28, 1993, to cleanup alleged

23  "hazardous substances" at the Property.  Docket No. 107 at ¶ 20.  Furthermore,

24  Donald George states that nineteen years after the Cleanup or Abatement Order was

25  issued, the Goldbergs were then issued an Imminent and Substantial Endangerment

26  Determination and Order and Remedial Action Order by the California Department

27  of Toxic Substances Control on July 17, 2012, as the Goldbergs had still not cleaned

28  up the alleged "hazardous substances" at the Property.  Docket No. 107 at ¶ 21.

3427029.1
4326-3.3809

MEMO OF POINTS/AUTHORITIES IN SUPPORT OF  F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE
3

1   Donald George further alleges that the Goldbergs had been aware of the presence of

2   hazardous substances at the Property since 1991, but that Goldbergs' negligent acts

3   and/or omissions have or will exacerbate and increase remediation costs.  Docket

4   No. 107 at ¶ 22.

5       Donald George brings counterclaims for contribution pursuant to CERCLA

6   Section 113(f); equitable indemnification; declaratory relief under federal law;

7   declaratory relief under state law; contribution; and negligence.  Docket No. 107.

8       **C.      Estate of Terrence George counterclaims.**

9       On or around March 9, 2015, Counterclaimant Estate of Terrence George

10  ("George Estate") filed counterclaims against Goldberg Estates.  Docket No. 85.

11  George Estate alleges the Goldbergs were owners and lessors of the Property, and

12  that a dry cleaning supply business operated on the Property.  Docket No. 85 at ¶¶

13  11-12.  George Estate alleges that operations at the Property led to the release or

14  threatened release of hazardous substances into the soil and/or groundwater.  Docket

15  No. 85 at ¶ 17.  In addition to alleging that the Goldbergs are partially or wholly

16  liable for any liability, George Estate alleges that the Goldbergs negligently

17  remediated or allowed for the negligent remediation of hazardous substances which

18  worsened the environmental contamination at the Property.  Docket No. 85 at ¶ 17.

19      George Estate brings causes of action for contribution pursuant to CERCLA

20  Section 113(f); indemnity; declaratory relief under federal law; declaratory relief

21  under state law; equitable indemnification; contribution; and negligence.  Docket

22  No. 85.

23      Pursuant to a March 9, 2015, Court Order regarding jury trial, pleadings

24  closed in this matter on August 10, 2015.

25      **D.      Local rule 7-3 conference of counsel.**

26      Between approximately August 31, 2015, and November 13, 2015, counsel

27  for Goldberg Estates and counsel for Counterclaimants conducted extensive meet

28  and confer efforts based upon Goldberg Estates' position that all counterclaims

WALSWORTH

ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

3427029.1
4326-3.3809

MEMO OF POINTS/AUTHORITIES IN SUPPORT OF  F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE
4

against the Goldberg Estates are barred by California Code of Civil Procedure Section 366.2, and that any claims against the Goldberg Estates must instead be brought pursuant to California Probate Code Section 550, *et seq.*  Declaration of Cristina M. Matsushima ("CMM Decl.") submitted concurrently herewith at ¶ 4. Despite numerous e-mail exchanges (including exchange of legal authority), telephonic conferences, and an in-person conference, the parties have not reached a resolution regarding these counterclaims.  CMM Decl. at ¶ 5  Goldberg Estates now bring the instant Motion.

3.     <u>Legal argument.</u>

   A.     **Goldberg Estates are entitled to judgment on the pleadings as a matter of law pursuant to Rule 12(c) because no disputed issue of material fact exists.**

   Pursuant to Federal Rules of Civil Procedure Rule 12(c), "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Whether an action "can be dismissed on the pleadings depends on what the pleadings say." *Marshall Naify Revocable Trust v. U.S.,* 672 F.3d 620, 625 (9th Cir. 2012) (internal citations omitted).  Analysis under Rule 12(c) is "substantially identical" to analysis under Rule 12(b)(6). *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "Judgment on the pleadings is properly granted when, accepting all factual allegations in the [pleading] as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. U.S.*, 683 F. 3d 1102, 1108 (9th Cir. 2012) (internal brackets and citations excluded); see also *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012).

   "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56[.]"  Fed. R. Civ. P. 12(d).  However, the Court may consider materials beyond the pleadings, such as facts that can be judicially

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL: (714) 634-2522 • FAX (714) 634-0686

noticed, without converting the motion to one for summary judgment. *Yang v. Dar Al-Handash Consultants* 250 F. Appx. 771, 772 (9th Cir. 2007).  The Court, for example, may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.  *Harris, supra*, 682 F.3d at 1132.

Here, the Court may take judicial notice of the dates of death of Al Goldberg and Betty Goldberg as September 13, 1994, and January 14, 2003, respectively, due to the copies of certified death certificates submitted herewith.  Based upon these dates, and pursuant to Section 366.2, counterclaims against Al Goldberg that survived his death are barred by Section 366.2 if filed after September 13, 1995.  Similarly, counterclaims against Betty Goldberg that survived her death are barred by Section 366.2 if brought after January 14, 2004.   Counterclaimants filed their pleadings in 2015 and have alleged no facts and asserted no defenses which in any way toll or create exception to Section 366.2.  Even accepting all factual allegations in the Counterclaimants' pleadings as true, there is no issue of material fact in dispute, and Goldberg Estates are entitled to judgment as a matter of law.  This Motion is timely filed as the pleadings closed on August 10, 2015, and no party will suffer delay or prejudice by the granting of this Motion.

**B.** **Pursuant to Federal Rule of Civil Procedure Rule 17, California law governs the Goldberg Estates' capacity to be sued.**

Pursuant to Federal Rules of Civil Procedure Rule 17(b)(3), a party's "capacity to sue or be sued" is determined "by the law of the state where the court is located."  *See, e.g., Louisiana-Pacific Corp. v. ASARCO, Inc.,* 5 F.3d 431, 433-34 (9th Cir. 1993)*; Southern California Darts Ass'n v. Zaffina*, 762 F.3d 921, 926-27 (9th Cir. 2014).  Notably, an unpublished 2010 opinion from the Northern District of California directly speaks to the present context of an individual's capacity in a matter addressing the interplay between Section 366.2 and CERCLA Section 9613, stating, "Third-party plaintiffs do not argue that CERCLA's three-year statute of limitations, 42 U.S.C. § 9613(g), preempts the statute of limitations under the

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL: (714) 634-2522 • FAX (714) 634-0686

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

1  California Code of Civil Procedure [366.2(a)]. Under Federal Rule of Civil

2  Procedure 17(b)(3)(B), [trustee's] capacity to be sued is determined by California

3  law." *Palmtree Acquisition Corp v. Neely* (N.D. Cal., Oct. 4, 2010, C 08-3168

4  MHP) 2010 WL 3910370, at *3, fn. 1.

5       Here, the presiding Court is located in California, and thus California law

6  governs the Goldberg Estates' capacity to be sued.  As relevant to this Motion,

7  California Code of Civil Procedure Section 366.2 governs whether the Goldberg

8  Estates have capacity to be sued.  They do not.

9     **C.   California Code of Civil Procedure section 366.2 bars all surviving counterclaims.**

10         **i.   California Code of Civil Procedure section 366.2 contains a one-year statute of limitations regarding claims against a decedent.**

11

12

13       California state law provides that surviving causes of action against a

14  decedent must be brought within one year after the date of death, or such claims will

15  be time barred:

16          If a person against whom an action may be brought on a liability of the
            person, whether arising in contract, tort, or otherwise, and whether
17          accrued or not accrued, dies before the expiration of the applicable
            limitations period, and the cause of action survives, an action may be
18          commenced within one year after the date of death, and the limitations
            period that would have been applicable does not apply.
19

20       Cal. Code Civ. Proc. § 366.2(a).  The limitations period is tolled only by

21  (1) the timely filing of a creditor claim; (2) the filing of a petition for payment of

22  debts, claims, or expenses from the decedent's revocable trust; or (3) a proceeding

23  to judicially construe a "no contest" provision. *Id.* at § 366.2(b).

24       Section 366.2 is a "general statute of limitations for all claims against a

25  decedent." *Dacey v. Taraday*, 196 Cal. App. 4th 962, 980 (2011).  "This uniform

26  one-year statute of limitations applies to actions on all claims against the decedent

27  which survive the decedent's death." *Dobler v. Arluk Med. Ctr. Industrial Group,*

28  *Inc.*, 89 Cal. App. 4th 530, 535–36 (2001).  "[O]n its face, section 366.2 applies to

3427029.1
4326-3.3809

MEMO OF POINTS/AUTHORITIES IN SUPPORT OF F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE

7

1  claims that could have been brought against the decedent had he or she lived."
2  *Shewry v. Begil*, 128 Cal. App. 4th 639, 644 (2005); *see also Ferraro v.*
3  *Camarlinghi*, 161 Cal. App. 4th 509, 552 (2008), *as modified on denial of reh'g*
4  *(Apr. 24, 2008)* ("[T]his language contemplates a cause of action that could have
5  been asserted against the decedent while he was alive."). The injury or death must
6  exist before or at the time of death. *Dacey v. Taraday*, 196 Cal. App. 4th 962, 983-
7  84 (2011) ("[W]e are not aware of any case that has applied the statute when the
8  decedent did not commit the injury or did not already have a collectible debt at the
9  time of death.").

10       Section 366.2 applies to the current action because Counterclaimants
11  themselves plead facts which allege injuries arising from conduct prior to Al
12  Goldberg's death in 1994 and Betty Goldberg's death in 2003. *Id.* at 984. For
13  example, Counterclaimants allege Goldberg Estates, during their ownership and
14  operation of Tri-County Sales, Inc. from 1964 through 1968, released hazardous
15  substances at the Property. Such alleged release and contamination at the Property
16  occurred long *before* the Goldbergs' respective deaths. Counterclaimants also
17  allege that Al Goldberg and/or Betty Goldberg failed to timely investigate and
18  remediate alleged contamination after receiving Cleanup or Abatement Order No.
19  93-66 by the California Regional Water Quality Control Board on September 28,
20  1993. Again, the Order was issued prior to either Al Goldberg's or Betty
21  Goldberg's deaths. As such, Counterclaimants' own allegations, when taken as true,
22  demonstrate that any alleged injuries for which Counterclaimants seek liability
23  against Goldberg Estates arose during Al and Betty Goldbergs' respective lifetimes
24  and survived their deaths. Whether the claims had "accrued" is irrelevant, as stated
25  in Section 366.2. As such, Section 366.2 applies, and the 2015 counterclaims are
26  time barred.

27       **ii.   *Bradley v. Breen* largely parallels the present action.**
28       Numerous courts have addressed and interpreted Section 366.2, though no

1   case mirrors the present matter so closely as *Bradley v. Breen,* 73 Cal. App. 4th 798

2   (1999), in which the barred parties argued that they could not have brought their

3   cross-claims within the one-year period.  In *Bradley*, Walter Breen ("Breen")

4   entered a guilty plea in June 1990 involving a charge of lewd acts with a minor,

5   Kenneth S.  *Id.* at 800.  Kenneth S. then filed a civil action against Breen that same

6   year.  In April 1993, Breen died in prison.  In July 1993, personal representatives of

7   Breen's estate were named.  *Id.*  Almost four years after Breen's death, in January

8   1997, Kenneth S. filed a personal injury action against appellants, alleging in part

9   that they aided and abetted in Breen's molestation of Kenneth S.  *Id.*  Appellants

10  cross-complained against Breen's estate for indemnification, apportionment of fault,

11  and declaratory relief.  *Ibid.*  Breen's estate demurred on the basis of statute of

12  limitations in Section 366.2.  *Id.* at 801.  The court sustained the demurrer, which

13  the appellate court upheld.  *Id.* at 801-02, 806.

14      Appellants argued that Section 366.2 should not apply to a claim for equitable

15  indemnity, relying on the "well-settled rules that a tort defendant's indemnity action

16  does not accrue for statute of limitations purposes until the defendant pays a

17  judgment or settlement as to which he or she is entitled to indemnity."  *Id.* at 804.

18  The Court, however, noted, "What appellants do not mention . . . is that

19  notwithstanding the ordinary rule of accrual of indemnity actions, the Legislature

20  specified with its 1996 amendment to section 366.2 that the statute applies to actions

21  on a liability '***whether accrued or not accrued***.'  We may not disregard that clear

22  language."  *Id.* (emphasis added).  The *Bradley* court went on to state, "Accordingly,

23  the only conclusion possible from the plain and unambiguous language of section

24  366.2 is that it applies to bar appellants' action for equitable indemnity, regardless

25  of whether that action has accrued under ordinary rules applicable to such claims."

26  *Id.* at 804-05.

27      Here, Counterclaimants' claims are barred regardless of whether or not they

28  accrued because standard rules regarding equitable indemnity do not apply.  Section

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL (714) 634-2522 • FAX (714) 634-0686

3427029.1
4326-3.3809

MEMO OF POINTS/AUTHORITIES IN SUPPORT OF  F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE

9

366.2 unambiguously trumps the necessity of accrual based upon a judgment by including the language "whether accrued or not accrued."  Counterclaimants cannot rely on a judgment to trigger the applicable statute of limitations.  Based upon the Counterclaimants' own pleadings, the alleged injuries suffered by Counterclaimants existed prior to Al Goldberg's and Betty Goldberg's deaths.  Their respective dates of death thus started the clock pursuant to Section 366.2, and the counterclaims are now time-barred.

### iii.    Public policy considerations favor statutes of limitations like section 366.2.

The California Supreme Court has noted that public policy considerations favor statutes of limitations such as Section 366.2.  "Our Supreme Court has noted that irrespective of the equities between or among multiple tortfeasors, the right of indemnity is subject to qualification, and countervailing considerations may limit recovery.  Public policy considerations may override the general goal of equitable allocation of loss and require imposing some limitation on the right to indemnity in certain circumstances." *Bradley,* 73 Cal. App. 4th at 805-06; *see, also, Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital* (1994) 8 Cal. 4th 100, 109–111 (discussing the principles of indemnification).  Specifically as Section 366.2, the *Bradley* court noted:

> [T]he Legislature has made a public policy determination that effectively limits or qualifies the right of indemnity. The Legislature has determined that the one-year statute of limitations will best effectuate the strong public policy of expeditious and final estate administration, despite the possibility that in a rare case such as the present one, an action for equitable indemnity may be foreclosed.  This court has neither the authority nor the inclination to substitute its judgment for that of the Legislature on such policy matters. Our limited role in interpreting statutes is to follow the Legislature's intent as exhibited by the plain meaning of the statutory language, whatever we may think of the wisdom, expediency, or policy underlying the act.

*Bradley,* 73 Cal. App. 4th at 805-06, citing *People v. Loeun*, 17 Cal. 4th 1, 8-9

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

3427029.1
4326-3.3809

MEMO OF POINTS/AUTHORITIES IN SUPPORT OF  F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE
10

1   (1997) ("[W]e are mindful of this court's limited role in the process of interpreting

2   enactments from the political branches of our state government.  In interpreting

3   statutes, we follow the Legislature's intent, as exhibited by the plain meaning of the

4   actual words of the law, whatever may be thought of the wisdom, expediency, or

5   policy of the act.") (internal quotations omitted).

6        As to Section 366.2, "Generally, a statute of limitations begins upon the

7   accrual of a cause of action, but the Legislature is free for policy reasons to adopt a

8   different rule." *Dacey, supra,* 196 Cal. App. 4th at 981-82.  The 1990 Law Revision

9   Commission recommendation for enactment of the one-year limitations period

10  stated:

11           A year is usually sufficient time for all debts to come to light.  Thus it
             is sound public policy to limit potential liability to a year; this will
12           avoid delay and procedural complication of every probate proceeding
             for the rare claim that might arise more than a year after the decedent's
13           death. . . . [A] general limitation period longer than one year would
             burden all probate proceedings for little gain.  The one-year limitation
14           period is a reasonable accommodation of interests and is widely
             accepted.
15

16       *Bradley*, 73 Cal. App. 4th at 801-02, citing *Recommendation Relating to*

17  *Notice to Creditors in Estate Administration* (Dec. 1989) 20 Cal. Law Revision

18  Com. Rep. (1990) at p. 512-513.

19       The *Bradley* appellants argued that "it was impossible for them to cross-

20  complain against [Breen's] estate within the time allowed by section 366.2,"

21  because Breed died in 1993, but appellants were not sued until 1997, well over a

22  year after Breen's death.  *Id.* at 805.  The Court acknowledged such an argument but

23  explained "that in adopting the limitations period, the Legislature plainly recognized

24  the risk that in unusual circumstances creditors would not be able to bring an action

25  within one year of death."  *Id.* at 805.

26       Such an unusual case arises here.  Counterclaimants may argue that they

27  could not have filed a *counterclaim* against the Goldberg Estates unless and until the

28  Goldberg Estates initiated the current  action against Counterclaimants in 2014.

MEMO OF POINTS/AUTHORITIES IN SUPPORT OF  F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE

11

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL: (714) 634-2522 • FAX (714) 634-0686

3427029.1
4326-3.3809

1  Counterclaimants might further argue that, if applied, Section 366.2 would

2  effectively foreclose Counterclaimants from bringing claims against the Goldberg

3  Estates.  The Legislature plainly recognized such a risk when drafting Section 366.2,

4  favoring the "expeditious and final estate administration" despite "the possibility

5  that in a rare case . . . an action for equitable indemnity may be foreclosed."

6  *Bradley,* 73 Cal. App. 4th at 805-06.  Because Counterclaimants' claims were filed

7  21 years after Al Goldberg's death and 12 years after Betty Goldberg's death, these

8  counterclaims are time barred.

9         Importantly, Counterclaimants' pleadings fail to allege facts that would toll or

10 otherwise create an exception to Section 366.2(a).  As Rule 12(c) motions are based

11 upon the content of the pleadings, Goldberg Estates are entitled to judgment as a

12 matter of law.

13     **D.     Granting the Goldberg Estates' requested relief may not leave**
         **Counterclaimants without a remedy.**

14

15        Should the Court grant the Goldberg Estates' motion and bar all of

16 Counterclaimants' causes of action against the Estates, Counterclaimants may not be

17 left completely without relief.  As counsel for the Goldberg Estates proposed

18 numerous times during Local Rule 7-3 conference of counsel going back to the

19 initial August, 2015 meet and confer, the Counterclaimants may seek relief by filing

20 their counterclaims in accordance with California Probate Code Section 550, *et seq.*,

21 which address insured claims.  Notably, Section 366.2 does not apply to claims

22 brought under Section 550(a).

23        "[A]n action to establish the decedent's liability for which the decedent was

24 protected by insurance may be commenced or continued against the decedent's

25 estate without the need to join as a party the decedent's personal representative or

26 successor in interest."  Cal. Prob. Code, § 550(a).  "***Notwithstanding Section 366.2***

27 ***of the Code of Civil Procedure***, if the limitations period otherwise applicable to the

28 action has not expired at the time of the decedent's death, an action under this

WALSWORTH

ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL (714) 634-2522 • FAX (714) 634-0686

3427029.1
4326-3.3809

MEMO OF POINTS/AUTHORITIES IN SUPPORT OF  F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE
12

1   chapter may be commenced within one year after the expiration of the limitations

2   period otherwise applicable."  Cal. Prob. Code, § 551 (emphasis added).

3   Procedurally, a case from the Eastern District is somewhat instructive.  As to

4   Sections 550, *et seq.*, the Court stated the section's requirements were met when the

5   party seeking recovery "named the Estate, served the insurance companies, and

6   proceeded against the Estate in name only." *Cal. Dept. of Toxic Substances Control*

7   *v. Interstate Non-Ferrous Corp.* (E.D. Cal. 2003) 298 F. Supp. 2d 930, 948-50.

8       Counterclaimants thus may still have the option to pursue relief pursuant to

9   Probate Code Section 550, *et seq.*  To date, counsel for Goldberg Estates has offered

10  to facilitate service upon an insurer and to execute a stipulation clarifying that

11  Counterclaimants' claims are brought against the Estates in name only, pursuant to

12  Section 550, *et seq.*, and not directly against the Goldberg Estates.  This proposal

13  was rejected despite having been told that Counterclaimants might add the insurers

14  at too late a date given the pleadings deadlines in the case.

15  **4.    Conclusion.**

16      Counterclaimants' causes of action against Goldberg Estates are time barred.

17  Pursuant to Federal Rules of Civil Procedure Rule 17, California state law governs

18  the Estate of Al Goldberg and Estate of Betty Goldberg's capacity to be sued.

19  California Code of Civil Procedure Section 366.2 unambiguously dictates that any

20  surviving claims must be brought within one year after an individual's death.  Al

21  Goldberg and Betty Goldberg died in 1994 and 2003, respectively, but the

22  Counterclaimants' did not bring their claims against the Goldberg Estates until

23  2015, well over one year after the Goldbergs' dates of death.  Pursuant to Section

24  366.2, these counterclaims are barred as untimely.  Because Counterclaimants

25  Donald George and Estate of Terrence George do not state facts sufficient to toll,

26  estop, or otherwise create an exception to Section 366.2, no triable issue of material

27  fact exists.  Goldberg Estates are thus entitled to judgment against Counterclaimants

28  Donald George and Estate of Terrence George as a matter of law.

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL: (714) 634-2522 • FAX (714) 634-0686

3427029.1
4326-3.3809

MEMO OF POINTS/AUTHORITIES IN SUPPORT OF  F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE
13

1

2  Dated:  December 7, 2015          WFBM, LLP

3

4

5                                    By:        /s/ Cristina M. Matsushima

6                                            FERDIE F. FRANKLIN
                                             KAREN P. AGELSON
7                                            CRISTINA M. MATSUSHIMA
                                             Attorneys for COUNTER DEFENDANTS
8                                            Estate of Betty Goldberg, deceased; Estate of
                                             Al Goldberg, deceased; by and through their
9                                            successor in interest, Daniel Rubin

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WALSWORTH
ONE CITY BOULEVARD WEST, FIFTH FLOOR
ORANGE, CALIFORNIA 92868-3677
TEL. (714) 634-2522 • FAX (714) 634-0686

3427029.1
4326-3.3809

MEMO OF POINTS/AUTHORITIES IN SUPPORT OF  F.R.C.P. 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO COUNTERCLAIMS OF DONALD GEORGE AND ESTATE OF TERRENCE GEORGE
14