1  **Matthew C. Bures (SBN 143361)**
   *mcbures@wolfewyman.com*
2  **Christopher T. Johnson (SBN 209685)**
   *ctjohnson@wolfewyman.com*
3  **WOLFE & WYMAN LLP**
   **2301 Dupont Drive, Suite 300**
4  **Irvine, California 92612-7531**
   **Telephone:  (949) 475-9200**
5  **Facsimile:   (949) 475-9203**

6  **Attorneys for Intervenors**
   **VIGILANT INSURANCE COMPANY; THE STANDARD FIRE INSURANCE**
7  **COMPANY; GREAT AMERICAN INSURANCE COMPANY OF NEW**
   **YORK, f/k/a/ AMERICAN NATIONAL FIRE INSURANCE COMPANY;**
8  **CENTURY INDEMNITY COMPANY, as Successor to CCI INSURANCE**
   **COMPANY, as Successor to INSURANCE COMPANY OF NORTH**
9  **AMERICA**

10 **Attorneys for Defendants**
   **THE ESTATE OF BENJAMIN F. FOHRMAN, DECEASED, and THE**
11 **ESTATE OF ROBERT SCHACK, DECEASED**

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15 ESTATE OF BETTY GOLDBERG,              Case No.:  5:14-cv-01872-DSF (SHx)
   DECEASED and ESTATE OF AL
16 GOLDBERG, DECEASED, by and            Assigned for all purposes to:
   through their successor in interest Daniel   Judge Dale S. Fischer
17 Rubin,

18              Plaintiffs,              **INTERVENORS' OPPOSITION**
                                         **TO PLAINTIFFS' MOTION FOR**
19        v.                             **JUDGMENT ON THE**
                                         **PLEADINGS; DECLARATION OF**
20 GOSS-JEWETT COMPANY, INC,             **CHRISTOPHER T. JOHNSON**
   et al.,
21                                       DATE:      January 4, 2016
                                         TIME:      1:30 p.m.
22              Defendants.              CTRM:      840

23

24 AND RELATED CROSS-ACTIONS            Action Filed:      9/8/2014
   AND THIRD-PARTY ACTIONS.             Trial Date:        9/13/2016
25

26

27

28 ///

                                    1

## TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................... 1

II.     THE INTERVENORS' COUNTERCLAIMS ARE NOT BARRED BY
        CCP § 366.2.......................................................................................... 3

        A.      Intervenors' Claims Are Defensive in Nature. ...................................... 3

        B.      CCP § 366.2 Does Not Bar Intervenors' Counterclaims, Because
                the Counterclaims Are Defensive in Nature. ......................................... 5

        C.      Other Cases Demonstrate that the Statute of Limitations  Does
                Not Bar Counterclaims That Are Defensive in Nature. ......................... 8

        D.      California Cases in Different Context Show That Defensive
                Claims Seeking to Reduce a Plaintiff's Recovery in
                Environmental Cases Do Not Comprise Claims for Damages or
                Other Affirmative Relief. .................................................................... 12

III.    THE MOTION WOULD LEAD TO AN UNJUST RESULT. .................... 14

IV.     CONCLUSION .................................................................................... 15

2178792.1

# TABLE OF AUTHORITIES

**Cases**

*APL Co. Pte Ltd. v. Kemira Water Solutions, Inc.*, 999 F. Supp. 2d 590
 (S.D.N.Y. 2014) ................................................................................................5

*Beach v. Ocwen Fed. Bank* , 523 U.S. 410
 (1998) ..............................................................................................................3

*Board of Trustees of the Leland Stanford Jr. Univ. v. Roche Molecular Sys., Inc.*,
 487 F. Supp. 2d 1099, 1112 (N.D. Cal. 2007) .........................................8, 9

*Bradley v. Breen*, 73 Cal.App.4th 798
 (1999) ............................................................................................................14

*CDM Investors, et al. v. Travelers Cas. & Surety Co., et al.*,139 Cal.App.4th 1251
 (2006) ............................................................................................................12

*City of Colton v. Am. Promotional Events, Inc.,* 2012 WL 32606, at *5
 (C.D. Cal. Jan. 5, 2012) ..................................................................................5

*City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1035
 (9th Cir. 2003) ....................................................................................8, 10, 11

*Haskins v. Employers Ins. of Wassau*, 2015 WL 831184
 (N.D. Cal. Feb. 23, 2015) .............................................................................14

*Katherine G. ex rel. Cynthia G. v. Kentfield School Dist.*, 261 F. Supp. 2d 1159
 (N.D. Cal. 2003) ..............................................................................................8

*Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613
 (2002) ............................................................................................................14

*Luckenbach S.S. Co. v. United States*, 312 F.2d 545, 548
 (2d Cir.1963) .................................................................................................10

*Maretzki v. Hengstler,* 2002 WL 1677712, *1-2
 (Cal.App. 2002)...........................................................................................2, 6

*Palmtree Acquisition Corp. v. Neely*, 2010 WL 3910370, at *2
 (N.D. Cal. Oct. 4, 2010) ................................................................................14

*Reiter v. Cooper*, 507 U.S. at 263
 (1993) .....................................................................................................2, 6, 7

*Styne v. Stevens,* 26 Cal.4th at 52
 (2001) ...........................................................................................................3, 5

*United States v. Sensient Colors, Inc.*, 580 F. Supp. 2d 369
 (D.N.J. 2008)....................................................................................................5

*United States v. Western Pacific Railroad Co.,* 352 U.S. at 71
 (1956) ........................................................................................................7, 10

**TABLE OF CONTENTS / TABLE OF AUTHORITIES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

Statutes

Code of Civil Procedure § 366.2 ..........................................................................passim

iii
**TABLE OF CONTENTS / TABLE OF AUTHORITIES**

2178792.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Intervenors Vigilant Insurance Company, The Standard Fire Insurance Company, Great American Company of New York, and Century Indemnity Company, along with Defendants Estate of Robert Schack, Deceased, and Estate of Benjamin F. Fohrman, Deceased (collectively, "Intervenors") submit this opposition to the motion to dismiss ("Motion") filed by the Plaintiffs and Counterdefendants the Estate of Betty Goldberg, deceased and the Estate of Al Goldberg, deceased (collectively, the "Plaintiffs").

## I.   INTRODUCTION

Intervenors agree with the Plaintiffs that under Code of Civil Procedure § 366.2 all claims seeking to obtain payment from a decedent or the decendent's estate are barred if the claims are not brought within one year after the date of death.  Al Goldberg died in 1994.  Betty Goldberg died in 2003.[1]  Thus, Intervenors agree that no one can sue the Plaintiffs at this time to recover a payment of damages or to obtain any other affirmative award from the estates.  Nevertheless, the Plaintiffs' Motion for Judgment on the Pleadings against the Intervenors' counterclaims should be denied.  The Intervenors' counterclaims expressly state that they do not seek affirmative recovery from the Plaintiffs.  (Declaration of C. Johnson, Exh. A, pp. 48-51 [¶¶ 21, 27, 32, & 38].)  Rather, the counterclaims plead purely defensive claims, alleging that the Plaintiffs' recovery under their complaint against the defendants should be reduced to the extent the Goldbergs were responsible for contamination at issue.  (*See id*.)  The statute of limitations under Section 366.2 does not bar these defensive counterclaims, which seek only to reduce the Plaintiffs' recovery against

---

[1] Intervenors do not oppose Plaintiffs' Request for Judicial Notice of the Death Certificates for Betty Goldberg and Al Goldberg.  Plaintiffs do not rely on the Declaration of Daniel Rubin in the present motion, and apart from stating the dates of Mr. and Ms. Goldberg's deaths, the assertions of that declaration are not subject to judicial notice.

1

**INTERVENORS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

1    defendants, but do not seek any payment or other recovery from the Plaintiffs.

2         California law is clear that statutes of limitations do not apply to defenses.

3    *Styne v. Stevens* (2001) 26 Cal.4th 42, 51-52 ("Under well-established authority, a

4    defense may be raised at any time, even if the matter alleged would be barred by a

5    statute of limitations if asserted as the basis for affirmative relief.").

6         Citing this rule, a California court specifically held that Section 366.2 does not

7    bar an action against an estate that does not seek recovery from the estate, but only

8    seeks to preclude the estate from obtaining relief against the party bringing the

9    action. *Maretzki v. Hengstler* (Cal.App. 2002) 2002 WL 1677712, *1-2 (holding that

10   Section 366.2 did not bar a party from filing an action against an estate to quiet title

11   to a parcel of real property – after the one-year limitations period expired – where the

12   party did not seek to recover from the estate, but merely sought to prevent the estate

13   from foreclosing against property held by the party bringing the claim).

14        Federal cases – including cases cited in the Plaintiffs' Motion – also defeat the

15   Plaintiff's argument.  In *Reiter v. Cooper*, 507 U.S. 258, 262-265 (1993), the

16   Supreme Court held that the statute of limitations did not bar a defendant's

17   counterclaim against the plaintiff – raised after the limitations period – where the

18   counterclaim pled offset claims that merely sought to reduce the plaintiff's recovery

19   from the defendant, but did not seek affirmative recovery from the plaintiff.  Thus,

20   the Supreme Court holds that a defendant's counterclaims that are defensive in

21   nature – and that do not seek affirmative recovery from the plaintiff – are not barred

22   by statutes of limitations where the plaintiff's main action is timely.  *Reiter v.*

23   *Cooper*, *supra,* 507 U.S. at 262-265.

24        In short, whether a defensive claim is technically pled as a counterclaim or an

25   affirmative defense, the statute of limitations does not bar a defendant's claim that

26   only seeks to reduce the plaintiff's recovery.  *See Id.*  Statutes of limitations "act as

27   shields, not swords," and do not permit a plaintiff to pursue claims against a

28

2

**INTERVENORS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1    defendant while seeking to preclude defensive claims asserted in response.  (*Styne v.*
2    *Stevens, supra*, 26 Cal.4th at 51-52.)

3         Contrary to the Plaintiffs' public policy assertions, courts hold that the public
4    policy behind statutes of limitation is to bar litigation when the entire suit is stale, but
5    not to preclude consideration of particular issues.  As the United States Supreme
6    Court and the California Supreme Court have both held, "the object of a statute of
7    limitations in keeping 'stale litigation out of the courts,' … would be distorted if the
8    statute were applied to bar an otherwise legitimate defense to a timely lawsuit, for
9    limitation statutes 'are aimed at lawsuits, not at the consideration of particular issues
10   in lawsuits.'"  (*Beach v. Ocwen Fed. Bank* (1998) 523 U.S. 410, 415, quoted in *Styne
11   v. Stevens,* 26 Cal.4th at 52 (2001).)

12        For these reasons, and the reasons set out below, the Court should deny the
13   Motion for Judgment on the Pleadings against Intervenors' Counterclaims.[2]

14   **II.    THE INTERVENORS' COUNTERCLAIMS ARE NOT BARRED BY**
15   **CCP § 366.2**

16        **A.    Intervenors' Claims Are Defensive in Nature**

17        As the Intervenors' counterclaims make clear, Intervenors are not seeking any
18   payments or other affirmative relief from Plaintiffs.  The claims seek only to reduce
19   any recovery obtained by the Plaintiffs under their complaint, to the extent Al and
20   Betty Goldberg were responsible for alleged damage pled in their complaint.  Simply
21   put, the Counterclaims do not seek any recovery from Plaintiffs, but only assert
22   claims that are defensive in nature.

23        Specifically, the Intervenors' counterclaims plead claims for contribution,
24   indemnity, and declaratory relief.  (Johnson Decl.,, Exh. A, at ¶¶ 15-38.)  The

---

[2]  To the extent any other defendants' counterclaims assert claims for recovery of
payments from the Plaintiffs – rather than claims merely seeking to reduce the
Plaintiffs' recovery from the defendants – any such claims for payment by the
Plaintiffs should be dismissed under Section 366.2.

**INTERVENORS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

2178792.1

counterclaims plead that the Intervenors seek to reduce any recovery by the Plaintiffs by way of setoff.  In each claim for relief, the counterclaims expressly plead:

> "<u>By this Counterclaim, Intervenors are not seeking any affirmative relief against Counter Defendants</u>.  The sole relief sought by this Counterclaim is in the way of setoff, contribution, or a reduction of any judgment or liability against Intervenors, or to reimpose upon Plaintiffs that for which Plaintiffs are already legally obligated."

(*Id*., at ¶¶ 21, 27, 32, 38; emphasis added.)

The Intervenors initially pled these defensive claims in their answers to the Plaintiffs' Complaint.  (Johnson Decl., Exh. B., pp. 33-38.)  However, counsel for Plaintiffs argued that defendants could not raise these defensive claims as affirmative defenses, but could only raise these issues by filing counterclaims under Section 113 of CERCLA.  (Johnson Decl., Exh. C.)  Remarkably, the Plaintiffs' counsel insisted that the defendants had to file counterclaims against the Plaintiffs.[3]

The Plaintiffs' present Motion also argues that Intervenors' offset claims must be pled as counterclaims, and cannot be pled as affirmative defenses in an answer. (*See* Motion at pp. 12-16.)  The Supreme Court has clarified that Section 113 provides the mechanism for seeking offset, allocation, and preventing "any inequitable distribution of costs" in an action under Section 107(a).  *United States v. Atlantic Research Corp.*, 551 U.S. 128, 139-40 (2007).  The Motion argues – and several District Court decisions perhaps suggest – that defenses to a CERCLA Section 107(a) action such as setoff, allocation, or apportionment might *only* be asserted via a counterclaim under Section 113, and not pled as affirmative defenses.

---

[3]  Intervenors believe that the Plaintiffs' counsel demanded that the defendants file counterclaims against the Plaintiffs in order to assert that the Plaintiffs' insurers are required to provide a defense as to such counterclaims (that is, to pay for the Plaintiffs' attorneys' fees incurred in the case).  Although any such argument is incorrect, that issue is not presented on this Motion.

4

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

2178792.1

See, e.g., APL Co. Pte Ltd. v. Kemira Water Solutions, Inc., 999 F. Supp. 2d 590, 624-25 (S.D.N.Y. 2014); City of Colton v. Am. Promotional Events, Inc., 2012 WL 32606, at *5 (C.D. Cal. Jan. 5, 2012); United States v. Sensient Colors, Inc., 580 F. Supp. 2d 369, 380 (D.N.J. 2008).

Accordingly, after the Plaintiffs' counsel previously asserted that the defendants could not raise these issues by defenses pled in their answers, to avoid motion practice on this issue, Intervenors filed an amended answer with counterclaims, which pled these defensive claims both as affirmative defenses and as counterclaims under CERCLA Section 113. (See ECF No. 130.) As the pleadings make clear, the Intervenors' counterclaims only plead defensive claims seeking to reduce the Plaintiffs' recovery against the defendants under the complaint. The Intervenors' counterclaims expressly state that they do not seek to obtain any payment or other affirmative award from the Plaintiffs. (Johnson Decl., Exh. A, at ¶¶ 21, 27, 32, 38.)[4]

**B.     CCP § 366.2 Does Not Bar Intervenors' Counterclaims, Because the Counterclaims Are Defensive in Nature**

California law holds that statutes of limitations do not apply to defenses. Styne v. Stevens, supra, 26 Cal.4th at 51-52 ("a defense may be raised at any time, even if the matter alleged would be barred by a statute of limitations if asserted as the basis for affirmative relief.").

Citing Styne v. Stevens, a California appellate court has held that Section 366.2 does not bar an action against an estate that does not seek recovery from the estate, but only seeks to preclude the estate from obtaining relief against the party bringing the action. Maretzki v. Hengstle, supra, 2002 WL 1677712, *1-2. Maretzki held

---

[4] Moreover, during the meet and confer concerning the present Motion, Intervenors offered to dismiss any claims for court costs set out in the counterclaims. *The Intervenors are not seeking any recovery in this case from the Plaintiffs, but only seek to reduce the Plaintiffs' recovery from defendants.*

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

2178792.1

1    that Section 366.2 did not apply to preclude the defendant's action to quiet title

2    because "the action was not an affirmative claim" seeking recovery from the estate,

3    but instead comprised a defensive proceeding to preclude the estate from obtaining

4    the property.  *Id.*

5         For the same reason, Section 366.2 does not bar the Intervenors in this case

6    from filing defensive counterclaims, which do not plead claims seeking recovery

7    from the Plaintiffs, but instead are defensive pleadings that seek to limit or reduce

8    any recovery by the Plaintiffs from the defendants under the complaint.

9         The Plaintiffs attempt to avoid the rule that statutes of limitations do not apply

10   to defenses, by arguing that there is a strict distinction in this regard between issues

11   pled as "counterclaims" and as "defenses."  (*See* Motion at pp. 12:3-14:9.)  But the

12   case law, even that cited in Plaintiffs' Motion, defeats the Plaintiffs' position.

13        For example, the Motion cites the Supreme Court's decision in *Reiter v.*

14   *Cooper*, *supra,* 507 U.S. at 265, for the proposition that counterclaims are different

15   from defenses.  (Motion, at 12:15-25, citing *Reiter, supra*.)  The Motion goes on to

16   argue that statutes of limitations do not apply to defenses, but do apply to

17   counterclaims.  (Motion, at 14-16.)  But the Motion ignores the Supreme Court's

18   discussion of the statute of limitations in *Reiter*, which makes it clear that statutes of

19   limitation do not bar a defendant from raising counterclaims that are defensive in

20   nature and do not seek recovery from the plaintiff.  *See Reiter v. Cooper*, *supra,* 507

21   U.S. at 262-265.

22        *Reiter* involved a dispute concerning shipping rates under the Interstate

23   Commerce Act (the "ICA").  The plaintiffs asserted a claim against the defendants,

24   claiming the defendants had undercharged for shipments, by charging amounts

25   below the rates on file with the Interstate Commerce Commission.  (*See id.* at 261-

26   262.)  The defendant pled that ICA §§ 10701(a) and 11705(b)(3) provided a defense

27   to the plaintiffs' claims, based on the reasonableness of the rates charged.  (*Id.* at

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

6

**INTERVENORS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

262.)  Similar to the Plaintiffs' argument here, the plaintiffs in *Reiter* argued that the defendants' contention under the ICA could only be raised by counterclaim, not as a defense, and argued that the statute of limitation under ICA § 11706(c)(2) barred the defendants from raising the issue by a counterclaim under § 10701(a).  The Court rejected that argument.  (*Reiter v. Cooper*, *supra,* 507 U.S. at 263-265.)

The *Reiter* court held that the plaintiffs' contention – that the unreasonableness issue could "not be asserted as a 'defense'" under the applicable statutes – "may be true in a technical sense, since § 11705(b)(3) provides a *cause of action* rather than a *defense*."  *Reiter v. Cooper*, *supra,* 507 U.S. at 263 (italics in original).  The court further held that the defenses pled in the answer were properly treated as counterclaims seeking to reduce the plaintiffs' claims by way of offset.  *Id.*

The Supreme Court then held that the statute of limitations did not bar the defendants' counterclaims – although the limitations period had run – because the counterclaims only sought to reduce the plaintiffs' claimed recovery from the defendants by way of "recoupment" (*i.e.,* offset).  *Id.* at 263-264.  The court held that defensive offset claims "are generally not barred by the statute of limitations so long as the main action is timely."  *Id.* at 264, citing, *e.g., United States v. Western Pacific Railroad Co.,* 352 U.S. 59, 71 (distinguishing between an affirmative claim for recovery that would have been time-barred, and a defensive claim to reduce the plaintiff's recovery by offset, which was not barred).

In short, *Reiter* held that the statute of limitations does not apply to counterclaims that only seek to reduce the plaintiff's recovery under the complaint, where the defensive claim may not be asserted as a defense "in a technical sense" but must instead be pled as a counterclaim.  *Id.* at 262-264.  *Reiter* thus demonstrates that the Motion should be denied.  Similarly, the other case cited with *Reiter* in the Motion, *Katherine G. ex rel. Cynthia G. v. Kentfield School Dist.*, 261 F. Supp. 2d 1159, 1186 (N.D. Cal. 2003), involved claims of recoupment – *i.e.*, the setting off

7

**INTERVENORS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

against asserted liability of a counterclaim arising out of the same transaction – and does not support the Plaintiffs' assertions.

## C.   Other Cases Demonstrate that the Statute of Limitations Does Not Bar Counterclaims That Are Defensive in Nature

Other cases discussed in the Motion also demonstrate that statutes of limitations do not bar counterclaims that are merely defensive in nature.  The Motion cites *Board of Trustees of the Leland Stanford Jr. Univ. v. Roche Molecular Sys., Inc.*, 487 F. Supp. 2d 1099, 1112 (N.D. Cal. 2007) ("*Stanford v. Roche*"), for the proposition that a "proper affirmative defense does not seek affirmative recovery," but seeks "only to preserve the status quo." (Motion at 14:22-28.)  That case defeats the Plaintiffs' position in the present Motion.

In that case, plaintiff Stanford alleged that defendant Roche infringed on patents held by Stanford.  *Id.* at 1105.  Roche asserted counterclaims raising three different issues, and Stanford argued that the counterclaims were barred by applicable statutes of limitation.  *Id.* at 1111.  As the court explained:  "Roche responds that, notwithstanding the counterclaim appellation, its three claims against plaintiff are actually 'defenses.'  Applying this characterization, defendant invokes the well-worn rule that 'a statute of limitations should be used only as a shield, not a sword.'  *Id.* at 1111-1112, quoting from *City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1034 (9th Cir. 2003).

The *Stanford v. Roche* court then agreed with defendant Roche that one of its counterclaims was purely defensive, and the court thus held that the statute of limitations did not preclude Roche from raising that contention.  *Id.* at 1112 (holding that Roche's counterclaim that it had a license to the patents at issue was merely defensive and thus was not time-barred).

By contrast, the court held that Roche's other two counterclaims were not purely defensive, but asserted affirmative claims for relief.  *Id.*  By those claims,

8

**INTERVENORS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

1  Roche asserted that it was the owner of patents at issue.  The court held that because

2  those two counterclaims sought affirmative relief – that is, sought to transfer

3  ownership of the patents from Stanford to Roche – those claims were not defensive

4  and were barred by the statute of limitation.  *Id.*

5       Thus, *Stanford v. Roche* confirms the distinction between counterclaims that

6  are purely defensive in nature, and counterclaims that seek affirmative recovery from

7  a plaintiff.  *Id.*  The court held that a defendant "may raise a time-barred claim for an

8  offset" to limit the plaintiff's recovery, while also holding that where a defendant

9  "seeks affirmative recovery" its counterclaim may be subject to an applicable statute

10  of limitations.  *Id.* at 1112.

11      In this case, Intervenors' counterclaims expressly plead that they do not seek

12  any affirmative relief from the Plaintiffs.  (Johnson Decl., Exh. A., at ¶¶ 21, 27, 32,

13  38.)  Accordingly, the counterclaims here are not subject to the statute of limitations

14  under Section 366.2.

15      Moreover, the Motion's discussion of the "status quo" addressed in *Stanford v.*

16  *Roche* is misguided.  The "status quo" discussed in that case refers to the situation

17  that existed at the time the complaint was filed.  That is, a defensive claim seeks to

18  preserve the "status quo" by precluding (or limiting) the plaintiff's claim for

19  recovery, as is the case with Intervenors' counterclaims in this case.

20      By contrast, a counterclaim that raises affirmative claims for recovery seeks to

21  change the status quo that existed when the plaintiff filed the complaint, as the

22  defendant seeks to obtain greater rights as against the plaintiff than existed when the

23  case was filed.  The Plaintiffs miss the point of the *Stanford v. Roche* case.  Contrary

24  to the argument in the Motion, *Stanford v. Roche* demonstrates that the present

25  Motion should be denied.

26      The Motion also misses the point of another cited decision.  Quoting from *City*

27  *of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1035 (9th Cir. 2003), the Motion

28

9

**INTERVENORS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

states:  "[W]hether affirmative defenses are exempt from statutes of limitations largely hinges on a realistic assessment of the parties' litigation posture," and a party "cannot engage in a subterfuge to characterize a claim as a defense in order to avoid a temporal bar."  *City of Saint Paul* conflicts with the Plaintiff's position, however.

In that case, the plaintiff City sued Tanadgusix Corporation ("TDX"), in a dispute over ownership of land.  *City of Saint Paul, Alaska v. Evans*, *supra,* 344 F.3d at 1030-1031.  TDX filed counterclaims, and the City pled "affirmative defenses" that were identical to the City's claims asserted in its complaint.  *Id.* at 1031.  The District Court found that the City's claims pled in its complaint were barred by the applicable statute of limitations, but the District Court "permitted the City to raise the identical allegations as defenses to TDX's counterclaims…."  *Id.*  By contrast, the Ninth Circuit held that the statute of limitations barred the City's affirmative defenses – as those claims were identical to the City's claims in its complaint.  *Id.*

In reaching that conclusion, the Ninth Circuit reviewed various cases discussing the rule that statutes of limitations do not apply to preclude defensive claims.  *See City of Saint Paul, Alaska v. Evans*, *supra,* 344 F.3d at 1033-1034.  The court noted the "maxim that a statute of limitations should be used only as a shield, not a sword," and observed that "courts generally allow defendants to raise defenses that, if raised as claims, would be time-barred."  *Id.* at 1033 (citing, among  other cases, *Luckenbach S.S. Co. v. United States*, 312 F.2d 545, 548–549 (2d Cir.1963) (which permitted a company to seek a declaratory judgment of non-liability in response to government claim, even though the company's claim would have been time-barred if it had sought "affirmative recovery").  The *City of Saint Paul* court also cited *United States v. Western Pacific Railroad Co., supra,* 352 U.S. at 71-73, and emphasized the significant "difference between seeking affirmative recovery and having 'adjudicated questions raised by way of defense.'"  *City of Saint Paul, Alaska v. Evans*, *supra,* 344 F.3d at 1034.

**INTERVENORS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

After discussing the Supreme Court cases and other decisions holding that statutes of limitations do not bar defensive claims, the *City of Saint Paul* court pointed to the fact that the City was the plaintiff in the case – and that the City's affirmative defenses in its answer to the defendant's counterclaims pled the identical claims that the City pled in its complaint.  Addressing the cases discussed above, the court stated:   "A common thread running through these cases is the emphasis on the respective roles of the parties in the litigation as a whole.  It is important that the party asserting the defense is not, simultaneously or in parallel litigation, seeking affirmative recovery on an identical claim."  *City of Saint Paul, Alaska v. Evans*, *supra,* 344 F.3d at 1035.  It was in this context that the court made the statement that "whether affirmative defenses are exempt from statutes of limitations largely hinges on a realistic assessment of the parties' litigation posture."  *Id.*

Thus, the present Motion recited that statement from *City of Saint Paul* out of context.  The point of *City of Saint Paul* is that where a plaintiff asserts claims, and that plaintiff also asserts the identical claims as "affirmative defenses" in response to the defendants' counterclaim, the statute of limitation may preclude both the plaintiff's claims and its identical claims pled as affirmative defenses.  *Id.* at 1033-1035.  The court stated that "[t]o hold otherwise would permit plaintiffs, through a sort of jurisdictional jujitsu, to evade the limitations statutes by bringing a time-barred declaratory judgment action, waiting for the defendant to assert its interests in the form of a counterclaim, and then raising the identical time-barred claims as defenses."  *Id.* at 1031.

In short, *City of Saint Paul* does not support the Plaintiffs' Motion.  Like the plaintiff City in that case, here the Plaintiffs are "the aggressor in this litigation" and "disturbed the equilibrium between the parties by first [seeking relief] in court."  *Id.* at 1035 (cit. and int. quot. marks omitted).  *City of Saint Paul* demonstrates that where, as here, a defendant asserts claims that seek to reduce the

11

2178792.1

plaintiff's recovery – but do not seek to obtain recovery from the plaintiff – the
statute of limitations does not preclude such defensive claims.

  **D.**  <u>California Cases in Different Context Show That Defensive Claims
Seeking to Reduce a Plaintiff's Recovery in Environmental Cases
Do Not Comprise Claims for Damages or Other Affirmative Relief</u>

    Other California cases, decided in a different context, also demonstrate
that offset and contribution claims pled by a defendant in an environmental case
– which only seek to reduce the plaintiff's recovery from the defendant who pled the
claims – are defensive in nature and cannot be treated as affirmative claims for
relief.[5]

   First, in *CDM Investors, et al. v. Travelers Cas. & Surety Co., et al.* (2006)
139 Cal.App.4th 1251, 1267-1269, the Court of Appeal held that purely defensive
claims for offset and apportionment of pollution liability – pled in answer to a
plaintiff's complaint – do not comprise a claim for "damages" and cannot create a
duty to defend under insurance policies providing for defense of "suits" seeking
"damages."

   In that case, the Water Board had ordered a property owner to address
pollution at its property.  The property owner sued its former tenants, claiming they
were responsible for part of the pollution.  (*Id*. at 1266.)  The former tenants then
alleged claims for allocation and indemnity against the property owner, seeking to
reduce their own liability by imposing responsibility for pollution costs on the
property owner.  (*Id*. at 1266-1267.)  The property owner made an insurance claim,
arguing that it was entitled to a defense of the former tenants' claims for indemnity

---

[5]  The cases discussed in this section involved a question that is not before the Court
on the present Motion, concerning whether insurance policies that provide a duty to
defend "suits" seeking "damages" are obligated to defend against defensive claims
pled by defendants in environmental cases.  Although that issue is not presented
here, these cases are illustrative, as they hold that purely defensive claims pled in
environmental cases do not comprise claims for "damages" or other affirmative
recovery.

**INTERVENORS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

1  and apportionment.  (*Id*. at 1267.)  The *CDM Investors* court rejected that argument,

2  and held that the insurers did not have a duty to defend the former tenants' indemnity

3  and allocation claims against the insured, explaining that the tenants' indemnity

4  claim was purely defensive, as it "sought and functioned only to reimpose upon [the

5  insured] what [the insured] was already legally obligated for."  (*Id*. at 1268-1269.)

6      In other words, under California law, a purely defensive claim for allocation

7  and offset, seeking to reduce a plaintiff's recovery in an environmental action, does

8  not comprise a claim for affirmative "recovery" or damages against the plaintiff.

9      Second, in *Great American Ins. Co. v. Chang* (N.D. Cal. June 19, 2013) 2013

10  WL 3153279, the District Court cited *CDM Investors* in holding that defensive cross-

11  complaints filed against property owners by their former tenants did not amount to

12  claims for affirmative recovery or damages.

13      In *Chang,* government agencies had ordered a property owner to address

14  contamination at his property.  The property owner had been sued in a separate

15  action, by a tenant claiming that pollution at the property had harmed his restaurant

16  business.  The property owner filed cross-complaints against former tenants at the

17  property, seeking recovery for pollution caused by the tenants' dry cleaners operated

18  at the property.  The former tenants filed cross-complaints back against the property

19  owner.

20      The tenants' cross-complaints in *Chang* did not seek affirmative recovery

21  from the property owners, but merely sought "to reduce any liability the cross-

22  complainants may be found to have to the [owners] under cross-complaints the

23  [owners] had filed."  *Id*. at *9-*10.  The court held that the cross-complaints did not

24  amount to suits seeking damages, finding instead that the "cross-complaints in this

25  action are almost exclusively defensive."  *Id.* at *10.[6]

26  _____

27  [6] The *Chang* court distinguished one of the cross-complaints filed against the
    property owners, which pled affirmative claims.  *Id*. at *9-*10.

28

13

**INTERVENORS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

2178792.1

1    In short, under California law, where a defendant pleads allocation and offset

2    claims solely as a basis for reducing the plaintiff's recovery against the defendant,

3    and the defendant does not plead any claim for payment or other affirmative

4    recovery from the plaintiff, the defendant's counterclaims are properly treated as

5    defensive and do not comprise an action against the plaintiff.  And the cases cited

6    above make clear that such defensive counterclaims, which do not seek recovery

7    from the plaintiff, are not subject to statutes of limitation.

8    **III.    THE MOTION WOULD LEAD TO AN UNJUST RESULT**

9    Plaintiffs cite no case in which Code of Civil Procedure § 366.2 operated to

10   bar defensive claims against an estate that initiated litigation.  Each of the cited cases

11   involved claims or cross-claims against new parties.  In *Bradley v. Breen*, 73

12   Cal.App.4th 798, 800 (1999), the statute barred cross-claims against an estate, where

13   the defendant had been sued by a different party.  And *Palmtree Acquisition Corp. v.*

14   *Neely*, 2010 WL 3910370, at *2 (N.D. Cal. Oct. 4, 2010), involved third party claims

15   against an estate that was not already a party to the action.

16   Moreover, the Supreme Court has found that statutory immunities do not protect

17   against compulsory counterclaims.  *Lapides v. Bd. of Regents of Univ. Sys. of*

18   *Georgia*, 535 U.S. 613, 619 (2002).  In *Lapides*, the Supreme Court rejected

19   Georgia's assertion of sovereign immunity against a counterclaim filed in response

20   to the State's claim.  *Id.* The Court noted that the State of Georgia was correct that it

21   could have asserted this defense against a claim filed in the first instance, but the

22   Court refused to permit a state to "generate seriously unfair results" by wielding its

23   immunity as a sword that would preclude defensive claims pled in response to a suit

24   by the State.  *Id.*

25   _____

26   Also, a later case, *Haskins v. Employers Ins. of Wassau*, 2015 WL 831184 (N.D.

27   Cal. Feb. 23, 2015), distinguished *CDM* and *Chang*, and held that a counterclaim

     may give rise to a claim for defense of a suit, where the defendant/counterclaimant

28   pled that it was entitled to recovery from the plaintiff due to harm the plaintiff

     allegedly caused.

14

**INTERVENORS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

IV.   **CONCLUSION**

      For the reasons stated above, the Court should deny the Motion.


DATED:  December 14, 2015      WOLFE & WYMAN LLP


                                By:   _/s/ Christopher T. Johnson_
                                      MATTHEW C. BURES
                                      CHRISTOPHER T. JOHNSON
                           Attorneys for Intervenors
                           **VIGILANT INSURANCE COMPANY;**
                           **THE STANDARD FIRE INSURANCE**
                           **COMPANY; GREAT AMERICAN**
                           **INSURANCE COMPANY OF NEW**
                           **YORK, f/k/a/ AMERICAN NATIONAL**
                           **FIRE INSURANCE COMPANY;**
                           **CENTURY INDEMNITY COMPANY, as**
                           **Successor to CCI INSURANCE**
                           **COMPANY, as Successor to INSURANCE**
                           **COMPANY OF NORTH AMERICA**

                           Attorneys for Defendants
                           **THE ESTATE OF BENJAMIN F.**
                           **FOHRMAN, DECEASED, and THE**
                           **ESTATE OF ROBERT SCHACK,**
                           **DECEASED**

**INTERVENORS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

2178792.1

1

**PROOF OF SERVICE**

2 | **STATE OF CALIFORNIA** )
  | )  **ss.**
3 | **COUNTY OF ORANGE** )

4 | I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action.
5 | My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612-7531.  My e-mail address is rsnichols@wolfewyman.com.

6 | On December 14, 2015, I served the document(s) described as **INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS; DECLARATION OF**
7 | **CHRISTOPHER T. JOHNSON** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

8

9 | ☐ **BY MAIL**: as follows:

10 | ☐ **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

11 | ☒ **BY ELECTRONIC TRANSMISSION** as follows:  By filing and serving directly through United States
12 | District Court, Central District of California CM/ECF website at **https://ecf.cacd.uscourts.gov**.

13 | ☐ **BY E-MAIL** as follows:  I caused the above-named document(s) to be transmitted via e-Mail to each addresses' email as listed on the attached service list.

14 | ☐ **BY OVERNIGHT COURIER SERVICE** as follows:  I caused such envelope to be delivered by overnight
15 | courier service to the offices of the addressee.  The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

16 | ☐ **BY FACSIMILE** as follows:  I caused such documents to be transmitted to the telephone number of the
17 | addressee listed on the attached service list, by use of facsimile machine telephone number.  The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine.
18 | Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

19 | ☒ **FEDERAL**  I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

20 | Executed on December 14, 2015, at Irvine, California.

21 | _Rebecca Nichols_

22

23

24

25

26

27

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**SERVICE LIST**
**USDC – Central District, Case No.: 5:14-cv-01872-DSF (SHx_**
**Goldberg v. Goss-Jewett, et al.**
**W&W File No. 1414-058**
**[Revised: 12/7/2015]**

| | |
|---|---|
| Bret Stone, Esq.<br>PALADIN LAW GROUP LLP<br>3 West Carrillo Street, Suite 212<br>Santa Barbara, CA 93101 | Plaintiffs<br>ESTATE OF BETTY GOLDBERG, DECEASED<br>ESTATE OF AL GOLDBERG, DECEASED<br><br>bstone@paladinlaw.com,<br>rcasstevens@paladinlaw.com,<br>bpaget@paladinlaw.com |
| Ferdie Franklin, Esq.<br>Cristina Matsushima, Esq.<br>Karen Patrician Agelson, Esq.<br>WFBM LLP<br>One City Boulevard West, 5th Floor<br>Orange CA 92868 | Plaintiffs<br>ESTATE OF BETTY GOLDBERG, DECEASED<br>ESTATE OF AL GOLDBERG, DECEASED<br><br>cmatsushima@wfbm.com<br>kagelson@wfbm.com |
| Joseph Adams, Esq.<br>Farheena Habib, Esq.<br>BASSI EDLIN HUIE & BLUM LLP<br>500 Washington Street, Suite 700<br>San Francisco CA 94111 | Defendants<br>DONALD GEORGE<br>ESTATE OF TERRENCE GEORGE, DECEASED<br><br>jadams@behblaw.com<br>fhabib@behblaw.com |
| Sarah Evans, Esq.<br>SCHWARTZ SEMERDJIAN<br>CAULEY & MOOT LLP<br>101 West Broadway, Suite 810<br>San Diego CA 92101 | Defendant<br>ARTHUR ARNS<br><br>sarah@sscmlegal.com,<br>allison@sscmlegal.com |
| John Van Vlear, Esq.<br>NEWMEYER & DILLION LLP<br>895 Dove Street, Fifth Floor<br>Newport Beach CA 92660 | Defendant<br>DAROLD MERRITT<br><br>John.Vanvlear@ndlf.com,<br>jack.rubin@ndlf.com,<br>dan.miller@ndlf.com |

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2112585.1

| | | |
|---|---|---|
| 1 | Brian Ledger, Esq. | Defendant |
| 2 | Candice S. Nam, Esq. | JAMES ROSS |

Brian Ledger, Esq.
Candice S. Nam, Esq.
GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego CA 92101

Defendant
JAMES ROSS

bledger@gordonrees.com,
mgonzalez@gordonrees.com
cnam@gordonrees.com,
mzerbv@gordonrees.com

Gary Smith, Esq.
Ryan Tacorda, Esq.
Kaitlyn Day Shannon, Esq.
BEVERIDGE & DIAMOND PC
456 Montgomery Street, Suite 1800
San Francisco CA 94104

Third Party Defendant
PPG INDUSTRIES, INC.

gsmith@bdlaw.com,
acruz@bdlaw.com
rtacorda@bdlaw.com,
ronaka@bdlaw.com
kshannon@bdlaw.com

Felicia Starr, Esq.
Wendy Leigh Wilcox, Esq.
SKANE WILCOX LLP
1055 West 7th Street, Suite 1700
Los Angeles CA 90017

Third Party Defendants
PACIFIC ENGINEERING ASSOCIATES, INC.
CLAY SCOTT BRADFIELD

fstarr@skanewilcox.com,
angel@sanchez-mador.com,
gabrielle@sanchez-amador.com,
wwilcox@skanewilcox.com

Jeffrey Wilcox, Esq.
LEGAL DIVISION – STATE OF
CALIFORNIA DEPARTMENT OF
TRANSPORTATION
111 Grand Avenue, Suite 11-100
Oakland CA 94612

Third Party Defendant
CALTRANS

jeffrey.wilcox@dot.ca.gov

Campbell Hugh Greenup, Esq.
CENTRAL COAST INVESTORS
23480 Park Sorrento, Suite 250
Calabasas, CA 91302

Attorney for St. Paul Cleaners & Laundry, Inc.

ccventura@msn.com

Jeffrey S Bolender, Esq.
BOLENDER AND ASSOCIATES APC
2601 Airport Drive Suite 360
Torrance, CA 90505

Attorney for St. Paul Cleaners & Laundry, Inc.
310-784-2443
310-784-2444 (fax)
jbolender@bolender-firm.com

2112585.1

1   Benjamin L Caplan, Esq.                    Third Party Plaintiff
2   ALBRIGHT YEE & SCHMIT LLP                  Estate of Benjamin F. Fohrman, Deceased
    888 West 6th Street, 14th Floor            213-833-1700
3   Los Angeles, CA 90017                      213-833-1710 (fax)
                                               benjamin.caplan@ayslaw.com
4
    Farheena Habib, Esq.                       Third Party Plaintiff
5   Sean G. Herman, Esq.                       Estate of Terrence J. George
    BASSI EDLIN HUIE AND BLUM
6   500 Washington Street Suite 700            415-397-9006
    San Francisco, CA 94111                    415-397-1339 (fax)
7
                                               fhabib@behblaw.com
8                                              sherman@behblaw.com

9
    Erin Kathleen Poppler, Esq.                Attorney for Donald J. George
10  BASSI EDLIN HUIE & BLUM LLP                415-397-9006
    351 California Street Suite 200            415-397-1339 (fax)
11  San Francisco, CA 94104                    epoppler@behblaw.com

12  Daniel S Kippen, Esq.                      Attorney for Darold E. Merritt
    VOSS COOK AND THEL
13  895 Dove Street, Suite 450                 dkippen@vctlaw.com
    Newport Beach, CA 92660-2998
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28