1  FRED M. BLUM, ESQ. (SBN 101586)
   fblum@behblaw.com
2  JOSEPH B. ADAMS, ESQ. (SBN 194964)
   jadams@behblaw.com
3  SEAN G. HERMAN, ESQ. (SBN 302261)
   sherman@behblaw.com
4  BASSI, EDLIN, HUIE & BLUM LLP
   500 Washington Street, Suite 700
5  San Francisco, CA 94111
   Telephone:   (415) 397-9006
6  Facsimile:   (415) 397-1339

7  Attorneys for Defendant, Counter-claimant, and Third-Party Plaintiff
   the ESTATE OF TERRENCE J. GEORGE, Deceased and Defendant, Counter-
8  claimant, Cross-claimant, and Third-Party Plaintiff DONALD J. GEORGE

9

10                   UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BETTY GOLDBERG, Deceased and ESTATE OF AL GOLDBERG, Deceased, by and through their successor in interest, Daniel Rubin, <br><br> Plaintiffs, <br><br> vs. <br><br> GOSS-JEWETT COMPANY, INC., et al., <br><br> Defendants. <br><br> AND RELATED COUNTER AND THIRD-PARTY ACTIONS | Case No. 5:14-cv-01872-DSF-SH <br><br> **ESTATE OF TERRENCE J. GEORGE, Deceased, AND DONALD GEORGE'S JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COUNTER-DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> DATE:                    January 4, 2016 <br> TIME:                          1:30 PM <br> COURT ROOM:                      840 <br> PRES. JUDGE:     Hon. Dale S. Fischer <br> COMP. FILED:     September 8, 2014 <br> TRIAL DATE:     September 13, 2016 |

1400365

ESTATE OF TERRENCE J. GEORGE AND DONALD GEORGE'S JOINT MEMORANDUM OF Ps AND As IN
OPPOSITION TO COUNTERDEFENDANTS' MOTION FOR JUDGMENT ON PLEADINGS

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................1

II.   STATEMENT OF FACTS ....................................................................2

III.  LEGAL ARGUMENT ..........................................................................4

    A.  COUNTER-DEFENDANTS' MOTION FOR JUDGMENT ON PLEADINGS
        SHOULD BE DENIED .................................................................4

    B.  CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 366.2 DOES NOT
        APPLY TO COUNTER-CLAIMANTS' COUNTERCLAIMS ...........................5

        1.  Claims for Failure to Remediate Did Not "Arise" Until After
            Counter-defendants' Deaths ........................................................6

        2.  Claims for Counter-defendants' Continuing Liability Did Not
            "Arise" Until After Counter-defendants' Deaths ..................8

        3.  The Breen Case is Inapposite to the Facts of this Litigation ...9

    C.  EQUITABLE ESTOPPEL TOLLS IMPOSITION OF SECTION 366.2 ..............10

    D.  COUNTER-DEFENDANTS WAIVED THEIR SECTION 366.2 DEFENSE BY
        FILING COMPLAINT AGAINST COUNTER-CLAIMANTS ...........................12

    E.  IMPOSITION OF A STATUTE OF LIMITATIONS WILL NOT ACCOMPLISH
        SECTION 366.2'S PUBLIC POLICY GOALS ................................14

    F.  IN THE ALTERNATIVE, COUNTER-CLAIMANTS SHOULD BE GRANTED
        LEAVE TO AMEND THEIR COUNTERCLAIMS ................................15

IV.  CONCLUSION.....................................................................................16

ESTATE OF TERRENCE J. GEORGE AND DONALD J. GEORGE'S JOINT MEMORANDUM OF Ps AND As
IN OPPOSITION TO COUNTERDEFENDANTS' MOTION FOR JUDGMENT ON PLEADINGS

# TABLE OF AUTHORITIES

**Cases**

Austad v. U.S., 386 F.2d 147 (9th Cir. 1967)........................................................4

Battuello v. Battuello, 64 Cal. App. 4th 842 (1998).......................................... 10, 11

Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc., 2012 WL 1185945 (S.D. Cal. Apr. 9, 2012) ...............................................................5

Boyer v. Jensen, 129 Cal. App. 4th 62 (2005), as modified (May 12, 2005)..........13

Bradley v. Breen, 73 Cal. App. 4th 798 (1999)................................................. passim

Dacey v. Taraday, 196 Cal. App. 4th 962 (2011)..................................................6

Electronic Equipment Express, Inc. v. Donald He. Seiler & Co., 122 Cal. App. 3d 834 (1981) ...........................................................................................13

Ferraro v. Camarlinghi, 161 Cal. App. 4th 509 (2008) ........................................5, 6

Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542 (9th Cir. 1989)...................................................................................................4, 5

Halus v. San Diego Cnty. Assessment Appeals Bd., 789 F. Supp. 327 (S.D. Cal. 1992)........................................................................................................13

Leaf v. City of San Mateo, 104 Cal. App. 3d 398 (1980). .......................................8

McCoy v. Gustafson, 180 Cal. App. 4th 56 (2009)..................................................8

People of California v. Kinder Morgan Energy Partners, L.P., 569 F.Supp. 1073 (S.D. Cal. 2008)..........................................................................................8

Shewry v. Begil, 128 Cal. App. 4th 639 (2005) ......................................................6

Stoltenberg v. Newman, 179 Cal. App. 4th 287 (2009) .........................................14

Trindade v. Superior Court, 29 Cal. App. 3d 857 (1973).......................................12

Western Pipe & Steel Co. of California v. Tuolumne Gold Dredging Corp., 63 Cal. App. 2d 21 (1944).....................................................................................12

**Statutes**

California Code of Civil Procedure Section 366.2(a)...................................... passim

42 U.S.C.A. § 9607(a) .........................................................................3

42 U.S.C.A. § 9613(f) .........................................................................3

**Rules**

Federal Rule of Civil Procedure Rule 12(c) ...........................................15

ESTATE OF TERRENCE J. GEORGE AND DONALD J. GEORGE'S JOINT MEMORANDUM OF Ps AND As
IN OPPOSITION TO COUNTERDEFENDANTS' MOTION FOR JUDGMENT ON PLEADINGS

Defendant, Counter-claimant, and Third-Party Plaintiff ESTATE OF TERRENCE J. GEORGE, Deceased, and Defendant, Counter-claimant, Cross-claimant, and Third-Party Plaintiff DONALD J. GEORGE hereby submit this joint memorandum of points and authorities in opposition to Counter-defendants Estate of Al Goldberg, Deceased, and Estate of Betty Goldberg's, Deceased, by and through their successor in interest, Daniel Rubin, motion for judgment on the pleadings.

## I.   <u>INTRODUCTION</u>

The Estate of Terrence J. George, Deceased and Donald J. George's (hereinafter collectively "Counter-claimants") counterclaims against the Estate of Al Goldberg, Deceased, and Betty Goldberg, Deceased, by and through their successor Daniel Rubin, (hereinafter collectively "Counter-defendants") are not barred by the statute of limitations set forth in California Code of Civil Procedure Section 366.2(a).  Counter-claimants bring claims which relate to Counter-defendants' acts or omissions and related injuries continue through today. Counter-defendants' motion is simply an attempt to avoid the consequences of their inexcusable, decades-long delay.  Therefore, Counter-defendants' motion should be denied.

Section 366.2 does not bar the claims set forth by Counter-claimants for several reasons.  First, the counterclaims did not arise until after the Counter-defendants' respective deaths.  Courts have held such claims fall outside the scope of Section 366.2.  Second, the doctrine of equitable estoppel precludes Counter-defendants from now raising this defense after decades of inactivity.  Third, Counter-defendants waived any right to raise the defense afforded under Section 366.2 by filing their complaint against Counter-claimants in 2014.  The facts pled in Counter-claimants' respective pleadings set forth significant factual allegations

which demonstrate the inapplicability of Section 366.2.  Accordingly, Counter-claimants respectfully request that Counter-defendants' motion be denied.

## II.   STATEMENT OF FACTS

Al and Betty Goldberg filed two complaints involving the alleged perchloroethylene contamination of their property located at 220 West Gutierrez Street, Santa Barbara, California ("Property") prior to the instant action.  On April 27, 1992, Al and Betty Goldberg first filed a complaint entitled Goldberg v. Arns, Case No. 191974 ("1992 Litigation"), with the California Superior Court seeking recovery for costs related to remediation of the Property.  (ECF No. 107-2.)  On June 8, 1994, following a voluntary dismissal of the 1992 Litigation, Al and Betty Goldberg filed a new complaint also entitled Goldberg v. Arns, Case No. 2:94-cv-03834, with the United States District Court for the Central District of California ("1994 Litigation").  (ECF No. 107-3.)  While Donald J. George was among the many defendants named in the 1994 Litigation, the Estate of Terrence J. George, Deceased, was not.  (Id.)  The 1994 Litigation sought recovery of costs related to alleged contamination of the Property.  (ECF No. 107-3 ¶ 23.)

During the pendency of litigation, Al Goldberg passed away on September 13, 1994.  (ECF No. 208-5 ¶ 2.)  On April 12, 1996, the 1994 Litigation was removed from the active caseload.  (Counter-claimants' Request for Judicial Notice filed in Opposition to Counter-defendants' Motion ["George RJN"] ¶ 1) On January 14, 2003, Betty Goldberg passed away.  (ECF No. 208-5 ¶ 1.)

For the next seventeen years, there is no evidence that Counter-defendants took any action in the 1994 Litigation.  Additionally, there is no evidence that Counter-defendants took any action to remediate the Property.  On March 28, 2014, Counter-defendants' personal representative, Daniel Rubin, requested this Court to reopen the 1994 Litigation.  However, this Court denied the request on August 21, 2014 due to Counter-defendants' inexcusable failure to prosecute the

1994 Litigation.  (George RJN ¶ 2.)  This Court noted that while understandable from the Counter-defendants' representative's perspective, Al and Betty Goldberg's deaths and Mr. Rubin's lack of knowledge of the 1994 Litigation were insufficient to justify the two decades of delay.  (Id.)

Counter-defendants then filed the third iteration of this case.  On September 8, 2014, Counter-defendants filed their Complaint against several parties, including both Counter-claimants.  (ECF No. 1.)  The facts alleged in the Complaint mirror those set forth in the 1992 Litigation and the 1994 Litigation.  (Compare ECF No. 1, with ECF No. 107-2 and ECF No. 107-3.)  Following several defendants' motion for dismissal, Counter-defendants' remaining claims are 42 U.S.C.A. § 9607(a) (West 2015) ("CERCLA Section 107(a)"), 42 U.S.C.A. § 9613(f) (West 2015) ("CERCLA Section 113(f)"), contractual indemnification, Hazardous Substance Account Act contribution, equitable indemnity, and declaratory relief. (ECF No. 49.)

In response to Counter-defendants' claims against Counter-claimants, both Counter-claimants brought counterclaims against Counter-defendants.  The Estate of Terrence J. George, Deceased, filed its Counterclaims on March 9, 2015.  (ECF No. 85.)  Donald J. George filed his Counterclaims on May 5, 2015.  (ECF No. 107.)  Both counterclaims allege the same claims and rely upon the same facts. Specifically, Counter-claimants' claims are CERCLA 113(a), equitable indemnification, declaratory relief under Federal law, declaratory relief under State law, contribution, and negligence.  (ECF No. 85; ECF No. 107.)

Counter-claimants' claims also rely upon the same facts.  Counter-defendants' Complaint seeks cost recovery and contribution under CERCLA, which allows Counter-claimants to seek an equitable allocation from Counter-defendants and other parties under CERCLA Section 113(f).  (ECF No. 85 ¶ 22; ECF No. ¶ 32.)  Counter-claimants allege that Counter-defendants received

Cleanup & Abatement Order No. 93-66 by the California Regional Water Quality Control Board on September 28, 1993 for the purpose of cleaning up "hazardous substances" at the Property. (ECF No. 107 ¶ 20.) Counter-claimants also allege that Counter-defendants' unreasonable delay in litigating the 1994 Litigation resulted in a dismissal for lack of prosecution. (ECF No. 107 ¶ 18; ECF No. 85 ¶¶ 41 – 42.) Counter-defendants' failure to timely satisfy the Cleanup & Abatement Order and failure to timely prosecute the 1994 Litigation worsened the existing contamination of the Property. (ECF No. 107 ¶ 51; ECF No. 85 ¶ 41.) Lastly, the counterclaims also allege that a cause of the growing contamination is Counter-defendants' own negligent acts during their ownership of Tri-County Sales, Inc. between 1964 and 1968. (ECF No. 107 ¶¶ 28, 31; ECF No. 85 ¶¶ 16, 21.) This contamination remains unabated after decades of Counter-defendants' inaction, and the Counter-defendants' unreasonable and significant delay allows the contamination to further migrate throughout Counter-defendants' Property and beyond. (ECF No. 107 ¶¶ 21, 22, 49, 52; ECF No. 85 ¶ 42.) Based upon these aforementioned facts, Counter-claimants seek relief from Counter-defendants for costs which Counter-claimants may inequitably be held liable.

## III.   LEGAL ARGUMENT

### A.   COUNTER-DEFENDANTS' MOTION FOR JUDGMENT ON PLEADINGS SHOULD BE DENIED

When a party files a motion for judgment on the pleadings, courts regard all allegations of fact made by the opposing party as true, and any allegations of the moving party that have been denied are assumed to be false. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989), citing Doleman v. Meiji Mutual Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984); Austad v. U.S., 386 F.2d 147, 149 (9th Cir. 1967). Courts may not consider

material outside the complaint when ruling on such a motion, excepting documents specifically identified in the complaint whose authenticity is not questioned.  Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc., 2012 WL 1185945, *3 (S.D. Cal. Apr. 9, 2012), citing Fecht v. Price Co., 70 F.3d 1078, 1080 n. 1 (9th Cir.1995) (superseded by statutes on other grounds); Hal Roach, 896 F.2d at 1555.

Unless the moving party establishes that it is "clearly entitled to prevail," a court must deny the motion.  Doleman, 727 F.2d at 1482 (citation and quotation omitted).  To prevail, a moving party must "clearly establish[] that no material issue of fact remains to be resolved" and that those facts entitle the movant to judgment as a matter of law."  Doleman, 727 F.2d at 1482 (citations and quotation omitted).  Counter-defendants are unable to meet this threshold, and therefore Counter-claimants respectfully request that their motion be denied.

## B.   CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 366.2 DOES NOT APPLY TO COUNTER-CLAIMANTS' COUNTERCLAIMS

Counter-defendants' motion for judgment on the pleadings improperly seeks to impose the statute of limitations provided by California Code of Civil Procedure Section 366.2 to the unique facts presented in Counter-claimants' counterclaims.  Section 366.2 provides:

> If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

Cal. Civ. Proc. Code § 366.2(a) (West 2015).  The statute specifically contemplates a cause of action that could have been asserted against the decedent while she or he was alive.  Ferraro v. Camarlinghi, 161 Cal. App. 4th 509, 552 (2008), as modified on denial of reh'g (Apr. 24, 2008).  For such claims, Section 366.2 applies a statute

of limitations requiring the claims to be brought within one year after the date of death.  For the following reasons, Counter-claimants' counterclaims do not fall under the auspices of Section 366.2 and therefore Counter-defendants' motion should be denied.

### 1. Claims for Failure to Remediate Did Not "Arise" Until After Counter-defendants' Deaths

Counter-defendants' focus on Section 366.2's language regarding causes of action "whether accrued or not accrued" is misplaced since the operative inquiry for this motion is instead whether or not the causes of action "arose" prior to the decedents' deaths – which they did not.  A cause of action "accrues" when the statute of limitations begins running against the cause of action.  <u>Ferraro</u>, 161 Cal. App. 4th at 553, <u>citing</u> <u>Norgart v. Upjohn Co.</u>, 21 Cal. 4th 383, 397 (1999).  A cause of action "not accrued" is an otherwise "accrued" claim which was not discovered until after the decedent's death.  <u>Dacey v. Taraday</u>, 196 Cal. App. 4th 962, 983 (2011), <u>citing</u> <u>Ferraro</u>, 161 Cal. App. 4th at 554.  However, Section 366.2 does not bar causes of action which did not "arise" until after a decedent's death.  <u>Ferraro</u>, 161 Cal. App. 4th at 553.  A cause of action "arises" "when all the elements it comprises have come into being so that an action may be brought."  <u>Id.</u>, <u>citing</u> <u>Mosesian v. County of Fresno</u>, 28 Cal. 3d 493, 500 (1972).  The action which gives rise to the liability in contract, tort, or otherwise must therefore occur *prior* to the decedent's death.  <u>Dacey</u>, 196 Cal. App. 4th at 983, <u>citing</u> <u>Norgart</u>, 21 Cal. 4th at 397-98.  If a cause of action only "arises" *because of* a decedent's death, the cause of action falls outside the scope of what Section 366.2 otherwise bars.  <u>Shewry v. Begil</u>, 128 Cal. App. 4th 639, 644 (2005), <u>as modified</u> (May 4, 2005); <u>Ferraro</u>, 161 Cal. App. 4th at 553 ("One cannot properly say that a cause of action 'survives' a decedent if it only comes into existence upon the decedent's death…").

The Counter-claimants' counterclaims only "arose" because of and/or after Counter-defendants' deaths.  Specifically, Counter-claimants seek contribution for liability which "arose" out of Counter-defendants' failure to timely remediate the Property.  (ECF No. 107 ¶¶ 20 – 22, 51 – 54; ECF No. 85 ¶¶ 40 – 42.)  This is distinguished from any liability which Al and Betty Goldberg incurred during their respective lifetimes.  Rather, Counter-claimants seek relief concerning liability incurred by Al and Betty Goldberg's respective *estates* for acts and omissions which occurred after each of their deaths.  Counter-defendants' fundamental error in its motion is that it ignores the fact that Al and Betty Goldberg's respective estates, otherwise known as the Counter-defendants, possess their own obligations to remediate the Property.  It is Counter-defendants' failure to timely remediate their Property – a failure which continues to this very day – which results in their *continuing* liability.  (Id.)

Born out of the obligation to timely remediate their Property is Counter-defendants' duty to timely prosecute the 1994 Litigation.  (ECF No. ¶¶ 17 – 18, 22, 35 – 36, 48, 51 – 54; ECF No. 85 ¶¶ 17, 40 – 42.)  Al and Betty Goldberg brought claims during their lifetimes against various parties in the 1994 Litigation for the purpose of seeking contribution for costs of remediating their Property.  (ECF No. 107-3.)  Al Goldberg and Betty Goldberg then subsequently passed away during the pendency of the 1994 Litigation.  (ECF No. 208-5 ¶¶ 1 – 2.)  Much like their obligation to timely remediate their Property, Al and Betty Goldberg's estates, otherwise known as the Counter-defendants, had their own obligation to prosecute the 1994 Litigation.  Further, much like their failure to timely remediate their Property, Counter-defendants inexplicably failed to prosecute their case.  Pressed for an explanation for this delay, Counter-defendants' successor-in-interest, Daniel Rubin, offered this Court only that "the original Plaintiffs had died and Rubin was not aware of the suit until recently."  (George RJN ¶ 2.)  Counter-defendants admit

that the failure to timely address the contamination at the Property is explained as a *consequence* of Counter-defendants' respective deaths in 1994 and 2003.  (George RJN ¶ 2; ECF No. 208-5.)

Counter-defendants' failures to litigate and remediate, as alleged by Counter-claimants, did not "arise" – as distinguished from "accrued" – any time *prior* to Counter-defendants' respective deaths.  Instead, Counter-claimants' cause of action "arose *because of* or *after* the Counter-defendants' deaths.  Therefore, Counter-claimants' causes of action regarding Counter-defendants' failure to timely remediate and prosecute fall outside the scope of Section 366.2 and Counter-defendants' motion should respectfully be denied.

### 2.  Claims for Counter-defendants' Continuing Liability Did Not "Arise" Until After Counter-defendants' Deaths

Similarly, the continuation of the contamination resulting from Counter-defendants' operations of Tri-County Sales, Inc. between 1964 and 1968 is a continuing liability giving rise to a new and separate claim for damages.  Under California law, the statute of limitation accrues at the time of the last fact essential to the cause of action.  Leaf v. City of San Mateo, 104 Cal. App. 3d 398, 406 (1980).  When a nuisance is continuing, the injured party is entitled to bring a series of successive actions, each seeking damages for new injuries occurring.  McCoy v. Gustafson, 180 Cal. App. 4th 56, 58 (2009).  The "continuing" nature of the nuisance refers to the continuing damage, not to the acts causing the condition to occur.  People of California v. Kinder Morgan Energy Partners, L.P., 569 F. Supp. 1073, 1085 (S.D. Cal. 2008).  Similarly, recovery may be had for damages caused by the continuing negligence even if the claim for the original injury might be time barred.  People of California , 569 F. Supp. at 1086.

The contamination alleged in Counter-defendants' Complaint and in the 1994 Litigation are the same.  (Compare ECF No. 1, with ECF No. 107-3.)

Counter-claimants allege that a cause of the growing contamination is Counter-defendants' own negligent acts during their ownership of Tri-County Sales, Inc. between 1964 and 1968.  (ECF No. 107 ¶¶ 28, 31; ECF No. 85 ¶¶ 16, 21.)  This contamination remains unabated after decades of Counter-defendants' inaction in responding to government cleanup directives.  (ECF No. 107 ¶ 21.)  This unreasonable and significant delay allows the contamination to further migrate throughout Counter-defendants' Property and beyond.  (ECF No. 107 ¶¶ 22, 49, 52; ECF No. 85 ¶ 42.)

Counter-defendants improperly highlight Counter-defendants' 1960s operations and the 1993 Cleanup & Abatement Order No. 93-66 when arguing for application of Section 366.2.  Counter-defendants' focus on these facts alone ignores the substantive fact that the contamination at issue persists and continues to this very day.  (ECF No. 107 ¶ 22, 49, 52; ECF NO. 85 ¶ 42.)  Counter-claimants' causes of action therefore did not "arise" until the most recent continuation of the damages caused by Counter-defendants' negligence.  As Counter-claimants' causes of action "arose" after Counter-defendants' respective deaths, they are not barred by Section 366.2 and respectfully Counter-defendants' motion should be denied.

### 3.  The <u>Breen</u> Case is Inapposite to the Facts of this Litigation

Counter-defendants reliance on <u>Bradley v. Breen</u> is errant because that case is inapposite to the facts of this instant litigation.  <u>Breen</u> involved personal injury claims brought by a child molestation victim (Kenneth S.) against the assailant's accomplices (the appellants).  <u>Bradley v. Breen</u>, 73 Cal. App. 4th 798, 800 (1999).  The appellants sought contribution from the assailant (Breen) by cross-claiming against Breen's estate which was probated four years earlier.  <u>Breen</u>, 73 Cal. App. 4th at 800.   Though appellants could not have brought their cross-claims any

earlier, they were nonetheless barred from bringing claims against Breen's estate. <u>Breen</u>, 73 Cal. App. 4th at 805-06.

The <u>Breen</u> case is distinguishable from the instant litigation due to the timing of the injury at issue.  The injury in <u>Breen</u> was a one-time event which occurred *prior* to the decedent's death.  Here, the contamination at issue is a result of the negligent acts and omissions of the Counter-defendants' *estates*.  Specifically, it was the Counter-defendants' estates which failed to timely remediate their Property and comply with the Cleanup & Abatement Order No. 93-66.  (ECF No. 107 ¶¶ 20-21; ECF No. ¶¶ 41 – 42.)  It was the Counter-defendants' estates which also failed to prosecute the claims they brought in the 1994 Litigation.  (ECF No. 107 ¶¶ 17 – 18, 22; ECF No. ¶¶ 41 – 42.)  Further, the contamination at issue in this litigation is a continuing injury for which Counter-defendants have yet to remediate.  Unlike the injury in <u>Breen</u>, the continuing injury alleged by Counter-claimants did not "arise" until *after* the Counter-defendants' deaths.  Accordingly, <u>Breen</u> is not instructive for the purposes of this instant litigation.

## C. EQUITABLE ESTOPPEL TOLLS IMPOSITION OF SECTION 366.2

Even if the counterclaims fell under the scope of Section 366.2 – which they do not – the doctrine of equitable estoppel prevents Counter-defendants from asserting it as a defense.  The doctrine of equitable estoppel "comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period."  <u>Battuello v. Battuello</u>, 64 Cal. App. 4th 842, 847 (1998); <u>see also</u> <u>Breen</u>, 73 Cal. App. 4th at 803 ("when the decedent's representative has induced a claimant not to file a suit within the limitations period of section 366.2, the doctrine of equitable estoppel may be applied to toll the statute").  Equitable estoppel operates independent of Section

366.2 and seeks to ensure "that no man will be permitted to profit from his own wrongdoing in a court of justice." Battuello, 64 Cal. App. 4th at 847-48.

The California Court of Appeals in Battuello reversed a lower court's application of Section 366.2 on the basis of equitable estoppel. Id., at 848. Battuello involved a dispute over a beneficiary's entitlement to a decedent's winery. Id., at 845. The trustee entered into settlement negotiations with the beneficiary regarding ownership of the winery, ultimately culminating in a settlement agreement for the beneficiary to receive the winery. Id. Over one year after the decedent's death, the trustee repudiated the settlement agreement and took possession of the winery herself. Id. The Court of Appeals held that the trustee convinced the beneficiary not to timely file suit by entering into settlement negotiations. Id., at 848. When the beneficiary learned of the repudiation, the Section 366.2 statute of limitations already passed. Id. Given the trustee's wrongdoing, the doctrine of equitable estoppel prevented the trustee from enjoying the benefit of her wrongdoing and Section 366.2 did not apply. Id.

The facts in the instant litigation align better with Battuello better than Breen. As in Battuello, Counter-defendants engaged in the very wrongdoing against which the doctrine of equitable estoppel protects. Counter-defendants filed their first complaint on June 8, 1994 in the 1994 Litigation. (ECF No. 107-3.) On September 13, 1994, Al Goldberg passed away. (ECF No. 208-5 ¶ 2.) On April 12, 1996, the 1994 Litigation was removed from the active caseload for the purpose of the parties discussing settlement. (George RJN ¶ 1) Betty Goldberg passed away on January 14, 2003. (ECF No. 208-5 ¶ 1.) Between 1997 and 2014, the 1994 Litigation lay inexcusably inactive. The only explanation mustered by Counter-defendants for this delay was that Counter-defendants had passed away and Mr. Rubin was not aware of the suit until recently. (George RJN ¶ 2.) The insufficiency of this explanation resulted in 1994 Litigation's dismissal for lack of

prosecution.  (George RJN ¶ 2.)  Counter-defendants re-filed their Complaint on September 8, 2014 to continue their pursuit.  (ECF No. 1.)

With the 1994 Litigation taken off the active calendar, Counter-claimants relied upon Counter-defendants' lack of prosecution and did not further pursue claims against Counter-defendants.  Despite their wrongdoing, Counter-defendants now seek to derive a collateral benefit from their wrongful lack of prosecution by inappropriately barring counterclaims and defenses relating to a set of facts underlying Counter-defendants' Complaint.  This is an inappropriate abuse of the legal process.  If unabated, the barring of Counter-claimants' counterclaims and defenses relating to Counter-defendants' acts and omissions would result in an inequitable windfall to Counter-defendants as all parties would be barred from allowing the Court to consider Counter-defendants' own contribution to the contamination at issue.  For these reasons, Counter-defendants should be equitably estopped from enjoying the Section 366.2 and respectfully their motion should be denied.

### D.   COUNTER-DEFENDANTS WAIVED THEIR SECTION 366.2 DEFENSE BY FILING COMPLAINT AGAINST COUNTER-CLAIMANTS

Even if the counterclaims fell under the scope of Section 366.2 – which they do not – Counter-defendants also waived their right to assert the statute of limitations defense by initiating this litigation upon the filing of their Complaint.  "The principle underlying the rule that a statute of limitations is suspended by the filing of the original complaint is that the plaintiff has thereby waived the claim and permitted the defendant to make all proper defenses to the cause of action pleaded."  Western Pipe & Steel Co. of California v. Tuolumne Gold Dredging Corp., 63 Cal. App. 2d 21, 67 (1944); see also Trindade v. Superior Court, 29 Cal. App. 3d 857, 859 (1973) (discussing principle of suspending statute of limitations as to previously unbarred causes of action against plaintiff); Electronic Equipment

Express, Inc. v. Donald He. Seiler & Co., 122 Cal. App. 3d 834, 844-45 (1981). Waiver is the voluntary and intentional relinquishment of a known right.  Halus v. San Diego Cnty. Assessment Appeals Bd., 789 F. Supp. 327, 328 (S.D. Cal. 1992). Therefore, a voluntary and intentional filing of a complaint by a plaintiff is a waiver of their right to raise a statute of limitations defense regarding claims arising out of the same set of facts as alleged in the complaint.

The California Court of Appeals in Boyer v. Jensen distinguished between its application of this principle to original parties and co-defendants or new parties. 129 Cal.App.4th 62 (2005), as modified (May 12, 2005).  In Boyer, the court noted the plaintiff's filing of its complaint as the act constituting the waiver of the statute of limitations.  Id., at 70, quoting Sidney v. Superior Court, 198 Cal. App. 3d 710, 714-15 (1988).  This principle does not apply to causes of action brought against co-defendants or new parties in an action since it cannot be said that they engaged in any sort of waiver.  Id., citing Trindade, 29 Cal. App. 3d at 859-60.  The plaintiff's filing of its original pleading is therefore the operative moment in which it waives its right to raise the statute of limitations defense to counterclaims arising out of the same set of facts – regardless of whether or not the counterclaims were barred at the time of the plaintiff's filing.

Assuming *arguendo* that Section 366.2 applies to the facts underlying Counter-claimants' causes of action, Counter-defendants' filing of their September 8, 2014 Complaint waived their right to raise the Section 366.2 statute of limitations defense to Counter-defendants' Counterclaims.  (ECF No. 1.) Distinguishing Boyer from Breen helps demonstrate this point.  In Breen, Kenneth S. filed an action against appellants, whom then pursued cross-claims against a Breen's estate.  Breen, 73 Cal. App. 4th at 800.  As a co-defendant, Breen conducted no act which could be considered a waiver of Section 366.2.  Therefore,

if <u>Boyer</u> were applied in the <u>Breen</u> matter, the principle of waiver could not be applied to Breen as the complaint was filed by Kenneth S.

The waiver principle espoused in cases such as <u>Western Pipe & Steel</u> and <u>Boyer</u> ensures that Counter-defendants cannot initiate litigation without also having to litigate counterclaims and defenses – particularly those seeking set-off – arising out of the same set of facts which their Complaint alleges.  This principle applies to this instant litigation, and Counter-defendants' Complaint respectfully should be considered a waiver of their right to raise the Section 366.2 statute of limitations defense.  Accordingly, it is respectfully requested that Counter-defendants' motion be denied.

### E. IMPOSITION OF A STATUTE OF LIMITATIONS WILL NOT ACCOMPLISH SECTION 366.2'S PUBLIC POLICY GOALS

Counter-defendants also incorrectly argue that imposition of the Section 366.2 statute of limitation will further public policy.  The legislative intent of Section 366.2 is to protect decedents' estates from creditors' stale claims.  <u>Stoltenberg v. Newman</u>, 179 Cal. App. 4th 287, 292 (2009) (citations omitted).  This public policy is designed to "effectuate the strong public policies of expeditious estate administration and security of title for distributees."  <u>Breen</u>, 73 Cal. App. 4th at 801 (citations omitted).

Imposition of Section 366.2 to the Counter-claimants' counterclaims will not further this public policy.  Counter-defendants filed their Complaint over twenty years after Al Goldberg's passing and eleven years after Betty Goldberg's passing.  (ECF No. 208-5 ¶¶ 1 – 2.)  Assuming that Counter-defendants' estates have been fully probated and closed, Counter-defendants shirked the public policy concern underlying Section 366.2 by attempting to revive the 1994 Litigation before this Court last year.  Counter-defendants further shirked this public policy concern by filing their Complaint in this instant litigation.  Counter-defendants' initiation of

ESTATE OF TERRENCE J. GEORGE AND DONALD J. GEORGE'S JOINT MEMORANDUM OF Ps AND As IN OPPOSITION TO COUNTERDEFENDANTS' MOTION FOR JUDGMENT ON PLEADINGS

this litigation was a voluntary and intentional act of opening up their estates to claims such as those raised by Counter-claimants.

Counter-defendants' actions therefore distinguish this case from <u>Breen</u>.  In <u>Breen</u>, appellants sought cross-claims against Breen's estate four years after the estate was probated.  <u>Breen</u>, 73 Cal. App. 4th at 800.  Unlike Counter-defendants, however, Breen undertook no action after the estate was probated which opened his estate up to claims.  Consequently, barring Counter-claimants' claims against Counter-defendants would serve no purpose in accomplishing the public policy goals of Section 366.2.  Accordingly, it is respectfully requested that Counter-defendants' motion be denied.

### F.   IN THE ALTERNATIVE, COUNTER-CLAIMANTS SHOULD BE GRANTED LEAVE TO AMEND THEIR COUNTERCLAIMS

While Federal Rule of Civil Procedure Rule 12(c) does not mention leave to amend in the context of motions for judgment on the pleadings, courts nonetheless retain discretion to grant a Rule 12(c) motion with leave to amend.  <u>Lonberg v. City of Riverside</u>, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004), <u>citing</u> <u>Carmen v. San Francisco Unified Sch. Dist.</u>, 982 F.Supp. 1396, 1401 (N.D.Cal. 1997).  Given the above, Section 366.2 and its supporting case law does not support the barring of Counter-claimants' claims against Counter-defendants in this instant litigation.  However, should this Court find that any one of the above arguments or exceptions are valid but not supported by the factual allegations of either Counter-claimants' pleadings, it is respectfully requested that Counter-claimants be granted leave to amend their respective counterclaims to allege sufficient facts.  Counter-claimants respectfully request that such relief be granted in order to avoid the parties having to file a separate lawsuit against Counter-defendants for contribution relating to the contamination alleged.

## IV.   **CONCLUSION**

Counter-defendants' motion is an attempt to avoid the consequences of their inexplicable wrongdoing.  After decades of inaction, Counter-defendants now seek bar Counter-claimants from pursuing their counterclaims relating to Counter-defendants' wrongdoing.  The counterclaims involve actions, omissions, and related injuries occurring *after* Counter-defendants' deaths and thus do not fall within the scope of Section 366.2.  Further, any delay in Counter-claimants' bringing of these claims is due to Counter-defendants' own failure to prosecute its own case.  For these reasons, Counter-defendants' motion should be denied.

| Date: | December 14, 2015 | BASSI, EDLIN, HUIE & BLUM LLP |
|---|---|---|
| | | By: /s/ *Joseph B. Adams* |
| | | JOSEPH B. ADAMS<br>Attorneys for Defendant, Counter-claimant, and Third-Party Plaintiff<br>the ESTATE OF TERRENCE J. GEORGE, Deceased and for Defendant, Counter-claimant, Cross-claimant, and Third-Party Plaintiff DONALD J. GEORGE |

ESTATE OF TERRENCE J. GEORGE AND DONALD J. GEORGE'S JOINT MEMORANDUM OF Ps AND As IN OPPOSITION TO COUNTERDEFENDANTS' MOTION FOR JUDGMENT ON PLEADINGS

**Re**:   **Estate of Betty Goldberg, et al.  v. Goss Jewett Company, Inc., et al.**
**United States District Court, Central District Case No. 5:14-cv-01872-DSF-SH**

### PROOF OF SERVICE – ELECTRONIC TRANSMISSION

STATE OF CALIFORNIA/COUNTY OF San Francisco

I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, EDLIN, HUIE & BLUM LLP, 500 Washington Street, Suite 700, San Francisco, California 94111.

On the date executed below, I electronically served the document(s) via USDC Central District ECF website, described below, on the recipients designated on the Transaction Receipt located on the USDC Central ECF website.

**ESTATE OF TERRENCE GEORGE, DECEASED, AND DONALD GEORGE'S JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COUNTER-DEFENDANTS ESTATE OF AL GOLDBERG AND ESTATE OF BETTY GOLDBERG'S MOTION FOR JUDGMENT ON THE PLEADINGS**

On the following parties:

PLEASE SEE SERVICE LIST PROVIDED BY THE
USDC CENTRAL DISTRICT ECF WEBSITE

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on December 14, 2015, at San Francisco, California.

/s/ *Sean G. Herman*
SEAN G. HERMAN

1441875

1

PROOF OF SERVICE