UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | EDCV 14-1872 DSF (SHx) | Date | 1/5/16 |
| Title | Estate of Betty Goldberg, et al. v. Goss-Jewett Co., Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order DENYING Motions for Judgment on the Pleadings (Dkt. Nos. 208, 209)

Plaintiffs and Counterdefendants Estate of Betty Goldberg and Estate of Al Goldberg move to dismiss the counterclaims against them based on California Code of Civil Procedure § 366.2(a), which states:

> If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

Counterdefendants argue that § 366.2 applies to all of the counterclaims because it is a state rule on "capacity." See Fed. R. Civ. P. 17(b). The Court disagrees. While the subject matter bears some resemblance to capacity, the express language of § 366.2 defines the statute of limitations for bringing claims against a deceased. There is no indication that California considers that an estate does not have the capacity to appear in court at all after a certain period – estates are free to sue others within the normal limitations period or six months after death, whichever is longer. Cal. Civ. Proc. Code § 366.1.

As § 366.2 is a statute of limitations, it does not apply to the federal counterclaims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

because CERCLA provides its own statute of limitations and does not borrow state statutes of limitations.  See 42 U.S.C. § 9613(g)(3) (contribution claim must be brought within three years of judgment, administrative order, or judicially approved settlement for recovery costs); South Carolina v. Catawba Indian Tribe, Inc., 476 U.S. 498, 507 (1986) (federal claims governed by state statutes of limitations unless there is a federal statute of limitations).[1]

Nor does § 366.2 apply to state law "defensive" counterclaims that only seek setoff against potential liability owed to the Plaintiffs/Counterdefendants on the claims in the Complaint.  See Styne v. Stevens, 26 Cal. 4th 42, 51-54 (2001); see also Reiter v. Cooper, 507 U.S. 258, 263-64 (1993) (applying principle that "[r]ecoupment claims are generally not barred by a statute of limitations so long as the main action is timely" to claim that is "technically" a counterclaim rather than a defense); City of Saint Paul, Alaska v. Evans, 344 F.3d 1029, 1035 (9th Cir. 2003) ("whether affirmative defenses are exempt from statutes of limitations largely hinges on a realistic assessment of the parties' litigation posture.").  Most of the state law claims – e.g., contribution, indemnity – obviously fall into this category as they directly seek setoff or to otherwise force another party to cover the Defendants' liability arising out of this action.  The negligence claims brought by Donald J. George and the Estate of Terrence J. George are less obviously defensive, but even those only exist as setoff to the original claims made by the Plaintiffs.  To the degree that the George Defendants have been damaged by the Plaintiffs' alleged negligence, that damage stems from Plaintiffs' claims that they are responsible for environmental damage to the property owned by the Estate of Betty Goldberg.[2]

The motion to dismiss is DENIED.

IT IS SO ORDERED.

---

[1] In fact, the CERCLA § 113(f) contribution claims could not have been brought until Defendants/Counterclaimants had been sued.  See Cooper Indus., Inc. v. Aviall Servs., Inc., 543 U.S. 157, 160-61 (2004).

[2] In addition, the negligence claims stem, in part, from negligent conduct by the Plaintiff estates, themselves, in failing to adequately abate the pollution on the property in the years since the decedents' deaths.  Claims arising from activity of an estate after the death of the decedent are not covered by § 366.2.  See Dacey v. Taraday, 196 Cal. App. 4th 962, 986 (2011) ("The statute of limitations cuts off the time for asserting a claim against the decedent's estate based on a cause of action that existed against the decedent before the decedent's death.").