**EXHIBIT J**

Bret A. Stone  SBN 190161  BStone@PaladinLaw.com
PALADIN LAW GROUP® LLP
3 W. Carrillo Street, Suite 212
Santa Barbara, CA  93101
Telephone:  (805) 898-9700
Facsimile:    (805) 852-2495

Counsel for Plaintiffs Estate of Betty Goldberg, Deceased, and Estate of Al Goldberg, Deceased, by and through their successor in interest, Daniel Rubin

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BETTY GOLDBERG, DECEASED, and ESTATE OF AL GOLDBERG, DECEASED, by and through their successor in interest, Daniel Rubin,<br><br>*Plaintiffs*,<br><br>v.<br><br>GOSS-JEWETT COMPANY, INC., *et al.*,<br><br>*Defendants*.<br><br>AND RELATED CROSS-ACTIONS. | Case No. 5:14-CV-01872-DSF(SHx)<br><br>GOLDBERG RESPONSES TO INTERVENORS' INTERROGATORIES, SET ONE<br><br>Fed. R. Civ. P. 33 |
| PROPOUNDING PARTIES: | Intervenors: Vigilant Insurance Company; The Standard Fire Insurance Company; Great American Insurance Company of New York, f/k/a American National Fire Insurance Company; Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America |



| | | |
|---|---|---|
| 1 | RESPONDING PARTY: | Estate of Betty Goldberg, Deceased |
| 2 | | Estate of Al Goldberg, Deceased |
| 3 | TYPE OF DISCOVERY: | Interrogatories – Fed. R. Civ. P. 33 |
| 4 | SET NUMBER: | One |

/ / /



# RESPONSES TO INTERROGATORIES

The following responses are based on the information reasonably available to Plaintiffs and Counter-Defendants Estate of Betty Goldberg, Deceased and Estate of Al Goldberg, Deceased through their successor in interest Daniel Rubin (collectively, the "Goldbergs") at this time.

**INTERROGATORY NO. 1:**

IDENTIFY all costs YOU claim to have incurred in connection with environmental conditions at the SITE.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding party objects to this interrogatory to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege and the attorney work product doctrine.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, an answer to this interrogatory would necessitate the examining, auditing, compiling, abstracting, or summarizing of business records, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding party provides the following response in order to provide sufficient detail to allow propounding party to locate and to identify documents relevant to this interrogatory.

Subject to and without waiving the objections above, responding party responds as follows: Documents produced in this action reveal that the Goldbergs incurred response costs in excess of $230,000 as of November, 15, 1995 in order to investigate, remove, and remediate the environmental contamination at the Property. The breakdown of these costs are currently unknown, but are expected to include oversight costs from the California Regional Water Quality Control Board as well as invoices from Pacific Engineering, Anacapa Geosciences, and Jan Schienle.

Since 2012, the Goldbergs have incurred additional response costs in excess of $150,000 including costs paid to the following entities: the California Department of Toxic Substances Control, Campbell Geo, Inc., BSK Associates, Insight



1 Environmental, Inc., and Rincon Consultants, Inc.

2 Additional response costs may be identified or incurred during the course of
3 this litigation.

4 **INTERROGATORY NO. 2:**

5 With respect to all costs YOU IDENTIFIED in response to Interrogatory No.
6 1, IDENTIFY the amount of costs paid by Al Goldberg in connection with
7 environmental conditions at the SITE.

8 **RESPONSE TO INTERROGATORY NO. 2:**

9 Responding party objects to this interrogatory to the extent that it calls for the
10 disclosure of information that is protected by the attorney-client privilege and the
11 attorney work product doctrine. Responding party also objects to the phrase
12 "environmental conditions" in this interrogatory as it is vague, ambiguous, and
13 overbroad.

14 Subject to and without waiving the objections above, responding party
15 responds as follows: Responding party has performed a diligent search and made a
16 reasonable inquiry, but no information could be found that distinguishes between
17 response costs paid by Al Goldberg versus response costs paid by Betty Goldberg or
18 by Al and Betty Goldberg's community property, by Estate of Al Goldberg, or by
19 Estate of Betty Goldberg.

20 **INTERROGATORY NO. 3:**

21 With respect to all costs YOU IDENTIFIED in response to Interrogatory No.
22 1, IDENTIFY the amount of costs paid by Betty Goldberg in connection with
23 environmental conditions at the SITE.

24 **RESPONSE TO INTERROGATORY NO. 3:**

25 Responding party objects to this interrogatory to the extent that it calls for the
26 disclosure of information that is protected by the attorney-client privilege and the
27 attorney work product doctrine. Responding party also objects to the phrase
28 "environmental conditions" in this interrogatory as it is vague, ambiguous, and



1 overbroad.

2 Subject to and without waiving the objections above, responding party responds as follows: Responding party has performed a diligent search and made a reasonable inquiry, but no information could be found that distinguishes between response costs paid by Betty Goldberg versus response costs paid by Al Goldberg, by Al and Betty Goldberg's community property, by Estate of Al Goldberg, or by Estate of Betty Goldberg.

**INTERROGATORY NO. 4:**

With respect to all costs YOU IDENTIFIED in response to Interrogatory No. 1, IDENTIFY the amount of costs paid by the Estate of Al Goldberg in connection with environmental conditions at the SITE.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding party objects to this interrogatory to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege and the attorney work product doctrine. Responding party also objects to the phrase "environmental conditions" in this interrogatory as it is vague, ambiguous, and overbroad.

Subject to and without waiving the objections above, responding party responds as follows: Responding party has performed a diligent search and made a reasonable inquiry, but no information could be found that distinguishes between response costs paid by Estate of Al Goldberg versus response costs paid by Al Goldberg, by Betty Goldberg, by Al and Betty Goldberg's community property, or by Estate of Betty Goldberg.

**INTERROGATORY NO. 5:**

With respect to all costs YOU IDENTIFIED in response to Interrogatory No. 1, IDENTIFY the amount of costs paid by the Estate of Betty Goldberg in connection with environmental conditions at the SITE.

///



**RESPONSE TO INTERROGATORY NO. 5:**

Responding party objects to this interrogatory to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege and the attorney work product doctrine. Responding party also objects to the phrase "environmental conditions" in this interrogatory as it is vague, ambiguous, and overbroad.

Subject to and without waiving the objections above, responding party responds as follows: Responding party has performed a diligent search and made a reasonable inquiry, but no information could be found that distinguishes between response costs paid by Estate of Betty Goldberg versus response costs paid by Al Goldberg, by Betty Goldberg, by Al and Betty Goldberg's community property, or by Estate of Al Goldberg.

**INTERROGATORY NO. 6:**

IDENTIFY all actions YOU have taken to comply with the NATIONAL CONTINGENCY PLAN.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding party objects to this interrogatory to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege and the attorney work product doctrine. Responding party objects to this interrogatory to the extent that it prematurely calls for expert opinion.

Subject to and without waiving the objections above, responding party responds as follows: Responding party hired contractors to conduct background investigations, feasibility analyses, groundwater monitoring, well installations, soil borings, soil sampling, soil vapor analyses, soil removal, and soil and groundwater disposal with regulatory oversight and, where appropriate, after public comment. Responding party hired contractors to investigate the migration of PCE through the soil and groundwater by surveying the geologic and hydrologic characteristics of the site. Responding party also identified and located potentially responsible parties and



1  developed facts concerning prior operations of the facilities.

2  **INTERROGATORY NO. 7:**

3  IDENTIFY all tenants of the SITE from 1968 to present.

4  **RESPONSE TO INTERROGATORY NO. 7:**

5  Responding party objects to this interrogatory to the extent that it calls for the
6  disclosure of information that is protected by the attorney-client privilege and the
7  attorney work product doctrine. Responding party objects to this interrogatory to the
8  extent that it calls for the disclosure of information that is equally available to the
9  propounding party.

10  Subject to and without waiving the objections above, responding party
11  responds as follows: Tri-County Sales, Inc., Wanda L. Baker and Floyd N. Baker,
12  Donald J. George, Terrence J. George, Carol L. George, Goss-Jewett & Company
13  Inc., Robert W. Schack, Benjamin F. Fohrman, Darold E. Marritt, Arthur P. Arns,
14  James W. Ross, and SKD Corp.

15  **INTERROGATORY NO. 8:**

16  IDENTIFY every person to whom tenants at the SITE paid rent from 1968 to
17  present.

18  **RESPONSE TO INTERROGATORY NO. 8:**

19  Responding party objects to this interrogatory to the extent that it calls for the
20  disclosure of information that is protected by the attorney-client privilege and the
21  attorney work product doctrine. Responding party objects to this interrogatory to the
22  extent that it calls for the disclosure of information that is equally available to the
23  propounding party.

24  Subject to and without waiving the objections above, responding party
25  responds as follows: Al Goldberg, Betty Goldberg, and Al and Betty Goldberg Trust.

26  **INTERROGATORY NO. 9:**

27  IDENTIFY all of YOUR assets, including but not limited to real property,
28  personal property, and money, existing on or after the death of Betty Goldberg.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding party objects to this interrogatory to the extent that it calls for the disclosure of information that is protected by the attorney-client privilege and the attorney work product doctrine. Responding party objects to this interrogatory as it violates responding party's right to privacy and seeks to discover responding party's financial information. Responding party objects to the defined term "YOUR" and the terms "assets" and "personal property" in this interrogatory as they are vague, ambiguous, overbroad, redundant, unduly burdensome, and oppressive.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, an answer to this interrogatory would necessitate the examining, auditing, compiling, abstracting, or summarizing of business records, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding party provides the following response in order to provide sufficient detail to allow propounding party to locate and to identify documents relevant to this interrogatory.

Subject to and without waiving the objections above, responding party responds as follows: See probate documents.

**INTERROGATORY NO. 10:**

IDENTIFY every agreement, including but not limited to contracts, grant deeds, purchase and sale agreements, assumption agreements, indemnity agreements, assignments, bills of sale, or waivers, between YOU and 220 W. Gutierrez, LLC.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding party objects to this interrogatory to the extent that it calls for the disclosure of information that is protected from compelled disclosure by the attorney-client privilege and the attorney work product doctrine. Responding party objects to this interrogatory as it calls for proprietary, confidential, and/or trade secret information. Responding party also objects to this interrogatory as it seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.



Subject to and without waiving these objections, responding party responds as follows:  Purchase and Sale Agreement.

DATED: September 28, 2015          PALADIN LAW GROUP® LLP

/s/ *Bret A. Stone*
_____
Bret A. Stone
Counsel for Estate of Betty Goldberg, Deceased, and Estate of Al Goldberg, Deceased, by and through their successor in interest, Daniel Rubin

