**Matthew C. Bures (SBN 143361)**
*mcbures@wolfewyman.com*
**Christopher T. Johnson (SBN 209685)**
*ctjohnson@wolfewyman.com*
**WOLFE & WYMAN LLP**
**2301 Dupont Drive, Suite 300**
**Irvine, California 92612-7531**
**Telephone:  (949) 475-9200**
**Facsimile:   (949) 475-9203**

**Attorneys for Intervenors**
**VIGILANT INSURANCE COMPANY; THE STANDARD FIRE INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, f/k/a/ AMERICAN NATIONAL FIRE INSURANCE COMPANY; CENTURY INDEMNITY COMPANY, as Successor to CCI INSURANCE COMPANY, as Successor to INSURANCE COMPANY OF NORTH AMERICA**

**Attorneys for Defendants**
**THE ESTATE OF BENJAMIN F. FOHRMAN, DECEASED, and THE ESTATE OF ROBERT SCHACK, DECEASED**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BETTY GOLDBERG, DECEASED and ESTATE OF AL GOLDBERG, DECEASED, by and through their successor in interest Daniel Rubin, | Case No.:  5:14-cv-01872-DSF (AFMx) |
| | Assigned for all purposes to: Judge Dale S. Fischer |
| Plaintiffs, | |
| v. | **INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT UNDER FRCP 56** |
| GOSS-JEWETT COMPANY, INC, et al., | |
| Defendants. | |
| | **[FRCP 56]** |
| AND RELATED CROSS-ACTIONS AND THIRD-PARTY ACTIONS. | DATE:        April 4, 2016 TIME:         1:30 p.m. CTRM:       840 |
| | Action Filed:        9/8/2014 Trial Date:           9/13/2016 |

Left margin (rotated): **WOLFE & WYMAN LLP** — ATTORNEYS & COUNSELORS AT LAW — **w&w**

1

2287056.1

## ISSUES FOR SUMMARY JUDGMENT

Intervenors Vigilant Insurance Company; The Standard Fire Insurance Company; Great American Insurance Company of New York, F/K/A American National Fire Insurance Company; Century Indemnity Company, as Successor to CCI Insurance Company, as Successor to Insurance Company of North America ("Intervenors"), and Defendants the Estate of Benjamin F. Fohrman, Deceased, and the Estate of Robert Schack, Deceased ("Defendants") seek summary judgment that the Estate of Al Goldberg and the Estate of Betty Goldberg (collectively, the "Goldberg Estates") have no basis or standing to pursue claims for cost recovery, reimbursement, contribution, or indemnity with respect to environmental contamination alleged in the Complaint, because – as a matter of law – the Goldberg Estates face no actual liability for such environmental contamination.

In the alternative, Intervenors and Defendants seek partial summary judgment on the following issues:

1.      Plaintiffs have not incurred any response costs recoverable under CERCLA § 107(a) (42 U.S.C. § 9607(a)), and thus cannot obtain recovery under that section;

2.      Plaintiffs have not incurred any response costs recoverable under CERCLA § 107(a) (42 U.S.C. § 9607(a)), and thus cannot obtain declaratory relief under that section;

3.      Plaintiffs do not face liability for pollution at the property at issue, and thus cannot obtain contribution under CERCLA § 113 (42 U.S.C. § 9613);

4.      Plaintiffs have not incurred any response costs recoverable under the California HSAA, Cal. Health & Safety Code §25363(e), and thus cannot pursue recovery under that section;

///

2

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

5.    Plaintiff estates are not "persons" entitled to recovery under the HSAA;

6.    Plaintiffs do not face liability for pollution at the property at issue, and thus have no basis to seek contribution under state law;

7.    Plaintiffs do not face liability for pollution at the property at issue, and thus have no basis to seek contractual indemnity under state law;

8.    Plaintiffs' claims for past response costs and for contractual indemnity are time-barred;

9.    Plaintiffs do not face liability for pollution at the property at issue, and thus have no basis to seek equitable indemnity under state law;

10.    Plaintiffs do not face liability for pollution at the property at issue, and thus have no basis to seek declaratory relief under CERCLA or state law;

11.    At a minimum, Plaintiffs' recovery is limited to amounts that Plaintiffs can prove they paid for pollution at the property at issue;

12.    At a minimum, Plaintiffs do not face liability for pollution that existed at the property at issue before Al Goldberg and Betty Goldberg died, and Plaintiffs have no basis to obtain recovery from the defendants with respect to such pollution, under each and every ground set out above;

13.    Plaintiffs cannot recover from the Estate of Benjamin F. Fohrman, Deceased, because Plaintiffs have no evidence that Benjamin F. Fohrman caused or contributed to pollution at the property at issue;

14.    Plaintiffs cannot recover from the Estate of Robert Schack, Deceased, because Plaintiffs have no evidence that Robert Shack caused or contributed to pollution at the property at issue; and

15.    The Estate of Al Goldberg cannot recover because it does not exist and faces no liability.

///

///

3

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| 1. The complaint filed in this action by the Estate of Betty Goldberg, Deceased and the Estate of Al Goldberg, Deceased (collectively, the "Goldberg Estates" or the "Plaintiffs") pleads that the case was brought "in defense of claims against them" by the California Regional Water Quality Control Board (the "Water Board") and the California Department of Toxic Substances Control (the "DTSC"). | 1. Complaint in this Action (the "Complaint"), included in the Case Management/Electronic Case Files docket for this case ("ECF") No. 1, at ¶ 1; Request for Judicial Notice ("RJN") No. 1. |
| 2. The Complaint alleges that Al and Betty Goldberg formerly owned property located at 220 W. Gutierrez Street, Santa Barbara, California (the "Site"). | 2. Complaint, ECF No. 1, at ¶¶ 1-2, and 7-8; RJN No. 1. |
| 3. The Complaint alleges that pollution at the Site was caused by Goss-Jewett Company, Inc. ("Goss-Jewett"), and its former | 3. Complaint, ECF No. 1, at ¶¶ 9-16; RJN No. 1. |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| officers or directors, including Robert W. Schack (deceased), and Benjamin Fohrman (deceased), among others. | |
| 4.   The Complaint alleges that the Water Board and DTSC "have demanded that Plaintiffs investigate and remediate the Site," referring to (1) a September 29, 1993 Water Board order, (2) a July 17, 2012 DTSC Order, and (3) a January 30, 2014 DTSC letter. | 4.   Complaint, ECF No. 1, at ¶¶ 1, 33-36; RJN No. 1. |
| 5.   The Complaint alleges that the Plaintiffs have incurred response costs to investigate and remediate contamination at the Site, and alleges that the Plaintiffs face further costs in response to the Water Board and DTSC letters and orders described in the Complaint. | 5.   Complaint, ECF No. 1, at ¶ 37; RJN No. 1. |
| 6.   As filed, the Complaint alleged fourteen causes of action. | 6.   Complaint, ECF No. 1, at ¶¶ 43-169; RJN No. 1. |

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| 7. On December 16, 2014, the Court entered an order in this action granting defendants' motions to dismiss in part, denying those motions in part, and dismissing certain causes of action pled in the Complaint, including the Plaintiffs' "waste, negligence, ultrahazardous activity, UCL, breach of lease, trespass, nuisance, and RCRA claims." | 7. December 16, 2014, Order in this Action, ECF No. 49, at page 3; RJN No. 2. |
| 8. In 1965, Al and Betty Goldberg applied to the City of Santa Barbara to construct a warehouse, and thereafter operated dry cleaning supply business at the Site. | 8. (a) Agreement dated June 1, 1965, between City of Santa Barbara and Al Goldberg; RJN No. 3. (b) Deposition of Betty Goldberg, June 6, 1995, pp. 17-20; Declaration of Matthew Clark Bures ("Bures Decl."), Exh. D. |
| 9. In 1968, the Goldbergs leased the dry cleaning supply business at the Site to Tri-County Sales, Inc. and its principals. | 9. Complaint, Exh 2, p. 1, ¶¶ 1.01-1.02; RJN No. 1. |

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| 10. The Complaint alleges that, between 1968 and 1991, Al and Betty Goldberg leased the Site to Tri-County Sales, to Goss-Jewett, and to various officers, directors, and shareholders of Tri-County Sales and Goss-Jewett. | 10. Complaint, ECF No. 1, at ¶¶ 9-16, 38; RJN No. 1. |
| 11. The Complaint alleges that operations at the Site between 1968 and 1991 resulted in perchloroethylene ("PCE") contamination. | 11. Complaint, ECF No. 1, at ¶¶ 23-32; RJN No. 1. |
| 12. On June 8, 1994, Al and Betty Goldberg filed an action entitled *Goldberg v. Arns*, *et al.,* in the Central District of California, Case No. 2:94-cv-03834 (hereafter referred to as the "1994 Action"). | 12. Complaint in the 1994 Action; RJN No. 4. |
| 13. Al Goldberg died on September 13, 1994. | 13. Death Certificate of Al Goldberg; RJN No. 5. |
| 14. After the plaintiffs in the 1994 Action filed a status report on | 14. (a) *See* the Court's June 12, 2014 Order in the 1994 Action, p. 1, |

7

2287056.1

| Uncontroverted Facts | | Evidentiary Support | |
|---|---|---|---|
| | September 23, 1996, the 1994 Action was inactive for more than 17 years. | | stating that "the Court notes that this case has been inactive for more than 17 years"; RJN No. 6. (b) *See* the ECF Docket for Case No. CV94-3834 DFS (SH); RJN No. 7. |
| 15. | Betty Goldberg died on January 14, 2003. | 15. | Death Certificate of Betty Goldberg, RJN No. 8. |
| 16. | In July 2012, the California Department of Toxic Substances Control ("DTSC") issued an Imminent and Substantial Endangerment Determination and Order and Remedial Action Order, naming Respondents Betty Goldberg, Al and Betty Goldberg Trust c/o Mr. Dan Rubin, and Goss Jewett & Company (San Diego Wholesale Credit). | 16. | July 17, 2012 Imminent and Substantial Endangerment Determination and Order and Remedial Action Order (the "Order"), available on the DTSC's website; RJN No. 9. |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| 17.   Daniel Rubin is a grandson of Al and Betty Goldberg, and is the Trustee of the Goldberg Family Revocable Living Trust | 17.   Rubin Decl. filed in the 1994 Action, p. 1, ¶¶ 1-3; RJN No. 11. |
| 18.   On February 12, 2013, DTSC issued an Amendment to Imminent and Substantial Endangerment Determination and Order.  The Amendment removed San Diego Wholesale Credit from the Order, leaving the "Al and Betty Goldberg Trust by and through Mr. Dan Rubin, its trustee … as the only Responsible Party for this Site." | 18.   Feb. 12, 2013, Amendment to Imminent and Substantial Endangerment Determination and Order and Remedial Action Order; RJN No. 12. |
| 19.   A certificate of formation for an entity named 220 W. Gutierrez, LLC was filed with the Delaware Secretary of State, Division of Corporations, on September 25, 2013. | 19.   Certified Copy of the Certificate of Formation of 220 W. Gutierrez, LLC, obtained from the Delaware Secretary of State; RJN No. 12. |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| 20.   There are two members of the 220 W. Gutierrez, LLC: John R. Till and Brett A. Stone. | 20.   February 8, 2016 deposition of John R. Till ("Till Deposition"), at pp. 12:12-24; Bures Decl., Exh. E. |
| 21.   John R. Till and Brett A. Stone are members of the Paladin Law Group, counsel for Plaintiffs in this action. | 21.   (a) Complaint, p. 1; RJN No. 1. (b) Till Deposition, at pp. 11:14-16; Bures Decl., Exh. E. |
| 22.   The 220 W. Gutierrez, LLC was created for the purpose of pursuing the acquisition of the real property located at 220 W. Gutierrez St., Santa Barbara, California. | 22.   Till Deposition, at p. 12:7-11; Bures Decl., Exh. E. |
| 23.   In October 2013, the Gutierrez LLC and Daniel Rubin executed an agreement for the purchase of the Site by the Gutierrez LLC (the "Purchase and Sale Agreement"). | 23.   (a)  October 14, 2013 Purchase and Sale Agreement; Bures Decl., Exh. F.<br><br>(b)  Till Deposition, at pp. 11:10-13, 32:13-33:10; Bures Decl., Exh. E.<br><br>(c)  February 5, 2016 deposition of Daniel Rubin ("Rubin Deposition"), at pp. 23:10-24:7, 25:23-26:1; Bures Decl., Exh. G. |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

| **Uncontroverted Facts** | **Evidentiary Support** |
|---|---|
| 24.   The Purchase and Sale Agreement was signed by John R. Till, as the Managing Member of the Gutierrez LLC and by Daniel Rubin, as the trustee of the Goldberg Family Revocable Trust. | 24.   (a)  October 14, 2013 Purchase and Sale Agreement, pp. 1 and 15; Bures Decl., Exh. F.<br><br>(b)  Till Deposition, at pp. 33:15-34:11:; Bures Decl., Exh. E.<br><br>(c)  Rubin Deposition, at pp. 23:10-24:7; Bures Decl., Exh. G. |
| 25.   Addendum 2 to the Purchase and Sale Agreement states that after "an investigation of the status of title to the property," the seller of the Site was changed from the Goldberg Family Revocable Trust to the Estate of Betty Goldberg. | 25.   (a)  Addendum 2 to Purchase and Sale Agreement, dated November 20, 2014; Bures Decl., Exh. F.<br><br>(b)  Rubin Deposition, at pp. 23:10-24:7, 25:23-26:1, 26:11-27:11; Bures Decl., Exh. G. |
| 26.   Addendum 2 to the Purchase and Sale Agreement states that it was signed by "Daniel Rubin, as administrator of the Decedent, Betty Goldberg, Estate." | 26.   (a)  Addendum 2 to Purchase and Sale Agreement, dated November 20, 2014; Bures Decl., Exh. F.<br><br>(b)  Rubin Deposition, |

**INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872**

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| | at pp. 23:10-24:7, 25:23-26:1, 26:11-27:11; Bures Decl., Exh. G. |
| 27.   On June 10, 2014, 220 W. Gutierrez, LLC submitted a Prospective Purchaser Application regarding the Site to the DTSC. | 27.   (a) Prospective Purchaser Application, obtained from the DTSC website, at p. 1; RJN No. 13. (b) Till Deposition, at pp. 53:22-54:11; Bures Decl., Exh. E. |
| 28.   In the Prospective Purchaser Application, 220 W. Gutierrez, LLC represented to the DTSC that the 220 W. Gutierrez, LLC planned to purchase the Site and expected to take title to the Site in "December 2014." | 28.   Prospective Purchaser Application, obtained from the DTSC website, Exhibit 7 to RJN at p. 1. |
| 29.   In the Prospective Purchaser Application, 220 W. Gutierrez, LLC represented that it planned to address the contamination at the Site, that the building at the Site "will be redeveloped for some | 29.   Prospective Purchaser Application, at pp. 3-4; RJN No. 13. |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| combination of retail, warehouse, and office," and that the "applicant has secured capital investment commitments sufficient to complete the scope of the work contemplated." | |
| 30.   The Prospective Purchaser Application submitted to the DTSC was signed by the "Managing Member for 220 W. Gutierrez, LLC," John R. Till. | 30.   (a) Prospective Purchaser Application, at p. 5; RJN No. 13. (b) Till Deposition, at pp. 12:12-13, 53:22-54:11; Bures Decl., Exh. E. |
| 31.   In December 2014, 220 W. Gutierrez, LLC and the DTSC signed an Agreement and Covenant Not to Sue concerning the Site (the "DTSC Agreement"). | 31.   (a) Agreement and Covenant Not to Sue between the DTSC and 220 W. Gutierrez, LLC concerning the Site, obtained from the DTSC website, p. 15; RJN No. 14. (b) Till Deposition, at pp. 80:24-81:17; Bures Decl., Exh. E. |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

| **Uncontroverted Facts** | **Evidentiary Support** |
|---|---|
| 32. The DTSC Agreement states that 220 W. Gutierrez, LLC agreed to investigate and cleanup pollution at and from the Site, under the DTSC's supervision and oversight. | 32. Agreement and Covenant Not to Sue between the DTSC and 220 W. Gutierrez, LLC, at 1-4, and at Exhibit E, pp. 22-28 (re Scope of Work); RJN No. 14. |
| 33. The Agreement between the DTSC and 220 W. Gutierrez, LLC states that "contamination at the Site has gone unabated for decades and the current property owner does not have the financial resources to perform the investigation or cleanup." | 33. Agreement and Covenant Not to Sue between the DTSC and 220 W. Gutierrez, LLC, at p. 2; RJN No. 14. |
| 34. John Till testified at his deposition that the Gutierrez LLC had paid for a phase one environmental site assessment conducted for the Site in 2015. | 34. Till Deposition, at pp. 23:13-22, 102:2-6; Bures Decl., Exh. E. |
| 35. On September 1, 2014, Daniel Rubin petitioned the Orange County Superior Court to open a probate estate for his grandmother, Betty Goldberg. | 35. Petition for Letters of Administration, filed in Orange County Superior Court Case No. 30-2014-11744217-PR-LA-CJC; RJN No. 15. |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| 36. Daniel Rubin filed a Supplement to Petition for Letters of Administration, on September 11, 2014, in the Orange County Superior Court. | 36. Supplement to the Petition for Letters of Administration; RJN No. 16. |
| 37. Attachment 3c submitted with Daniel Rubin's Supplement to Petition for Letters of Administration stated:<br><br>"There is a 'buyer' for the property that is willing to perform the environmental cleanup, if the property is transferred to the 'buyer' outright.  A probate has been filed (as opposed to a petition to set aside) to avoid having any of the heirs in the chain of title for the contaminated property." | 37. Attachment 3c to Supplement to Petition for Letters of Administration; RJN No. 16. |
| 38. In the petition filed in the Orange County Superior Court, Daniel Rubin represented that the estate has | 38. Petition for Letters of Administration, p. 2 ¶ 3.c; RJN No. 15. |

**INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872**

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| zero personal property and zero income, and that the net value of real property owned by the estate is zero. | |
| 39.  On October 16, 2014, the Orange County Superior Court entered a minute order stating that Daniel Rubin was appointed as Administrator of the Estate of Betty Goldberg, and that the "Petition for Letters of Administration filed by Daniel Rubin is approved as supplemented with Full IAEA powers for the purpose of completing the transfer of property only." | 39.  Orange County Superior Court October 16, 2014 Minute Order; RJN No. 17. |
| 40.  On May 27, 2015, Daniel Rubin filed a Notice of Proposed Action in the probate proceeding in the Orange County Superior Court. | 40.  Notice of Proposed Action; RJN No. 18. |
| 41.  In the Notice of Proposed Action, Daniel Rubin stated that on or after June 15, 2015, | 41.  Notice of Proposed Action, page 1, ¶ 3; RJN No. 18. |

**INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872**

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| as the personal representative of the estate, he will sell the "real property commonly known as 220 West Gutierrez Street, Santa Barbara, CA, Assessor's Parcel no. 037-202-06-00 / Santa Barbara County at private sale to 220 West Gutierrez, LLC." | |
| 42.  The Notice of Proposed Action represented that the sale agreement provides that: "Buyer does all environmental remediation on the property prior to the sale closing." | 42.  Notice of Proposed Action, page 1, ¶ 3; RJN No. 18. |
| 43.  During the negotiations for the sale of the Site, or shortly after the Gutierrez LLC agreed to acquire it, Bret Stone, a principal of the Gutierrez LLC, arranged to represent the Goldberg Estates in the 1994 Action. | 43.  Rubin Deposition, pp. 41:25-46:5; Bures Decl., Exh. G. |
| 44.  On March 28, 2014, the plaintiffs in the 1994 Action | 44.  Plaintiffs' Request for Status Conference in the 1994 Action; |

**INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872**

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| (appearing as "Al Goldberg and Betty Goldberg") filed a Request for Status Conference in the 1994 Action. | RJN No. 19. |
| 45. The Request for Status Conference stated that the DTSC had sent plaintiffs a January 30, 2014 letter, addressing contaminant risks at the Site, and stated that the DTSC's letter "demanded that Plaintiffs immediately take action to address those risks." | 45. Plaintiffs' Request for Status Conference in the 1994 Action, at 1:22-26; RJN No. 19. |
| 46. The DTSC's January 30, 2014 letter was addressed to "Al and Betty Goldberg Trust, c/o Mr. Dan Rubin." | 46. Plaintiffs' Request for Status Conference in the 1994 Action, Exh. 1 (January 30, 2014 letter from the DTSC); RJN No. 19. |
| 47. The Request for Status Conference stated that: "Plaintiffs are now deceased, but the liability of their estates for the contamination at and around the property located at 220 W. Gutierrez Street, Santa Barbara, California (the 'Property') continues to | 47. Plaintiffs' Request for Status Conference in the 1994 Action, at 1:18-22; RJN No. 19. |

18

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| plague their personal representative." | |
| 48.   The Court's June 12, 2014 Order in the 1994 Action stated in part: "Plaintiffs are further ordered to show cause, in writing, no later than June 27, 2014 why this case should not be dismissed for lack of prosecution given their abandonment of the action for more than 17 years.  Failure to respond will result in formal dismissal of the case." | 48.   The Court's June 12, 2014 Order entered in the 1994 Action, p. 2; RJN No. 6. |
| 49.   The plaintiffs' response to the Court's Order included a Response to Order and a declaration of Daniel Rubin. The Response and Rubin Declaration stated that the Goldberg Estates did not have the resources to complete the investigation and remediation at the Site without the participation of the defendants in that Action. | 49.   (a)  Response to Order filed by the  Plaintiffs in the 1994 Action, at 4:1-6; RJN No. 20. (b) Rubin Decl. filed in the 1994 Action, at p. 2, ¶ 13; RJN No. 10. |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

2287056.1

| **Uncontroverted Facts** | **Evidentiary Support** |
|---|---|
| 50.   In an order dated August 21, 2014, the Court ordered that the 1994 Action "is DISMISSED for lack of prosecution." | 50.   (a)  August 21, 2014 Order entered in the 1994 Action; RJN No. 21.<br>(b)  August 21, 2014 Judgment entered in the 1994 Action; RJN No. 22. |
| 51.   Addendum 3 to the Purchase and Sale Agreement for the Site states that references to the "Closing Date" in that agreement shall mean "within 40 days" after the dismissal of this litigation. | 51.   Addendum 3 to Purchase and Sale Agreement, signed on September 11 and 12, 2015; Bures Decl., Exh. F. |
| 52.   Mr. Rubin signed Addendum 3 to the Purchase and Sale Agreement without reading it. He testified that he signed it because his lawyer gave it to him and it needed to be signed. | 52.   Rubin Deposition, at pp. 61:3-19; Bures Decl., Exh. G. |
| 53.   The managing partner of the Gutierrez LLC testified in deposition that he expects that title to the Site will transfer to the Gutierrez LLC after this Action is concluded. | 53.   Till Deposition, at pp. 49:6-24; Bures Decl., Exh. E. |

**INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872**

2287056.1

| **Uncontroverted Facts** | **Evidentiary Support** |
|---|---|
| 54.   Daniel Rubin testified that the Gutierrez LLC and the Estate of Betty Goldberg are waiting for this Action to conclude before transferring title to the Site to the Gutierrez LLC, and that he understands the real estate sale will close and the title to the Site will transfer after this Action has ended. | 54.   Rubin Deposition, at pp. 40:5-15, 61:3-24; Bures Decl., Exh. G. |
| 55.   The Plaintiff estates' representative, Daniel Rubin, testified in deposition that there is no estate of Al Goldberg. | 55.   Rubin Deposition, at p. 15:9-10; Bures Decl., Exh. G. |
| 56.   Intervenors served written discovery requests in this action, asking the Plaintiffs to identify all costs they claim to have incurred with respect to the Site, and to identify and produce any evidence supporting that claim. | 56.   (a)   Intervenors' Interrogatories, Set One, Interrogatory Nos. 1-5; Bures Decl., Exh. H.<br>(b)   Intervenors' Requests for Production, Set One, Requests for Production Nos. 3-7; Bures Decl., Exh. I. |
| 57.   In responses to Intervenors' written discovery requests in this action, Plaintiffs asserted | 57.   Plaintiffs' Responses to Intervenors' Interrogatories, Set One, Response Nos. 1-5; |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| that the Goldbergs had paid $230,000 to address pollution at the Site by 1995. | Bures Decl., Exh. J. |
| 58. The Plaintiffs' written discovery responses in this action identified no evidence that shows that Al or Betty Goldberg had paid $230,000 to address pollution at the Site by 1995. | 58. Plaintiffs' Responses to Intervenors' Interrogatories, Set One, Response Nos. 1-5; Bures Decl., Exh. J. |
| 59. When asked in deposition, the Plaintiff estates' representative, Daniel Rubin, could not identify any evidence to support a claim that Al or Betty Goldberg had paid $230,000 to address pollution at the Site by 1995. | 59. Rubin Deposition, at pp. 129:12-131:6; 131:24-132:19; Bures Decl., Exh. G. |
| 60. When asked in deposition, the Plaintiff estates' representative, Daniel Rubin, testified that he had no knowledge of whether Al or Betty Goldberg had paid $230,000 to address pollution at the Site by 1995, and that | 60. Rubin Deposition, at pp. 129:12-131:6; 131:24-132:19; Bures Decl., Exh. G. |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| he had no documents that could establish whether Al or Betty Goldberg had paid $230,000 to address pollution at the Site by 1995. | |
| 61.   In responses to Intervenors' written discovery requests in this action, Plaintiffs asserted that the estate of Betty Goldberg has paid $150,000 to address pollution at the Site since 2012. | 61.   Plaintiffs' Responses to Intervenors' Interrogatories, Set One, Response Nos. 1-5; Bures Decl., Exh. J. |
| 62.   In meet and confer correspondence before this motion was filed, the Plaintiffs asserted that various documents show that the estate of Betty Goldberg has paid $150,000 to address pollution at the Site since 2012. | 62.   (a)   Plaintiffs' Responses to Intervenors' Interrogatories, Set One, Response No. 1; Bures Decl., Exh. J.<br><br>(b)  Nov. 25, 2015, response to meet and confer; Bures Decl., Exh. K. |
| 63.   The documents cited by the Plaintiffs in their meet and confer correspondence provide no evidence that the Plaintiff estates paid costs of | 63.   (a)   Nov. 25, 2015, response to meet and confer; Bures Decl., Exh. K.<br><br>(b)  Invoices; Bures Decl., Exh. |

**INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872**

2287056.1

| | Uncontroverted Facts | | Evidentiary Support |
|---|---|---|---|
| | addressing contamination at the Site. | | L. |
| 64. | Certain of the documents cited by the Plaintiffs' counsel in meet and confer, as allegedly evidencing payment of pollution costs, refer to payments made by Goss-Jewett. | 64. | (a)   Nov. 25, 2015, response to meet and confer; Bures Decl., Exh. K.<br><br>(b)  Goss-Jewett Invoice; Bures Decl., Exh. M. |
| 65. | Certain invoices cited by the Plaintiffs' counsel in meet and confer, as allegedly evidencing payment of pollution costs, do not show who paid the costs described in the invoices. | 65. | Bures Decl., Exh. L-M. |
| 66. | In deposition, the representative of the Estate of Betty Goldberg, Daniel Rubin confirmed that the Plaintiffs did not pay California Rigging Company, Young's Environmental Services, or Anacapa GeoSciences for costs related to environmental conditions at the Site. | 66. | Rubin Deposition, at pp. 134:15-135:23; 142:9-20; Bures Decl., Exh. G. |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| 67.   In the meet and confer, the Plaintiffs' counsel cited two checks for payments in 2013 totaling $2500, but those checks show the payments were made by the Goldberg Family Revocable Trust. | 67.   (a)   Jan. 6, 2016, letter, and checks from Goldberg Family Rev. Trust to Campbell Geo Inc.; Bures Decl., Exh. B & N. (b)   Rubin Deposition, p. 139:13-141:11; Bures Decl., Exh. G. |
| 68.   Daniel Rubin testified at deposition that he knew of no facts to support a claim that the Goldbergs had incurred costs related to environmental conditions at the Site. | 68.   Rubin Deposition, at pp. 130:12-131:6, 131:24-132:19, 133:8-134:12, 134:15-135:23; Bures Decl., Exh. G. |
| 69.   Daniel Rubin testified at deposition that the Estate of Betty Goldberg has never paid costs to the DTSC regarding the Site. | 69.   Rubin Deposition, at pp. 104:19-105:9; Bures Decl., Exh. G. |
| 70.   Daniel Rubin further testified that the Estate of Betty Goldberg is not currently paying any money for pollution-related investigation or cleanup at the Site. | 70.   Rubin Deposition, at p. 117:23-118:1; Bures Decl., Exh. G. |
| 71.   The representative of the Estate of Betty Goldberg, | 71.   Rubin Deposition, at pp. 35:11-15, 28:14-29:1, and 117:2-15; |

**INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872**

2287056.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

| Uncontroverted Facts | Evidentiary Support |
|---|---|
| Daniel Rubin, acknowledged in deposition that under the Purchase and Sale Agreement the estate "will not be responsible for the cleanup" at the Site, that the buyer "would have to assume the cleanup responsibility" for the Site, and that the buyer is "taking over and assuming responsibility for handling all the environmental issues of the property." | Bures Decl., Exh. G. |
| 72.  The Goldberg Estates have not shown that they have been the subject of a claim or suit under Section 106 or 107(a) of CERCLA. | 72.  (a)  Complaint, ECF No. 1, ¶¶ 1, 33-36; RJN No. 1.<br>(b)  Bures Decl., ¶ 17 |
| 73.  On February 8, 1991, George Rogers, attorney for Al and Betty Goldberg, sent a letter to Goss-Jewett, offering a triple-net lease with a month-to-month tenancy.  Arthur Arns signed the letter as president of Goss-Jewett. | 73.  Depo. of Arthur Arns, Exh. 68; Bures Decl., Exh. O. |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

| **Uncontroverted Facts** | **Evidentiary Support** |
|---|---|
| 74.   Goss-Jewett vacated the Site by May 4, 1991. | 74.   Depo. of Arthur Arns, Exh. 70; Bures Decl., Exh. P. |
| 75.   On September 28, 1993, the California Regional Water Quality Control Board, Central Coast Region, issued Cleanup or Abatement Order No. 93-66 to Goss-Jewett & Co., Inc.; Tri-County Sales, Inc.; and Mr. & Mrs. Al Goldberg.  The subject of the order was 220 W. Gutierrez, Santa Barbara, California. | 75.   Cleanup or Abatement Order No. 93-66; RJN No. 23. |
| 76.   In 1994, Betty Goldberg appointed Robert Passovoy her attorney-in-fact to manage the litigation and the Site. | 76.   Power of attorney; RJN No. 24. |
| 77.   Mr. Passovoy continued to manage the Site until Betty Goldberg's death in 2003, when he gave her trust documents and information about the Site to Daniel Rubin. | 77.   Depo. of Daniel Rubin, pp. 83:8-15, 121:2-122:5; Bures Decl., Exh. G. |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

| **Uncontroverted Facts** | **Evidentiary Support** |
|---|---|
| 78.   Plaintiffs contend that they owned the Site while they were alive, and the only other owner that has been identified is the Goldberg Family Revocable Trust dated January 21, 1991. | 78.   (a) Complaint, ¶¶ 7-8; RJN No. 1.<br>(b) Purchase and Sale Agreement, p. 1; Bures Decl., Exh. F. |
| 79.   Plaintiffs were asked "to identify all tenants of the site from 1968 to the present," and neither Mr. Fohrman nor Mr. Schack was included. | 79.   Nov. 25, 2015, letter from B. Stone to C. Johnson, p. 2; Bures Decl., Exh. K. |
| 80.   In his deposition, Daniel Rubin, could not identify any evidence that Benjamin Fohrman caused or contributed to any contamination at the Site or is responsible for acts alleged in the Complaint. | 80.   Rubin Deposition, at pp. 67:17-69:18; 118:8-24; Bures Decl., Exh. G. |
| 81.   In his deposition, the representative of the Estate of Betty Goldberg, Daniel Rubin, could not identify any evidence that Robert Schack caused or contributed to any | 81.   Rubin Deposition, at pp. 67:17-69:18; 118:8-24; Bures Decl., Exh. G. |

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

| **Uncontroverted Facts** | **Evidentiary Support** |
|---|---|
| contamination at the Site or is responsible for acts alleged in the Complaint. | |

Based on the foregoing Uncontroverted Facts, the Court now makes its:

**CONCLUSIONS OF LAW**

1.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

2.      Plaintiffs are not entitled to cost recovery under CERCLA § 107(a) because the Plaintiffs have not incurred costs for cleanup of the Property.

3.      Plaintiffs are not entitled to recovery on their remaining claims because the plaintiffs face no liability for claims by the Department of Toxics Substances Control or the California Regional Water Quality Control Board with respect to pollution at the 220 W. Gutierrez property.

4.      Plaintiffs' claims for Cost Recovery under CERCLA § 107(a), Contractual Indemnity, Contribution under the Hazardous Substance Account Act, Contribution under CERCLA § 113(f), Equitable Indemnity and Declaratory Relief are dismissed on the merits, with prejudice.

///
///
///
///
///
///
///

INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872

2287056.1

1    5.    Intervenors and Defendants are entitled to recovery of their costs of suit

2  in this action.

3  Dated:_____

4                                            _____
                                            Hon. Dale S. Fisher
5                                            United States District Judge

6  Submitted by:

7  Dated:  March 4, 2016          WOLFE & WYMAN LLP

8

9                                 By:  ___/s/ Matthew C. Bures_____
10                                      MATTHEW C. BURES
                                        CHRISTOPHER T. JOHNSON
11                               Attorneys for Intervenors
12                               **VIGILANT INSURANCE COMPANY;**
                                 **THE STANDARD FIRE INSURANCE**
13                               **COMPANY; GREAT AMERICAN**
                                 **INSURANCE COMPANY OF NEW YORK,**
14                               **f/k/a/ AMERICAN NATIONAL FIRE**
                                 **INSURANCE COMPANY; CENTURY**
15                               **INDEMNITY COMPANY, as Successor to**
                                 **CCI INSURANCE COMPANY, as**
16                               **Successor to INSURANCE COMPANY OF**
17                               **NORTH AMERICA**

18

19                               Attorneys for Defendants
20                               **THE ESTATE OF BENJAMIN F.**
                                 **FOHRMAN, DECEASED, and THE**
21                               **ESTATE OF ROBERT SCHACK,**
                                 **DECEASED**
22

23

24

25

26

27

28

**INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT 14 CV 01872**

2287056.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                        )  ss.
COUNTY OF ORANGE        )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612-7531. My e-mail address is rsnichols@wolfewyman.com.

On March 4, 2016, I served the document(s) described as **INTERVENORS AND DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT UNDER FRCP 56** on all interested parties in said action by placing a  true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐     **BY MAIL**: as follows:

    ☐      **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☒     **BY ELECTRONIC TRANSMISSION** as follows:  By filing and serving directly through United States District Court, Central District of California CM/ECF website at **https://ecf.cacd.uscourts.gov**.

☐     **BY E-MAIL** as follows:  I caused the above-named document(s) to be transmitted via e-Mail to each addresses' email as listed on the attached service list.

☐     **BY OVERNIGHT COURIER SERVICE** as follows:  I caused such envelope to be delivered by overnight courier service to the offices of the addressee.  The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐     **BY FACSIMILE** as follows:  I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number.  The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒     **FEDERAL**     I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

  Executed on March 4, 2016, at Irvine, California.

                                      Rebecca Nichols

2112585.1

1

**SERVICE LIST**
**USDC – Central District, Case No.: 5:14-cv-01872-DSF (SHx_**

2

**Goldberg v. Goss-Jewett, et al.**
**W&W File No. 1414-058**

3

**[Revised: 2/4/16]**

4

5   Bret Stone, Esq.                          Plaintiffs
    PALADIN LAW GROUP LLP                     ESTATE OF BETTY GOLDBERG,
6   3 West Carrillo Street, Suite 212         DECEASED
    Santa Barbara, CA 93101                   ESTATE OF AL GOLDBERG, DECEASED

7
                                              T: (805) 898-970
8                                             F: (805) 852-2495

9                                             bstone@paladinlaw.com,
                                              rcasstevens@paladinlaw.com,
10                                            bpaget@paladinlaw.com

11  Ferdie Franklin, Esq.                     Plaintiffs ESTATE OF BETTY GOLDBERG,
    Cristina Matsushima, Esq.                 DECEASED
12  Karen Patrician Agelson, Esq.             ESTATE OF AL GOLDBERG, DECEASED
    WFBM LLP
13  One City Boulevard West, 5th Floor        T: (714) 634-2522
    Orange CA 92868                           F: (714) 634-0686
14
                                              cmatsushima@wfbm.com
15                                            kagelson@wfbm.com
                                              ffranklin@wfbm.com
16

17  Joseph Adams, Esq.                        Defendants DONALD GEORGE
    Farheena Habib, Esq.                      ESTATE OF TERRENCE GEORGE,
18  BASSI EDLIN HUIE & BLUM LLP               DECEASED
    500 Washington Street, Suite 700
19  San Francisco CA 94111                    jadams@behblaw.com
                                              fhabib@behblaw.com
20
    Sarah Evans, Esq.                         Defendant  ARTHUR ARNS
21  SCHWARTZ SEMERDJIAN
    CAULEY & MOOT LLP                         T: (619) 236-8821
22  101 West Broadway, Suite 810              F: (619) 236-8827
    San Diego CA 92101
23                                            sarah@sscmlegal.com,
                                              allison@sscmlegal.com
24

25

26

27

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

| | | |
|---|---|---|
| **1** | John Van Vlear, Esq. | Defendant DAROLD MERRITT |
| **2** | NEWMEYER & DILLION LLP | |
| | 895 Dove Street, Fifth Floor | T: (949) 854-7000 |
| **3** | Newport Beach CA 92660 | F: (949) 854-7099 |
| **4** | | John.Vanvlear@ndlf.com, |
| | | jack.rubin@ndlf.com, |
| **5** | | dan.miller@ndlf.com |
| **6** | | |
| | Brian Ledger, Esq. | Defendant JAMES ROSS |
| **7** | Candice S. Nam, Esq. | |
| | GORDON & REES LLP | T: (619) 696-6700 |
| **8** | 101 West Broadway, Suite 2000 | F: (213) 680-4470 |
| | San Diego CA 92101 | |
| **9** | | bledger@gordonrees.com, |
| | | mgonzalez@gordonrees.com |
| **10** | | cnam@gordonrees.com, |
| | | mzerby@gordonrees.com |
| **11** | | |
| **12** | Gary Smith, Esq. | Third Party Defendant |
| | Ryan Tacorda, Esq. | PPG INDUSTRIES, INC. |
| **13** | Kaitlyn Day Shannon, Esq. | |
| | BEVERIDGE & DIAMOND PC | gsmith@bdlaw.com, |
| **14** | 456 Montgomery Street, Suite 1800 | acruz@bdlaw.com |
| | San Francisco CA 94104 | rtacorda@bdlaw.com, |
| **15** | | ronaka@bdlaw.com |
| | | kshannon@bdlaw.com |
| **16** | | |
| **17** | Felicia Starr, Esq. | Third Party Defendants |
| | Wendy Leigh Wilcox, Esq. | PACIFIC ENGINEERING ASSOCIATES, INC. |
| **18** | SKANE WILCOX LLP | CLAY SCOTT BRADFIELD |
| | 1055 West 7th Street, Suite 1700 | |
| **19** | Los Angeles CA 90017 | T: (213) 452-1200 |
| | | F: (213) 452-1201 |
| **20** | | |
| | | fstarr@skanewilcox.com, |
| **21** | | wwilcox@skanewilcox.com |
| **22** | Jeffrey Wilcox, Esq. | Third Party Defendant |
| **23** | LEGAL DIVISION – STATE OF | CALTRANS |
| | CALIFORNIA DEPARTMENT OF | |
| **24** | TRANSPORTATION | T: (510) 433-9100 |
| | 111 Grand Avenue, Suite 11-100 | F: (510) 433-9167 |
| **25** | Oakland CA 94612 | |
| | | jeffrey.wilcox@dot.ca.gov |
| **26** | | |
| **27** | | |
| **28** | | |

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

2112585.1

1  Campbell Hugh Greenup, Esq.  Attorney for St. Paul Cleaners & Laundry, Inc.
   CAMPBELL HUGH GREENUP LAW OFFICE
2  23480 Park Sorrento, Suite 250  T: (818) 591-0044
3  Calabasas, CA 91302  F: (818) 591-1710

4                                  ccventura@msn.com

5  Jeffrey S Bolender, Esq.  Attorney for St. Paul Cleaners & Laundry, Inc.
   BOLENDER AND ASSOCIATES APC
6  2601 Airport Drive Suite 360  T: 310-784-2443
7  Torrance, CA 90505  F: 310-784-2444

8                                  jbolender@bolender-firm.com

9

10  Joseph B. Adams, Esq.  Third Party Plaintiff
    Farheena Habib, Esq.  Estate of Terrence J. George
11  Sean G. Herman, Esq.
    BASSI EDLIN HUIE AND BLUM  415-397-9006
12  500 Washington Street Suite 700  415-397-1339 (fax)
    San Francisco, CA 94111
13                                  fhabib@behblaw.com
                                    sherman@behblaw.com
14                                  jadams@behblaw.com
                                    epoppler@behblaw.com
15

16  Erin Kathleen Poppler, Esq.  Attorney for Donald J. George
    BASSI EDLIN HUIE & BLUM LLP  415-397-9006
17  351 California Street Suite 200  415-397-1339 (fax)
    San Francisco, CA 94104  epoppler@behblaw.com
18
    Daniel S Kippen, Esq.  Attorney for Darold E. Merritt
19  VOSS COOK AND THEL
    895 Dove Street, Suite 450  dkippen@vctlaw.com
20  Newport Beach, CA 92660-2998

21

22

23

24

25

26

27

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

2112585.1