UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

| Case No. | EDCV 14-1872 DSF (AFMx) | Date | 3/10/16 |
|---|---|---|---|
| Title | Estate of Betty Goldberg, et al. v. Goss-Jewett Co., Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING Fireman's Fund Motion to Dismiss (Dkt. No. 229)[1]

Fireman's Fund Insurance Company, as insurer for several estate defendants in this action, moves for dismissal due to late service of process. This motion presents the esoteric question of when an insurer sued in a quasi-direct manner pursuant to California Probate Code §§ 550, et seq. must be served with process under Rule 4.

Federal Rule of Civil Procedure 4(m) currently states[2]:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

California Probate Code §§ 550, et seq. provides a mechanism for a quasi-direct action against an insurer up to the limits of the policy where the insured has died. The action is to be brought against the decedent's estate, but the summons is to be delivered to

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for March 14, 2015 is removed from the Court's calendar.

[2] Prior to December 1, 2015, Rule 4(m) provided 120 days for service.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

the insurer – or its designee – and the insurer is allowed to contest its liability.  See Cal. Prob. Code §§ 552, 553.

This creates a situation where the named defendant is technically the estate of the deceased insured, but the actual litigant is the insurer.  Rule 4 is not necessarily designed with this in mind.  Rule 4 talks in terms of serving the "defendant."  While Fireman's Fund is not technically the defendant, the California Probate Code requires that it be served with the summons and it is reasonable that service on insurers being sued as quasi-defendants under § 550 should generally comply with Rule 4(m)'s time limit.

If Fireman's Fund's potential liability had been known at the time of filing, the Court would find that the service time of Rule 4(m) had long expired.  However, Plaintiff indicates that Fireman's Fund's potential liability was not known until a deposition in December 2015, and Fireman's Fund was served within days of that deposition.  In a normal case, if an unnamed party's potential liability becomes known through discovery, that party would have to be named as a defendant either through stipulation or court order.  The unusual framework of §§ 550, et seq. obviates the need for formal amendment of the complaint to add a new insurer because the named defendant is always the estate of the deceased insured.  However, this does not alter the Court's need to manage the progress of the case both for judicial efficiency and fairness to the parties.  For example, there is no question that fairness would prevent an insurer from being served on the eve of trial, as it would prejudice that insurer's ability to challenge its liability.  Typically, limits are set on how late new parties can be added to a case.  In this case, the deadline for adding new parties or claims was August 10, 2015.  The Court sees no reason that adding insurers under §§ 550, et seq. should be exempt from this type of basic case management.

Fireman's Fund was not served until December 18, 2015 – well beyond the date set by the Court's scheduling order.  Therefore, Fireman's Fund is not properly part of the case unless Plaintiff can show good cause to extend the deadline to add parties.  See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  On the limited showing provided, see Opp'n at 7, the Court does not find good cause.  While Plaintiff only became aware of specific evidence implicating a Fireman's Fund policy in December, there is no showing of due diligence prior to the deadline for adding parties.  In addition, Plaintiff itself admits that the lawsuit was tendered to Fireman's Fund on January 8, 2015, which strongly suggests that Plaintiff had reason to bring Fireman's Fund into the case long before it actually did so.

The motion to dismiss is GRANTED.  The Court recognizes that it was not clear

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

that Plaintiff needed to serve an insurer under §§ 550, et seq. within any given time period. Therefore, this ruling is without prejudice to a separate motion by Plaintiff to add Fireman's Fund supported by a better showing of good cause for delay.

    IT IS SO ORDERED.