FRED M. BLUM, ESQ. (SBN 101586)
fblum@behblaw.com
JOSEPH B. ADAMS, ESQ. (SBN 194964)
jadams@behblaw.com
FARHEENA A. HABIB, ESQ. (SBN 243405)
fhabib@behblaw.com
SEAN G. HERMAN, ESQ. (SBN 302261)
sherman@behblaw.com
BASSI, EDLIN, HUIE & BLUM LLP
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone:   (415) 397-9006
Facsimile:   (415) 397-1339

Attorney for Defendant, Counter- claimant, and Third-Party Plaintiff THE ESTATE OF TERRENCE J. GEORGE, Deceased

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BETTY GOLDBERG, Deceased and ESTATE OF AL GOLDBERG, Deceased, by and through their successor in interest, Daniel Rubin,<br><br>Plaintiffs,<br><br>vs.<br><br>GOSS-JEWETT COMPANY, INC., et al. ,<br><br>Defendants.<br><br>AND RELATED COUNTER AND THIRD-PARTY ACTIONS | Case No. 5:14-cv-01872-DSF-AFMx<br><br>**DECLARATION OF SEAN G. HERMAN IN SUPPORT OF ESTATE OF TERRENCE GEORGE'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFFS GOLDBERG AND PARTIAL SUMMARY JUDGMENT AGAINST THIRD-PARTY DEFENDANT PPG INDUSTRIES, INC.**<br><br>Hearing Date:       May 16, 2016<br>Hearing Time:             1:30 PM<br>Courtroom:                      840<br><br>Judge:         Hon. Dale S. Fischer<br>Action filed:              9/8/2014<br>Motion Hearing Cut-off:   7/11/2016<br>Trial Date:             10/11/2016 |

1

DECL. OF SEAN G. HERMAN IN SUPP. OF MTN. FOR SUMM. J. AGAINST PLS. GOLDBERG AND
PARTIAL SUMM. J. AGAINST THIRD-PARTY DEF. PPG INDUSTRIES, INC.

I Sean G. Herman declare as follows:

1. I have represented Defendant, Counter-claimant, and Third-Party Plaintiff the Estate of Terrence George, Deceased, (hereinafter "George Estate") in this case and have knowledge of this case and the related actions since their inception. I have personal knowledge of the matters set forth in this declaration. If called upon to testify, I could and would testify competently thereto.

2. This declaration is made in support of George Estate's Motion for Summary Judgment and Partial Summary Judgment.

3. Attached hereto as Exhibit "A" is a true and correct copy of relevant excerpts of the transcript from the deposition of Betty Goldberg taken on June 6, 1995 in the United States District Court for the Central District of California matter entitled <u>Betty Goldberg and Al Goldberg v. Arthur Arns, et al.</u>, Docket No.: 2:94-cv-3834.

4. Attached hereto as Exhibit "B" is a true and correct copy of the Articles of Incorporation for Tri-County Sales, Inc. ("TCS"), filed on December 29, 1967, also appended to the March 28, 2016 Declaration of Bret Stone, ECF No. 283 (hereinafter "Stone Decl."), ¶ 2, Ex 1.

5. Attached hereto as Exhibit "C" is a true and correct copy of the March 14, 1968 Security Agreement entered into between Al Goldberg and Betty Goldberg (hereinafter collectively the "Goldbergs") and Floyd Baker and Wanda Baker (hereinafter collectively the "Bakers"), also appended to the Stone Decl., ¶ 2, Ex. 2; April 1, 1968 Lease Agreement between the Goldbergs and the Bakers appended to the Stone Decl., ¶ 3, Ex. 2.

6. Attached hereto as Exhibit "D" is a true and correct copy of the April 1, 1968 Lease Agreement entered into between the Goldbergs and the Bakers, also appended to the Stone Decl., ¶ 4, Ex. 3.

7. Attached hereto as Exhibit "E" is a true and correct copy of the September 24, 1968 Assignment of the 1968 Lease executed by the Goldbergs, the Bakers, and Donald George, also appended to the Stone Decl., ¶ 15, Ex. 14.

2

DECL. OF SEAN G. HERMAN IN SUPP. OF MTN. FOR SUMM. J. AGAINST PLS. GOLDBERG AND PARTIAL SUMM. J. AGAINST THIRD-PARTY DEF. PPG INDUSTRIES, INC.

8. Attached hereto as Exhibit "F" is a true and correct copy of relevant excerpts of the transcript from the deposition of Donald George taken on Jan. 14, 2015 in this matter.

9. Attached hereto as Exhibit "G" is a true and correct copy of relevant excerpts of the transcript from the deposition of Donald George taken on November 4, 2015 in this matter.

10. Attached hereto as Exhibit "H" is a true and correct copy of an October 24, 1978 letter from Bryan G. Gaggs to Douglas E. fell, produced in discovery in this matter by Plaintiffs Estate of Betty Goldberg and Estate of Al Goldberg (hereinafter collectively "Plaintiffs").

11. Attached hereto as Exhibit "I" is a true and correct copy of relevant excerpts of the transcript from the deposition of Carol George taken on Dec. 8, 2015 in this matter.

12. Attached hereto as Exhibit "J" is a true and correct copy of a "Loan Extension, Lease Clarification, Lot Lease and Security Agreement" alleged by Plaintiffs in their Complaint to evidence a lease between Plaintiffs and the George Estate. In addition to being appended to Plaintiffs' Complaint as an exhibit, this document was produced in discovery in this matter by Plaintiffs and also appended to the Stone Decl. ¶ 16, Ex. 15.

13. Attached hereto as Exhibit "K" is a true and correct copy of the February 26, 1980 Agreement for Purchase of TCS Shares by and between Goss-Jewett & Company, Inc. ("Goss-Jewett") and the Estate of Terry George produced in discovery in this matter and authenticated by Darold Merritt at his Nov. 17, 2015 deposition. This document was also appended to the Stone Decl. ¶ 22, Ex. 21 (see also relevant excerpts of the transcript from Darold Merritt's deposition appended to the Stone Decl. ¶ 23, Ex. 22, at 85:4-15).

14. Attached hereto as Exhibit "L" is a true and correct copy of the December 31, 1983 Certificate of Merger of Tri-County and Goss-Jewett, filed

3

with the Secretary of State of the State of California, produced in discovery in this matter and also appended to the Stone Decl. ¶ 26, Ex. 25.

15. Attached hereto as Exhibit "M" is a true and correct copy of the Lease between the Goldbergs and Goss-Jewett for the term of April 1, 1988 through March 31, 1991, produced in discovery in this matter and appended to the Stone Decl. ¶ 27, Ex. 26.

16. Attached hereto as Exhibit "N" is a true and correct copy of the September 6, 1991 test results from Coast to Coast Analytics to Glenn Wright, that was produced in discovery in this matter and authenticated by Glenn Wright at his Dec. 15, 2015 deposition. This document was also appended to the Stone Decl. ¶ 47, Ex. 46 (see also relevant excerpts of the transcript from Glenn Wright's deposition appended to the Stone Decl. ¶ 41, Ex. 40, at 122:12-20).

17. Attached hereto as Exhibit "O" is a true and correct copy of relevant excerpts of the transcript from the deposition of Daniel Rubin taken on Feb. 5, 2016 in this matter.

18. Attached hereto as Exhibit "P" is a true and correct copy of relevant excerpts of the transcript from the deposition of Donald George taken on Nov. 1, 1994 in the United States District Court for the Central District of California matter entitled Betty Goldberg and Al Goldberg v. Arthur Arns, et al., Docket No.: 2:94-cv-3834.

19. Attached hereto as Exhibit "Q" is a true and correct copy of Plaintiffs' Responses to Donald George's Interrogatories, Set One, with relevant portions of Plaintiffs' responses highlighted. I received these responses via e-mail from Plaintiffs' counsel on September 14, 2015.

20. Attached hereto as Exhibit "R" is a true and correct copy of relevant excerpts of the transcript from the deposition of Harlan Anderson taken on Dec. 14, 2015 in this matter.

21. Attached hereto as Exhibit "S" is a true and correct copy of relevant excerpts of the transcript from the deposition of Raymond Hanacek taken on Nov. 5, 2015 in this matter.

22. Attached hereto as Exhibit "T" is a true and correct copy of PPG Industries, Inc.'s (hereinafter "PPG") Responses to the George Estate's Interrogatories, Set One, with relevant portions of PPG's responses highlighted. I received these responses via e-mail from PPG's counsel on December 18, 2015.

23. Attached hereto as Exhibit "U" is a true and correct copy of PPG's Response to Deposition Category 1(p) via Interrogatory per Court Order regarding Discovery Motion (ECF No. 256), with relevant portions of PPG's responses highlighted. I received this response via e-mail from PPG's counsel on March 4, 2016.

24. Attached hereto as Exhibit "V" is a true and correct copy of relevant excerpts of the transcript from the deposition of Michael Koepnick taken on Feb. 2, 2016 in this matter.

25. Attached hereto as Exhibit "W" is a true and correct copy of relevant excerpts of the transcript from the deposition of Bryan Newman taken on Feb. 3, 2016 in this matter.

26. Attached hereto as Exhibit "X" is a true and correct copy of PPG's May 1970 Bulk Handling and Properties of Perchloroethylene bulletin, produced in discovery in this matter by PPG. Bryan Newman relied upon this document in preparation for PPG's Rule 30(b)(6) deposition, and it was marked as Exhibit 255 (see Ex. W attached hereto at 156:7-157:23).

27. Attached hereto as Exhibit "Y" is a true and correct copy of PPG's September 1974 Bulk Handling and Properties of PPG Chlorinated Solvents: Perchlorethylene, Trichlorethylene, and Tri-Ethane bulletin, produced in discovery in this matter by PPG. Bryan Newman relied upon this document in preparation for PPG's Rule 30(b)(6) deposition, and was previously marked as Exhibit 230 (see Ex. W attached hereto at 161:3-15, 163:17-24).

28. Attached hereto as Exhibit "Z" is a true and correct copy of PPG's March 1979 Bulk Handling and Properties of PPG Chlorinated Solvents: Perchlorethylene, Trichlorethylene, and Tri-Ethane bulletin, produced in discovery

5

DECL. OF SEAN G. HERMAN IN SUPP. OF MTN. FOR SUMM. J. AGAINST PLS. GOLDBERG AND PARTIAL SUMM. J. AGAINST THIRD-PARTY DEF. PPG INDUSTRIES, INC.

in this matter by PPG. Bryan Newman relied upon this document in preparation for PPG's Rule 30(b)(6) deposition, and was marked as Exhibit 256 (see Ex. W attached hereto at 164:21-165:10).

29. Attached hereto as Exhibit "AA" is a true and correct copy of PPG's July 1981 Bulk Handling and Properties of PPG Chlorinated Solvents: Perchlorethylene, Trichlorethylene, and Tri-Ethane bulletin, produced in discovery in this matter by PPG. Bryan Newman relied upon this document in preparation for PPG's Rule 30(b)(6) deposition, and was marked as Exhibit 257 (see Ex. W attached hereto at 165:25-166:9).

30. Attached hereto as Exhibit "AB" is a true and correct copy of PPG's July 1986 Bulk Handling and Properties of PPG Chlorinated Solvents: Perchlorethylene, Trichlorethylene, and Tri-Ethane bulletin, produced in discovery in this matter by PPG. Bryan Newman relied upon this document in preparation for PPG's Rule 30(b)(6) deposition, and was previously marked as Exhibit 231 (see Ex. W attached hereto at 174:21-175:3).

31. Attached hereto as Exhibit "AC" is a true and correct copy of a SSA Death Record search result found through my search of WestLaw public records regarding Flemming Andersson, indicating his date of death as June 30, 2007.

32. Attached hereto as Exhibit "AD" is a true and correct copy of a SSA Death Record search result found through my search of WestLaw public records regarding Robert W. Schack, indicating his date of death as March 1998.

33. Attached hereto as Exhibit "AE" is a true and correct copy of a SSA Death Record search result found through my search of WestLaw public records regarding Benjamin F. Fohrman, indicating his date of death as April 1993.

34. Attached hereto as Exhibit "AF" is a true and correct copy of a SSA Death Record search result found through my search of WestLaw public records regarding Robert N. Passovoy, indicating his date of death as May 28, 2008.

DECL. OF SEAN G. HERMAN IN SUPP. OF MTN. FOR SUMM. J. AGAINST PLS. GOLDBERG AND PARTIAL SUMM. J. AGAINST THIRD-PARTY DEF. PPG INDUSTRIES, INC.

35. Pursuant to Local Rule 7-3, counsel for George Estate met and conferred with counsel for Plaintiffs on April 6, 2016 for purpose of discussing George Estate's motion for summary judgment.

36. Pursuant to Local Rule 7-3, counsel for George Estate met and conferred with counsel for PPG on April 8, 2016 for purpose of discussing George Estate's motion for partial summary judgment.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of April, 2016, in San Francisco, California.

                Sean G. Herman

DECL. OF SEAN G. HERMAN IN SUPP. OF MTN. FOR SUMM. J. AGAINST PLS. GOLDBERG AND PARTIAL SUMM. J. AGAINST THIRD-PARTY DEF. PPG INDUSTRIES, INC.