# EXHIBIT T

Gary J. Smith (SBN 141393)
gsmith@bdlaw.com
Ryan R. Tacorda (SBN 227070)
rtacorda@bdlaw.com
Kaitlyn D. Shannon (SBN 296735)
kshannon@bdlaw.com
BEVERIDGE & DIAMOND, P.C.
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Telephone:  (415) 262-4000
Facsimile:   (415) 262-4040

Attorneys for Third-Party Defendant PPG Industries, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BETTY GOLDBERG, *et al.*,<br><br>        Plaintiffs,<br><br>    vs.<br><br>GOSS-JEWETT COMPANY, INC., *et al.*,<br><br>        Defendants,<br><br>*AND RELATED CROSS-ACTIONS AND THIRD-PARTY ACTIONS.* | Case No. 5:14-cv-01872-DSF (SHx)<br><br>**Assigned for all purposes to:**<br>**Hon. Dale S. Fischer**<br><br>Complaint filed:          9/8/2014<br>Trial date:                9/13/2016<br><br><br>**THIRD-PARTY DEFENDANT PPG INDUSTRIES, INC.'S RESPONSES TO ESATE OF TERRENCE J. GEORGE'S FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Third-Party Defendant PPG Industries, Inc. ("PPG") hereby responds to Third-Party Plaintiff the Estate of Terrence J. George's ("Terrence George Estate") First Set of Interrogatories to PPG ("Interrogatories").

## PRELIMINARY STATEMENT

PPG's responses to the Terrence George Estate's First Set of Interrogatories are based solely on information presently known to PPG. PPG has not fully completed its investigation of the facts relating to this case, has not fully completed its discovery in this action and has not completed preparation for trial. Nevertheless, PPG has attempted in good faith to respond to each Interrogatory. However, given the claims against PPG are based on activities which allegedly occurred beginning in or around 1969 and seek information from as early as 1964 (over half-a-century ago), documents with information potentially responsive to the Terrence George Estate's various Interrogatories may have been lost or destroyed, if they ever existed, and witnesses with potentially responsive information have died or are not available.

Further discovery, independent investigation, legal research and analysis may supply additional facts, add meaning to known facts and establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to, changes in and variations from the present Responses. Because PPG has not completed its investigation, it reserves the right to amend or supplement the Responses set forth herein if presently existing, different, or additional information is subsequently discovered. Therefore, these Responses are made without prejudice to PPG's right to produce, provide or introduce at the time of motion or trial such further responsive information and documents as may become known to PPG hereafter.

## GENERAL OBJECTIONS

1.      PPG objects to these Interrogatories, including the Definitions and Instructions contained therein, to the extent that they purport to impose obligations that

1

exceed the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure.

2.    PPG objects to these Interrogatories to the extent they seek privileged information, including but not limited to, information encompassed by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity. PPG' responses are not intended to, nor should they be construed as, a waiver or relinquishment of any part of the protections afforded by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.

3.    PPG objects to these Interrogatories to the extent they seek information that is beyond that in the possession, custody, or control of PPG.

4.    PPG objects to these Interrogatories to the extent they contain vague or ambiguous terms, as such Interrogatories are overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

5.    PPG objects to the Terrence George Estate's definition of "YOU" and "YOUR" as overly broad in scope, vague, ambiguous, unduly burdensome, compound and not reasonably calculated to lead to the discovery of admissible evidence. PPG further objects to the Terrence George Estate's definition of "YOU" and "YOUR" to the extent the definition implies that PPG may be liable for the actions of any natural persons, business or legal entities, or technical or expert consultants or contractors acting or purporting to act on behalf of PPG. The Interrogatories are being answered herein by PPG, and not by its current or former agents, expert consultants or contractors, or any other natural person, business or legal entity.

6.    PPG objects to the Terrence George Estate's Interrogatories as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information beyond that pertaining to PPG's PCE-containing products specifically formulated for use by professional dry cleaners, or dry-cleaning grade PCE.

2

7.     The information to the Terrence George Estate's Interrogatories to the extent they seek information that cannot be located after a reasonable search of its records reasonably believed most likely to contain the responsive information on the ground that any such requirement would be unduly burdensome and oppressive.

8.     The information that PPG produces in response to these Interrogatories, if any, is being produced solely for the purpose of this action.  Such information is subject to all objections regarding relevance, authenticity, materiality, propriety, and admissibility and any other objections that would require exclusion of the information, if such information were offered as evidence at trial, all of which objections are expressly reserved and may be raised at the time of trial.

9.     PPG's decision to provide information notwithstanding the objectionable nature of any of the discovery requests should not be construed as a stipulation or admission that the information is relevant or admissible, a waiver of PPG' general or specific objections, or an agreement that requests for similar discovery will be treated in a similar manner.

10.     PPG reserves the right to amend or supplement its responses as appropriate, as well as the right to object to other discovery directed to the subject of these Interrogatories.

11.     To the extent that PPG identifies documents as responsive to any Interrogatory, it does not constitute an admission that PPG agrees with the characterizations, disputed facts or other information contained in these Interrogatories.

12.     To the extent that any current or former PPG employees are identified in responses to the Terrence George Estate's Interrogatories, the Terrence George Estate should not contact any current or former employees directly, but instead should address any inquiries to counsel for PPG.

13.     These General Objections and Limitations apply to each Interrogatory as though restated in full therein.

## RESPONSES TO INTERROGATORIES

3

1 **INTERROGATORY NO. 1:**

2     IDENTIFY the names and addresses of all PERSONS who have knowledge of

3 any facts or events relating to the subject matter of this action and describe in detail what

4 factual knowledge each possesses.

5 **PPG RESPONSE TO INTERROGATORY NO. 1:**

6     PPG incorporates its General Objections and Limitations as if set forth fully

7 herein.  PPG objects to this Interrogatory as vague and ambiguous as the "subject matter

8 of this action" is undefined and overly broad.  PPG also objects to the extent this

9 Interrogatory seeks information already known to the Terrence George Estate through

10 prior discovery in this litigation or which is in the public record and thus equally

11 available to the Terrence George Estate.  Subject to and without waiving these

12 objections, PPG identifies the following PERSONS who have knowledge of any facts or

13 events relating to the subject matter of this action as well as their addresses and factual

14 knowledge each possesses:

15 - Arthur Arns:  Mr. Arns was deposed on November 10, 2015.  His deposition
16   transcript is the best source of information regarding his factual knowledge on the
17   subject matter of this action.  Mr. Arns can be contacted through his counsel.

18 - Darold Merritt:  Mr. Merritt was deposed on November 17, 2015.  His deposition
19   transcript is the best source of information regarding his factual knowledge on the
20   subject matter of this action.  Mr. Merritt can be contacted through his counsel.

21 - Carol George: Ms. George was deposed on December 8, 2015.  Her deposition
22   transcript is the best source of information regarding his factual knowledge on the
23   subject matter of this action.  Ms. George resides at 3750 Gregory Way, #16,
24   Santa Barbara, CA 93105.

25 - James Ross: Mr. Ross was deposed on December 9, 2015.  His deposition
26   transcript is the best source of information regarding to the information he has
27   about the case.  Mr. Ross can be contacted through his counsel.

28

- Ray Hanacek:  Mr. Hanacek was deposed on November 5, 2015.  His deposition transcript is the best source of information regarding his factual knowledge on the subject matter of this action.  Upon information and belief, Mr. Hanacek resides at 1134 Via Bolzano, Santa Barbara, CA 93111.

- Donald George:  Mr. George was deposed on November 4, 2015.  His deposition transcript is the best source of information regarding his factual knowledge on the subject matter of this action.  Mr. George can be contacted through his counsel.

- Glenn Wright:  Mr. Wright is scheduled to be deposed December 16, 2015 in Santa Barbara.  His deposition transcript is the best source of information regarding his factual knowledge on the subject matter of this action.  Mr. Wright resides at 391 North La Cumbre Road, Santa Barbara, CA 93110.

- Harlan Anderson:  Mr. Anderson was deposed on December 15, 2015.  His deposition transcript is the best source of information regarding his factual knowledge on the subject matter of this action.  Upon information and belief, Mr. Anderson resides at 7460 Van Buren Street, Ventura, CA 93003.

- Bryan Gaggs:  Mr. Gaggs was an accountant with Jarabin, Gaggs and Hunt who appears to have performed work for Tri-County Sales, Inc.  On information and belief, Mr. Gaggs currently resides in Bangkok, Thailand.

- Rae Burton:  Mr. Burton has knowledge regarding PPG's sale and distribution of perchloroethylene to distributor customers.  Mr. Burton can be contacted through PPG's counsel of record.

- George Kosslow:  Mr. Kosslow has knowledge regarding PPG's distribution of perchloroethylene to distributor customers.  Mr. Kosslow can be contacted through PPG's counsel of record.

- Robert Bowles:  Mr. Bowles has knowledge regarding PPG's distribution of perchloroethylene to distributor customers.  Mr. Bowles can be contacted through PPG's counsel of record.

- Edward Robert Gasior:  Mr. Gasior has knowledge regarding the distribution of
  PCE to distributor customers.  Mr. Gasior can be contacted through PPG's counsel
  of record.

In addition, PPG refers the Terrence George Estate to the persons identified in its Initial

Disclosures (served July 7, 2015) and Supplemental Initial Disclosures (served August

11, 2015).

**INTERROGATORY NO. 2:**

IDENTIFY the names and addresses of all other PERSONS who have submitted

opinions and/or oral or written reports regarding the subject matter of this litigation.  Set

forth the subject matter on which he or she was consulted, the substance of the opinions

or reports and the field of expertise of each person named.

**PPG RESPONSE TO INTERROGATORY NO. 2:**

PPG incorporates its General Objections and Limitations as if set forth fully

herein.  PPG objects to this Interrogatory as vague and ambiguous as the "subject matter

of this action" is undefined and overly broad.  PPG also objects to this Interrogatory as

seeking privileged or confidential information, including but not limited to, information

encompassed by the attorney-client privilege, the attorney work-product doctrine, or any

other applicable privilege or immunity.  PPG further objects as this Interrogatory calls

for expert testimony and the opinions or file materials of any consultants engaged by

PPG to advise on the litigation prior to the time prescribed by statute or ordered by the

Court.  To the extent this Interrogatory seeks opinions of PPG's experts, those opinions

will be disclosed in accordance with the Court's scheduling order.  Subject to and

without waiving these objections, no PERSON has submitted to PPG opinions or oral or

written reports regarding the subject matter of this action.

**INTERROGATORY NO. 3:**

IDENTIFY what dates (i.e. start and end month, day, and/or year) YOU earned

any revenue from any ENTITY at the PROPERTY.

**PPG RESPONSE TO INTERROGATORY NO. 3:**

PPG's Resp. to T. George's Interrogatories (Set 1), Case No.: 5:14-cv-01872-DSF (SHx)

1   PPG incorporates its General Objections and Limitations as if set forth fully

2   herein.  PPG objects to this Interrogatory as vague and ambiguous as the term "revenue"

3   is undefined and overly broad.  PPG also objects to this Interrogatory as overbroad,

4   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

5   evidence as this Interrogatory seeks information unrelated to this litigation because it is

6   not limited to PCE.  Subject to and without waiving these objections, PPG responds that

7   it has made a reasonable inquiry and diligent search of its records and has made a

8   reasonable and good faith effort to contact individuals with potentially relevant

9   information related to its PCE sales to the dry cleaning supply business at the

10  PROPERTY, but it has located no information or documents related to dates PPG earned

11  any revenue from any ENTITY at the PROPERTY.  Documents produced by PPG

12  include a 1979 letter from PPG to Terry George referring to Tri-County Sales' purchase

13  of PCE (PPG_GOLDBERG_000088) and two 1990 invoices for the sale of PCE to

14  Goss-Jewett Co., Inc. delivered to the PROPERTY (PPG_GOLDBERG_000004, PPG-

15  _GOLDBERG_000021, PPG_GOLDBERG_000035).

16  **INTERROGATORY NO. 4:**

17      IDENTIFY the period of time (i.e. start and end month, day, and/or year) in which

18  YOU sold PCE in California for use by dry cleaner supply distributors and/or dry

19  cleaner retailers.

20  **PPG RESPONSE TO INTERROGATORY NO. 4:**

21      PPG incorporates its General Objections and Limitations as if set forth fully

22  herein.  PPG objects to this Interrogatory as overbroad, unduly burdensome, and not

23  reasonably calculated to lead to the discovery of admissible evidence because this

24  Interrogatory is not limited to the relevant time period of this case.  PPG objects to this

25  Interrogatory on grounds of relevance and overbreadth to the extent this Interrogatory

26  purports to seek information about operations of distributors other than the dry-cleaning

27  supply business located at 220 West Gutierrez, Santa Barbara, California, which is the

28  only site at issue in this litigation.  Subject to and without waiving these objections, PPG

7

1  responds that it has made a reasonable inquiry and diligent search of its records and has

2  made a reasonable and good faith effort to contact individuals with potentially relevant

3  information related to PCE sales in California and believes that at least by the 1970s,

4  there were sales of dry-cleaning grade PCE in California.

5  **INTERROGATORY NO. 5:**

6      IDENTIFY any and all PERSONS and/or ENTITIES, including but not limited to

7  employees, agents, and/or representatives, who delivered or caused to be delivered PCE

8  to the PROPERTY on YOUR behalf, including the dates of the respective deliveries.

9  **PPG RESPONSE TO INTERROGATORY NO. 5:**

10      PPG incorporates its General Objections and Limitations as if set forth fully

11  herein.  PPG objects to this Interrogatory because it has no basis for believing that it, its

12  employees, or its agents were involved in the delivery of PCE to the PROPERTY but

13  instead, deliveries were made by common carrier acting for the purchaser.  Subject to

14  and without waiving these objections, PPG responds that it has made a reasonable

15  inquiry and diligent search of its records and has made a reasonable and good faith effort

16  to contact individuals with potentially relevant information related to PCE deliveries to

17  the PROPERTY, and identifies Matlack and Chemical Transportation as two of the

18  common carriers that delivered PCE to the PROPERTY, as indicated on the three 1990

19  invoices for the sale of PCE to the PROPERTY (PPG_GOLDBERG_000004, PPG-

20  _GOLDBERG_000021, PPG_GOLDBERG_000035).

21  **INTERROGATORY NO. 6:**

22      With regard to PCE manufactured by YOU, IDENTIFY the dimensions (i.e.

23  minimum length and width) of any hose which was used by YOU, YOUR employees,

24  and/or YOUR agents at or near the property of YOUR distributor customers to deliver

25  and/or transfer such PCE from any vehicle to an above-ground storage tank located at

26  the property of YOUR distributor customers between 1969 and 1980.

27  **PPG RESPONSE TO INTERROGATORY NO. 6:**

28

PPG's Resp. to T. George's Interrogatories (Set 1), Case No.: 5:14-cv-01872-DSF (SHx)

1        PPG incorporates its General Objections and Limitations as if set forth fully

2   herein.  PPG objects to this Interrogatory as overbroad, unduly burdensome, and not

3   reasonably calculated to lead to the discovery of admissible evidence to the extent it

4   seeks information about distributor locations other than the dry cleaning supply business

5   located at 220 West Gutierrez Street, Santa Barbara, California, which is the only site at

6   issue in this litigation.  Limiting its response to 220 West Gutierrez Street, Santa

7   Barbara, California, PPG also objects to this Interrogatory because it has no basis for

8   believing that it, its employees and/or agents were involved in the delivery of PCE to the

9   PROPERTY but instead, deliveries were made by common carrier acting for the

10   purchaser.  Subject to these objections and limiting this Interrogatory to 220 West

11   Gutierrez Street, Santa Barbara, California, PPG responds that it has made a reasonable

12   inquiry and diligent search of its records and has made a reasonable and good faith effort

13   to contact individuals with potentially relevant information related to deliveries made to

14   the dry cleaning supply business at the PROPERTY, but it has located no information

15   responsive to this Interrogatory.

16   **INTERROGATORY NO. 7:**

17        With regard to PCE manufactured by YOU, describe the process of how YOU,

18   YOUR employees, and/or YOUR agents at or near the property of YOUR distributor

19   customers delivered and/or transferred such PCE from any vehicle to an above-ground

20   storage tank located at the property of YOUR distributor customers between 1969 and

21   1980.

22   **PPG RESPONSE TO INTERROGATORY NO. 7:**

23        PPG incorporates its General Objections and Limitations as if set forth fully

24   herein.  PPG objects to this Interrogatory as overbroad, unduly burdensome, and not

25   reasonably calculated to lead to the discovery of admissible evidence to the extent it

26   seeks information about distributor locations other than the dry cleaning supply business

27   located at 220 West Gutierrez Street, Santa Barbara, California, which is the only site at

28   issue in this litigation.  Limiting its response to 220 West Gutierrez Street, Santa

Barbara, California, PPG also objects to this Interrogatory because it has no basis for believing that it, its employees and/or agents were involved in the delivery of PCE to the PROPERTY but instead, deliveries were made by common carrier acting for the purchaser.  Subject to these objections and limiting this Interrogatory to 220 West Gutierrez Street, Santa Barbara, California, PPG responds that it has made a reasonable inquiry and diligent search of its records and has made a reasonable and good faith effort to contact individuals with potentially relevant information related to deliveries made to the dry cleaning supply business at the PROPERTY, but it has located no information responsive to this Interrogatory.

**INTERROGATORY NO. 8:**

If a valve and/or pump mechanism was used on above-ground storage tanks at properties of YOUR distributor customer to which YOU, YOUR employees, and/or YOUR agents delivered and/or transferred PCE manufactured by YOU, describe how the valve and/or pump mechanism on the above-ground storage tank was operated in order to allow the distributor customer to access and/or remove the PCE from the above-ground storage tank.

**PPG RESPONSE TO INTERROGATORY NO. 8:**

PPG incorporates its General Objections and Limitations as if set forth fully herein.  PPG objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information about distributor locations other than the dry cleaning supply business located at 220 West Gutierrez Street, Santa Barbara, California, which is the only site at issue in this litigation.  Limiting its response to 220 West Gutierrez Street, Santa Barbara, California, PPG also objects to this Interrogatory because it has no basis for believing that it, its employees and/or agents were involved in the delivery of PCE to the PROPERTY but instead, deliveries were made by common carrier acting for the purchaser.  Subject to these objections and limiting this Interrogatory to 220 West Gutierrez Street, Santa Barbara, California, PPG responds that it has made a reasonable

10

inquiry and diligent search of its records and has made a reasonable and good faith effort to contact individuals with potentially relevant information related to above-ground storage tanks at the dry cleaning supply business at 220 West Gutierrez Street, Santa Barbara, California, but it has located no information responsive to this Interrogatory.

**INTERROGATORY NO. 9:**

If YOU deny that YOU sold PCE to Tri-County Sales, Inc. at the PROPERTY, please state all facts that support YOUR denial.

**PPG RESPONSE TO INTERROGATORY NO. 9:**

PPG incorporates its General Objections and Limitations as if set forth fully herein. Subject to and without waiving such objections, PPG responds that no response is necessary since PPG makes no such denial.

**INTERROGATORY NO. 10:**

If YOU deny that YOU sold PCE to Goss-Jewett Company, Inc. at the PROPERTY, please state all facts that support YOUR denial.

**PPG RESPONSE TO INTERROGATORY NO. 10:**

PPG incorporates its General Objections and Limitations as if set forth fully herein. Subject to and without waiving these objections and construing this Interrogatory as limited to Goss-Jewett Company, Inc., the suspended California corporation and defendant in this action, PPG responds that no response is necessary since PPG makes no such denial.

**INTERROGATORY NO. 11:**

If YOU deny that YOU delivered PCE to Tri-County Sales, Inc. at the PROPERTY, state all facts that support YOUR denial.

**PPG RESPONSE TO INTERROGATORY NO. 11:**

PPG incorporates its General Objections and Limitations as if set forth fully herein. Subject to and without waiving such objections, PPG responds that has no basis for believing that it, its employees, and/or its agents were involved in the delivery of PCE to the PROPERTY but instead, deliveries were made by common carrier acting for

11

1  the purchaser.  Invoices for PCE delivered to the PROPERTY

2  (PPG_GOLDBERG_000004, PPG_GOLDBERG_000021, PPG_GOLDBERG_000035)

3  indicate such deliveries were done by common carriers (Matlack and Chemical

4  Transportation).  Flemming Anderson also testified that deliveries of PCE to the

5  PROPERTY were made by independent operators (INS 002614-002615).

6  **INTERROGATORY NO. 12:**

7  　　If YOU deny that YOU delivered PCE to Goss-Jewett Company, Inc. at the

8  PROPERTY, state all facts that support YOUR denial.

9  **PPG RESPONSE TO INTERROGATORY NO. 12:**

10  　　PPG incorporates its General Objections and Limitations as if set forth fully

11  herein.  Subject to and without waiving such objections and construing this Interrogatory

12  as limited to Goss-Jewett Company, Inc., the suspended California corporation and

13  defendant in this action, PPG responds that has no basis for believing that it, its

14  employees, and/or its agents were involved in the delivery of PCE to the PROPERTY

15  but instead, deliveries were made by common carrier acting for the purchaser.  Invoices

16  for PCE delivered to the PROPERTY (PPG_GOLDBERG_000004, PPG-

17  _GOLDBERG_000021, PPG_GOLDBERG_000035) indicate such deliveries were done

18  by common carriers (Matlack and Chemical Transportation).  Flemming Anderson also

19  testified that deliveries of PCE to the PROPERTY were made by independent operators

20  (INS 002614-002615).

21  **INTERROGATORY NO. 13:**

22  　　Describe everything that YOU have done to determine whether or not YOU sold

23  and/or otherwise delivered PCE to the PROPERTY.

24  **PPG RESPONSE TO INTERROGATORY NO. 13:**

25  　　PPG incorporates its General Objections and Limitations as if set forth fully

26  herein.  PPG to this Interrogatory as vague and ambiguous as "everything" is undefined

27  and also objects to this Interrogatory as overly broad, oppressive, and burdensome.  PPG

28  also objects to this Interrogatory as seeking privileged or confidential information,

12

including but not limited to, information encompassed by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity. PPG further objects as this Interrogatory calls for expert testimony and the opinions or file materials of any consultants engaged by PPG to advise on the litigation prior to the time prescribed by statute or ordered by the Court. Subject to and without waiving these objections, PPG responds that it has made a reasonable inquiry and diligent search of its records and has made a reasonable and good faith effort to contact individuals with potentially relevant information to determine whether it sold and/or otherwise delivered PCE to the PROPERTY.

**INTERROGATORY NO. 14:**

IDENTIFY any and all above-ground storage tanks designed, constructed, manufactured, and/or installed by YOU which was/were ever delivered to any ENTITY at the PROPERTY.

**PPG RESPONSE TO INTERROGATORY NO. 14:**

PPG incorporates its General Objections and Limitations as if set forth fully herein. PPG objects to this Interrogatory because it has no basis to believe it ever designed, constructed, manufactured and/or installed any above-ground storage tank ever delivered to the PROPERTY. Subject to and without waiving these objections, PPG responds that it has made a reasonable inquiry and diligent search of its records and has made a reasonable and good faith effort to contact individuals with potentially relevant information related to above-ground storage tanks at the dry cleaning supply business at 220 West Gutierrez Street, Santa Barbara, California, but it has located no information responsive to this Interrogatory.

**INTERROGATORY NO. 15:**

If YOU deny that YOU retained ownership of any above-ground storage tank ever located on the PROPERTY, state all facts that support YOUR denial.

**PPG RESPONSE TO INTERROGATORY NO. 15:**

PPG's Resp. to T. George's Interrogatories (Set 1), Case No.: 5:14-cv-01872-DSF (SHx)

1    PPG incorporates its General Objections and Limitations as if set forth fully

2   herein.  PPG objects to this Interrogatory because PPG has no basis for believing that it

3   owned any above-ground storage tank ever located at the PROPERTY.  Subject to and

4   without waiving these objections, PPG responds that it has made a reasonable inquiry

5   and diligent search of its records and has made a reasonable and good faith effort to

6   contact individuals with potentially relevant information related to PPG's alleged

7   ownership of any above-ground storage tank at the PROPERTY, but it has located no

8   information responsive to this Interrogatory.  PPG is further unaware of any

9   documentary evidence indicating its ownership of any above-ground storage tanks at the

10   PROPERTY.  In addition, PPG refers the Terrence George Estate to the following

11   documents that have been produced in this litigation which support PPG's denial:

12   INS000822, GOLDBERG0001220–0001229, INS006774, PPG_GOLDBERG_000004,

13   PPG_GOLDBERG_000021, PPG_GOLDBERG_000035.  Additional documents or

14   testimony may be identified during discovery, and PPG is not limiting its defenses

15   merely to the documents identified above or facts derived from the documents identified

16   above.

17   **INTERROGATORY NO. 16:**

18       If YOU deny that YOU received any payments from Tri-County Sales, Inc. for

19   any above-ground storage tank ever located at the PROPERTY, state all facts that

20   support YOUR denial.

21   **PPG RESPONSE TO INTERROGATORY NO. 16:**

22       PPG incorporates its General Objections and Limitations as if set forth fully

23   herein.  PPG objects to this Interrogatory because PPG has no basis for believing that it

24   owned any above-ground storage tank ever located at the PROPERTY.  Subject to and

25   without waiving these objections, PPG responds that it has made a reasonable inquiry

26   and diligent search of its records and has made a reasonable and good faith effort to

27   contact individuals with potentially relevant information related to PPG's alleged

28   ownership of any above-ground storage tank at the PROPERTY and alleged payments

1    received from Tri-County Sales, Inc. for such tanks, but it has located no information

2    responsive to this Interrogatory.  PPG is further unaware of any documentary evidence

3    indicating its alleged ownership of any above-ground storage tanks at the PROPERTY

4    or alleged payments received from Tri-County Sales, Inc. for such tanks.  In addition,

5    PPG refers the Terrence George Estate to the following documents that have been

6    produced in this litigation which support PPG's denial:  INS000822,

7    GOLDBERG0001220–0001229, INS006774, PPG_GOLDBERG_000004, PPG-

8    _GOLDBERG_000021, PPG_GOLDBERG_000035.  Additional documents or

9    testimony may be identified during discovery, and PPG is not limiting its defenses

10    merely to the documents identified above or facts derived from the documents identified

11    above.

12    **INTERROGATORY NO. 17:**

13        If YOU ever learned, understood, possessed knowledge, became informed, or

14    otherwise came to know that PCE has toxic and/or hazardous characteristics harmful in

15    any way to human health and/or the ENVIRONMENT, IDENTIFY when, where, and

16    how YOU learned, understood, possessed knowledge, became informed, or otherwise

17    came to know that PCE has toxic and/or hazardous characteristics harmful in any way to

18    human health and/or the ENVIRONMENT and IDENTIFY all PERSONS which caused

19    YOU to learn, understand, possess knowledge, become informed, or otherwise come to

20    know that PCE has toxic and/or hazardous characteristics harmful in any way to human

21    health and/or the ENVIRONMENT.

22    **PPG RESPONSE TO INTERROGATORY NO. 17:**

23        PPG incorporates its General Objections and Limitations as if set forth fully

24    herein.  PPG objects to this Interrogatory as compound because it calls or information

25    about separate subjects and thus counts this as two Interrogatories.  PPG objects to this

26    Interrogatory as vague and ambiguous as the terms "toxic and/or hazardous," "harmful,"

27    and "human health" are undefined.  PPG objects to this Interrogatory on the grounds that

28    it seeks matter that is not relevant to any party's claims or defenses and is therefore

overly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections and limiting its response to the ENVIRONMENT, PPG responds that an answer to this Interrogatory may be determined by examining and summarizing PPG's business records and other documents and that the burden for ascertaining the answer is substantially the same for both parties, and accordingly, pursuant to Rule 33(d)(1), PPG refers the Terrence George Estate to the following documents already produced in this litigation: PPG_GOLDBERG_000087, PPG_GOLDBERG_000143–000610.

**INTERROGATORY NO. 18:**

IDENTIFY the location information (i.e. the street, city, state, owner, and distributor customer) of each of property in which YOU delivered, sold, and/or otherwise distributed PCE to distributor customers in California between the period of time 1964 and 1992.

**PPG RESPONSE TO INTERROGATORY NO. 18:**

PPG incorporates its General Objections and Limitations as if set forth fully herein. PPG objects to this Interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent its time frame exceeds the dates of operation of the dry cleaning supply business located at 220 West Gutierrez Street, Santa Barbara, California. PPG objects to this Interrogatory on grounds of relevance and overbreadth to the extent this Interrogatory seeks information about properties other than 220 West Gutierrez Street, Santa Barbara, California. Limiting its response to 220 West Gutierrez Street, Santa Barbara, California, PPG also objects to this Interrogatory because it has no basis for believing that it, its employees, and/or its agents delivered PCE to the PROPERTY but instead, deliveries were made by common carrier acting for the purchaser. Subject to and without waiving these objections, PPG responds that the dry cleaning supply business at 220 West Gutierrez Street, Santa Barbara, California, at certain points in time, purchased PCE from PPG.

**INTERROGATORY NO. 19:**

If YOU have ever learned, understood, possessed knowledge, became informed, or otherwise came to know that the ENVIRONMENT on any property to which PCE YOU manufactured, delivered, transported, and/or otherwise distributed allegedly became CONTAMINATED, please IDENTIFY the location information (i.e. the street, city, state, and owner) of such allegedly CONTAMINATED property.

**PPG RESPONSE TO INTERROGATORY NO. 19:**

PPG incorporates its General Objections and Limitations as if set forth fully herein.  PPG objects to this Interrogatory on grounds of relevance and overbreadth to the extent this Interrogatory seeks information about properties other than 220 West Gutierrez Street, Santa Barbara, California.  Limiting its response to 220 West Gutierrez Street, Santa Barbara, California, PPG also objects to this Interrogatory because it has no basis for believing that it, its employees and/or agents were involved in the delivery or transportation of PCE to the PROPERTY but instead, deliveries were made by common carrier acting for the purchaser.  Subject to these objections and limiting this Interrogatory to 220 West Gutierrez Street, Santa Barbara, California, PPG responds that it learned of contamination at 220 West Gutierrez Street, Santa Barbara, California.

**INTERROGATORY NO. 20:**

Describe everything YOU have done to respond to the allegations by any party to this litigation (i.e. *Goldberg v. Goss-Jewett Co., Inc.*, United States District Court for the Central District of California, Case No. 5:14-cv-01872-DSF) to determine if YOU RELEASED PCE at or near the PROPERTY.

**PPG RESPONSE TO INTERROGATORY NO. 20:**

PPG incorporates its General Objections and Limitations as if set forth fully herein.  PPG to this Interrogatory as vague and ambiguous as "everything" is undefined and also objects to this Interrogatory as overly broad, oppressive, and burdensome.  PPG also objects to this Interrogatory as seeking privileged or confidential information, including but not limited to, information encompassed by the attorney-client privilege,

17

1  the attorney work-product doctrine, or any other applicable privilege or immunity.  PPG

2  further objects as this Interrogatory calls for expert testimony and the opinions or file

3  materials of any consultants engaged by PPG to advise on the litigation prior to the time

4  prescribed by statute or ordered by the Court.  Subject to and without waiving these

5  objections, PPG responds that it has made a reasonable inquiry and diligent search of its

6  records and has made a reasonable and good faith effort to contact individuals with

7  potentially relevant information to determine whether it sold and/or delivered PCE to the

8  PROPERTY or released PCE at or near the PROPERTY.

9  **INTERROGATORY NO. 21:**

10        IDENTIFY all transcripts in which any PERSON gave testimony on YOUR

11  behalf in any lawsuit or administrative proceeding in California RELATING TO alleged

12  PCE CONTAMINATION of the ENVIRONMENT at any property to which YOU

13  delivered PCE.

14  **PPG RESPONSE TO INTERROGATORY NO. 21:**

15        PPG incorporates its General Objections and Limitations as if set forth fully

16  herein.  PPG objects to this Interrogatory on the grounds that it is overbroad,  seeks

17  matter that is not relevant to any party's claims or defenses, and not reasonably

18  calculated to lead to the discovery of admissible evidence.  The Terrence George

19  Estate's Third-Party Complaint alleges specific claims against PPG regarding a storage

20  tank that was installed at a single property at 220 West Gutierrez Street, in Santa

21  Barbara, in or around 1969 and regarding alleged perchloroethylene deliveries to this

22  single property between 1969 and about 1991.  The Terrence George Estate has made no

23  showing that the claims in this case are related or connected in any way to the claims in

24  any other case.  Additionally, PPG has already produced two deposition transcripts from

25  other cases in response to discovery requested by Donald George:

26  PPG_GOLDBERG000143–000437.  Subject to these objections and the Terrence

27  George Estate's prior agreement to not seek further cloned discovery, PPG makes no

28  response.

**INTERROGATORY NO. 22:**

If YOU do not have DOCUMENTS in YOUR possession, custody, or control which RELATE TO this litigation (i.e. *Goldberg v. Goss-Jewett Co., Inc.*, United States District Court for the Central District of California, Case No. 5:14-cv-01872-DSF) and which were created prior to January 1, 1979, set forth any and all reasons for why YOU are unable to produce any such DOCUMENTS.

**PPG RESPONSE TO INTERROGATORY NO. 22:**

PPG incorporates its General Objections and Limitations as if set forth fully herein. Subject to and without waiving these objections, PPG responds that the claims of the Terrence George Estate and other Third-Party Plaintiffs against PPG are based on activities which allegedly occurred beginning in or around 1969 (over four decades ago) and seek documents from as early as 1964 (over half-a-century ago). As such, documents potentially responsive to the Terrence George Estate's various requests from before 1979 – if they ever existed – may have since been lost or would have been destroyed pursuant to company document retention policies.

Dated: December 18, 2015          BEVERIDGE & DIAMOND, P.C.

By:   Ryan R. Tacorda
      Attorneys for Third-Party Defendant PPG
      Industries, Inc.

19

1

**<u>VERIFICATION</u>**

2      I, Diana Reed, in my capacity as Senior Counsel, Litigation for Axiall Corporation

3 and not in my personal capacity, have read PPG's Responses to Estate of Terrence J.

4 George's First Set of Interrogatories, and am familiar with the contents thereof.  PPG's

5 response was prepared with the assistance of past employees and representatives of PPG

6 upon which I have relied, and the matters set forth in this response are also based on, and

7 therefore necessarily limited by, the records and information still in existence, presently

8 recollected and thus far discovered in the course of defending this action.  Subject to the

9 limitations set forth herein, and without waiving PPG's right to amend this response

10 based on subsequently identified information, the matters stated in this response are true

11 and correct to the best of my knowledge, information and belief.

12      Executed on this _16th_ day of December 2015.

13

14                                              PPG Industries, Inc.

15                                              By:

16

17

18                                              _Diana L. Reed_

19                                              Diana Reed

20

21

22

23

24

25

26

27

28

PPG's Resp. to T. George's Interrogatories (Set 1). Case No.: 5:14-cv-01872-DSF (SHx)

**PROOF OF SERVICE**

I, the undersigned, declare that I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is Beveridge & Diamond, P.C., 456 Montgomery Street, Suite 1800, San Francisco, CA 94104-1251.

I further declare that on the date below, I served the following document(s):

**THIRD-PARTY DEFENDANT PPG INDUSTRIES, INC.'S RESPONSES TO ESTATE OF TERRENCE J. GEORGE'S FIRST SET OF INTERROGATORIES**

on the interested party(ies) in this action.

**See Attached Service List**

The documents were served by the following means:

☒   BY UNITED STATES MAIL.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses set forth in the attached service list.
☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
☒ placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's business practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  December 18, 2015

_____
Sue M. Querubin

21

**ESTATE OF BETTY GOLDBERG, DECEASED, et al. v.
GOSS-JEWETT COMPANY, INC., et al.
United States District Court, Central District of California
Case No. 5:14-cv-01872-DSF-(SHx)
Service List**

| Party Name | Attorneys |
|---|---|
| Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America; Century Indemnity Company, as successor to CCI Insurance Company, as successor to American National Fire Insurance Company; The Standard Fire Insurance Company; Vigilant Insurance Company *Third-Party Plaintiffs and Intervenors*  Estate of Benjamin F. Fohrman, Deceased *Defendant and Third-Party Plaintiff*  Estate of Robert W. Schack, Deceased *Defendant and Third-Party Plaintiff* | Matthew C. Bures Christopher T. Johnson **WOLFE & WYMAN LLP** 2301 Dupont Drive, Suite 300 Irvine, CA 92612-7531 707 Wilshire Blvd., 45th Floor Los Angeles, CA  90017 Phone:  (213) 943-6100 Fax:    (213) 943-6101 mcbures@wolfewyman.com cjohnson@wolfewyman.com |
| Donald George *Defendant and Third-Party Plaintiff*  Estate of Terrence J. George *Defendant and Third-Party Plaintiff* | Joseph B. Adams Erin K. Poppler Farheena Habib Sean G. Herman **BASSI EDLIN HUIE & BLUM LLP** 500 Washington Street, Suite 700 San Francisco, CA  94111 Phone: (415) 397-9006 Fax:    (415) 397-1339 jadams@behblaw.com epoppler@behblaw.com fhabib@behblaw.com sherman@behblaw.com |
| Arthur P. Arns *Defendant and Cross-Defendant* | Sarah Brite Evans **SCHWARTZ SEMERDJIAN BALLARD & CAULEY LLP** 101 West Broadway, Suite 810 San Diego, CA  92101 Phone: (619) 236-8821 Fax:    (619) 236-8827 sarah@ssbclaw.com |

PPG's Resp. to T. George's Interrogatories (Set 1), Case No.: 5:14-cv-01872-DSF (SHx)

| Party Name | Attorneys |
|---|---|
| Darold E. Merritt<br>*Defendant and Cross-Defendant* | John E. VanVlear<br>Dan Miller<br>**NEWMEYER & DILLON LLP**<br>895 Dove Street, 5th Floor<br>Newport Beach, CA 92660<br>Phone: (949) 854-7000<br>Fax: (949) 854-7099<br>John.VanVlear@ndlf.com<br>Dan.Miller@ndlf.com |
| James W. Ross<br>*Defendant and Cross-Defendant* | Brian M. Ledger<br>**GORDON AND REES LLP**<br>101 West Broadway, Suite 2000<br>San Diego, CA 92101<br>Phone: (619) 696-6700<br>Fax: (213) 680-4470<br>bledger@gordonrees.com |
| State of California Department of Transportation<br>*Third-Party Defendant* | Jeffrey A. Wilcox<br>**STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION**<br>Legal Division<br>111 Grand Avenue, Suite 11-100<br>Oakland, CA 94612<br>Phone: (510) 433-9100<br>Fax: (510) 433-9167<br>jeffrey.wilcox@dot.ca.gov |
| Pacific Engineering Associates, Inc.<br>*Third-Party Defendant and Counter Complainant*<br><br>Clay Scott Bradfield<br>*Third-Party Defendant and Counter Complainant* | Wendy L. Wilcox<br>Felicia A. Starr<br>**SKANE WILCOX LLP**<br>1055 West 7th Street, Suite 1700<br>Los Angeles, CA 90017<br>Phone: (213) 452-1200<br>Fax: (213) 452-1201<br>wwilcox@skanewilcox.com<br>fstarr@skanewilcox.com |

PPG's Resp. to T. George's Interrogatories (Set 1), Case No.: 5:14-cv-01872-DSF (SHx)

| Party Name | Attorneys |
|---|---|
| Estate of Al Goldberg, Deceased<br>*Plaintiff and Counter Defendant*<br><br>Estate of Betty Goldberg, Deceased<br>*Plaintiff and Counter Defendant* | Bret A. Stone<br>**PALADIN LAW GROUP LLP**<br>3 West Carrillo Street, Suite 212<br>Santa Barbara, CA 93101<br>Phone: (805) 898-9700<br>Fax:     (805) 852-2495<br>bstone@paladinlaw.com<br><br>Karen P. Agelson<br>Cristina M. Matsushima<br>Ferdie F. Franklin<br>**WFBM, LLP**<br>One City Boulevard West, 5th Floor<br>Orange, CA 92868-3677<br>Phone: (714) 634-2522<br>Fax:     (714) 634-0686<br>kagelson@wfbm.com<br>cmatsushima@wfbm.com<br>ffranklin@wfbm.com |
| St. Paul Laundry & Dry Cleaners, Inc.<br>*Third-Party Defendant* | Campbell H. Greenup<br>**CAMPBELL HUGH GREENUP LAW OFFICES**<br>23480 Park Sorrento Suite 250<br>Calabasas CA 91302<br>Telephone: (818) 591-0044<br>Facsimile: (818) 591-1710<br>ccventura@msn.com<br><br>Jeffrey S. Bolender<br>**BOLENDER LAW FIRM**<br>609 Deep Valley Drive, Suite 200<br>Rolling Hills Estates, CA 90274<br>Phone: (310) 896-2444<br>Fax:     (424) 320-2642<br>jbolender@bolender-firm.com |

PPG's Resp. to T. George's Interrogatories (Set 1), Case No.: 5:14-cv-01872-DSF (SHx)