Matthew C. Bures (SBN 143361)
mcbures@ww.law
Christopher T. Johnson (SBN 209685)
ctjohnson@ww.law
WOLFE & WYMAN LLP
2301 Dupont Drive, Suite 300
Irvine, California 92612-7531
Telephone:  (949) 475-9200
Facsimile:   (949) 475-9203

**Attorneys for Intervenors**
VIGILANT INSURANCE COMPANY; THE STANDARD FIRE INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, f/k/a/ AMERICAN NATIONAL FIRE INSURANCE COMPANY; CENTURY INDEMNITY COMPANY, as Successor to CCI INSURANCE COMPANY, as Successor to INSURANCE COMPANY OF NORTH AMERICA

**Attorneys for Defendants**
THE ESTATE OF BENJAMIN F. FOHRMAN, DECEASED, and THE ESTATE OF ROBERT SCHACK, DECEASED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BETTY GOLDBERG, DECEASED and ESTATE OF AL GOLDBERG, DECEASED, by and through their successor in interest Daniel Rubin,<br><br>Plaintiffs,<br><br>v.<br><br>GOSS-JEWETT COMPANY, INC, et al.,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS. | Case No.: 5:14-cv-01872-DSF (AFMx)<br><br>Assigned for all purposes to:<br>Judge Dale S. Fischer<br><br>**JOINT STATUS REPORT OF ALL PARTIES RE JULY 14, 2020, ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT, AND CASE MANAGEMENT** |

///

///

On July 14, 2020, the Court entered its Order Granting in Part and Denying in Part Intervenors' and Certain Defendants' Motion for Summary Judgment; Order Granting in Part and Denying in Part Third Party Defendant 220 W. Gutierrez, LLC's Motion for Summary Judgment ("July 14 Order") (Dkt. No. 769). In the July 14 Order, the Court ruled as follows:

> The moving Individual Defendants' motion for summary judgment is GRANTED. Intervenors' motion for summary judgment is GRANTED with respect to the RCRA claim and DENIED in all other respects. 220 LLC's motion is GRANTED with respect to its contribution bar defense and DENIED in all other respects.

(July 14 Order, p. 17.)

## I. STATEMENTS OF INDIVIDUAL DEFENDANTS, INTERVENORS, ARTHUR ARNS, AND THIRD PARTY DEFENDANTS[1]

### A. Entry of Judgment in Favor of Individual Defendants

On June 3, 2016, the Court granted a motion for summary judgment filed by Intervenors, and the Court directed the parties "to file a joint submission ... addressing whether all of Plaintiffs' claims should be dismissed against all Defendants and how dismissal of all of Plaintiffs' claims would affect the pending counterclaims, crossclaims, and third-party claims." (Dkt. No. 398, p. 8.)

Because the July 14 Order presents similar issues regarding case resolution as to certain parties, and the effect of that resolution on other pending claims, Individual

---

[1] "Individual Defendants" refers to the following defendants: Estate of Benjamin Fohrman, Carol George, Donald George, Estate of Terrence George, Darold Merritt, and Estate of Robert Schack.

"Intervenors" refers to Vigilant Insurance Company; The Standard Fire Insurance Company; Great American Insurance Company Of New York, F/K/A/ American National Fire Insurance Company; Century Indemnity Company, as Successor to CCI Insurance Company, as Successor to Insurance Company of North America.

1
**JOINT STATUS REPORT**

Defendants, Intervenors, and Third Party Defendant L&R Dry Cleaning, Inc. offer this Joint Statement.

It is the position of Individual Defendants, Intervenors, and Third Party Defendant L&R Dry Cleaning, Inc. that, pursuant to FRCP 54(b), the Court should direct entry of judgment in favor of the Individual Defendants on all claims asserted by Plaintiffs Estate of Betty Goldberg, Deceased and Estate of Al Goldberg, Deceased (collectively, "Plaintiffs"), and on all claims asserted by Third Party Defendant and Cross Claimant 220 W. Gutierrez, LLC ("220 LLC").  There is no just reason to delay entering judgment dismissing the Individual Defendants from this action, because (1) as a result of the July 14 Order, there are no pending claims seeking affirmative relief from any of the Individual Defendants; (2) the July 14 Order completely resolved the liability of the Individual Defendants, individually and collectively, in this action; (3) apart from the claims of Plaintiff and 220 LLC, all claims against the Individual Defendants are in the nature of contribution or indemnity arising from the claims of Plaintiff and/or 220 LLC; (4) there is no just reason to burden the Individual Defendants with continued participation in this action, especially since three of the Individual Defendants are elderly persons.

Plaintiffs and 220 LLC have not consented to an FRCP 54(b) judgment, on the basis that they do not "want to have to file immediate appeals against the Individual Defendants and Goss-Jewett."  This argument needlessly forces the Individual Defendants and L&R Dry Cleaning to remain in this action.  Plaintiffs and 220 LLC offer no reason why the living individuals – Carol George (who is 79 years old), Donald George (who is 87 years old), and Darold Merritt (who is 75 years old) – must be forced to continue to monitor and participate in this action.

Plaintiffs' and 220 LLC's position is also inconsistent with the latter's decision to pursue a nearly identical action in state court while this federal action was pending on appeal.

Plaintiffs and 220 LLC intend to force Individual Defendants and Intervenors

to file a noticed motion for entry of judgment under FRCP 54(b).  Not only is there no substantive reason why judgment should not be entered, this approach imposes a needless burden on the Court, the parties, and in particular the living Defendants.  If the Court is not inclined to enter judgment as requested, Defendants and Intervenors reserve the right to brief this narrow issue by noticed motion.

### B.     Entry of Judgment on RCRA

Intervenors and Defendants note that as a result of the July 14 Order, there are no further RCRA claims pending against any party.  Although the July 14 Order did not resolve *all* claims against Goss-Jewett & Co., Inc. ("Goss-Jewett"), entry of judgment on this single issue is nevertheless appropriate.

Counsel for 220 LLC has indicated their belief that the Court's July 14 Order did not resolve 220 LLC's RCRA claims against Carol George, Donald George, or Darold Merritt.  This argument is not supported by the order.  First, the Court unambiguously granted Individual Defendants' motion for summary judgment on all causes of action asserted against them. (July 14 Order, p. 17; *see also* Notice of Motion and Motion for Summary Judgment, p. 3 ln. 23-25; Dkt. No. 713.)  Second, the Court clearly found, "There is no evidence to support direct liability claims against the Individual Defendants." (July 14 Order, p. 5.)  Third, the Court based its ruling in the July 14 Order on its ruling in a similar motion brought by Defendant Arthur Arns. (*Id.*)  In granting that motion in part, the Court ruled, "The direct liability claims against Arns under the HSAA and RCRA and for declaratory relief fail for the same reasons as the CERCLA claim." (Jun. 4, 2019, Order Granting in Part and Denying in Part Arthur P. Arns' Motion for Summary Judgment, p. 7; Dkt. No. 573.)

/ / /

/ / /

/ / /

3
JOINT STATUS REPORT

3736554.1

### C. Entry of Judgment Against Plaintiff Estate of Al Goldberg, Deceased

In a previous order, this Court determined, "there is not, and never has been, an Estate of Al Goldberg." (Nov. 18, 2019, Order Granting in Part and Denying in Part Intervenors' Motion for Summary Judgment, p. 1 n.1; Dkt. No. 659.) There is no just reason to delay entry of judgment against Plaintiff the Estate of Al Goldberg, Deceased, for the same reasons articulated above.

### D. Dismissal of Pending Counterclaims, Cross Claims, and Third Party Complaints

Several of the Individual Defendants and Third Party Defendants (except Darold Merritt, who did not file any claims) have filed counterclaims, cross claims, and third party complaints, as follows:

- Defendants Estate of Benjamin Fohrman and Estate of Robert Schack:
    - Counterclaims against Plaintiffs (Docket No. 131)
    - Third Party Complaint against 220 LLC, Clay Bradfield, and Pacific Engineering Associates, Inc. (Docket No. 558)
- Defendant Carol George: Counter claims against 220 LLC (Docket No. 672)
- Defendant Donald George:
    - Counterclaims against Plaintiffs (Docket No. 107)
    - Cross claims against all named defendants (Docket No. 48)
    - Third Party Complaint against L&R Dry Cleaning, Inc. and St. Paul Cleaners & Laundry, Inc. (Docket No. 185)
    - Counterclaims against 220 LLC (Docket No. 668)
- Defendant Estate of Terrence George:
    - Counterclaims against Plaintiffs (Docket No. 85)
    - Third Party Complaint against L&R Dry Cleaning, Inc. and St.

Paul Cleaners & Laundry, Inc. (Docket No. 183)
- Counterclaims against 220 LLC (Docket No. 665)
- Third Party Defendant L&R Dry Cleaning, Inc:
  - Cross claims against Defendants Goss Jewett Company, Inc. aka Tri County Sales, Inc.; Arthur P. Arns; Estate of Robert W. Schack, Deceased; Estate of Benjamin F. Fohrman, Deceased; Darold E. Merritt; and James W. Ross (Docket No. 201)
  - Third party complaint against Ronald Alex (Docket No. 207)

The following defendants and third parties agree to dismiss the foregoing claims without prejudice upon entry of judgment in favor of the Individual Defendants, with a waiver of costs and reserving all rights pending appeal: Estate of Benjamin Fohrman, Estate of Robert Schack, Carol George, Donald George, Estate of Terrence George, and L&R Cleaners. This approach is identical to the approach the Court took in its June 23, 2016, Order Dismissing Remainder of Case (Docket No. 422).

### E. Summary of Remaining Claims

Assuming entry of the attached proposed judgment and dismissal of the claims described in Section II.A., above, the following claims remain active in this action:

- Complaint of Plaintiff Estate of Betty Goldberg, Deceased (Docket No. 1):
  - Defendants: Goss-Jewett, Arthur Arns (as alleged alter ego of Goss-Jewett only), and James W. Ross
  - Claims: CERCLA § 107(a), public nuisance, HSAA, CERCLA § 113(f), and declaratory relief
- Amended Crossclaims of 220 LLC (Docket No. 660):
  - Cross Defendants: Goss-Jewett, Arthur Arns (as alleged alter ego of Goss-Jewett only), and James Ross

- Claims: CERCLA § 113(f), HSAA, public nuisance, private nuisance, trespass, and declaratory relief. 220 LLC asserted a claim under CERCLA § 107(a), but later conceded that its CERCLA claims arise solely under 42 U.S.C. § 9613(f)(2), so there is no CERCLA § 107(a) claim. (*See* Opposition to Summary Judgment Motion, p. 13 ln. 5 n. 9 ["220 LLC is a settling party with contribution protection, 42 U.S.C. § 9613(f)(2), so its CERCLA claim is for contribution under § 113(f)(3)(B)."]; Dkt. No. 750.)

- Amended Counterclaims of Intervenors (Docket No. 130):
  - Counter-defendant: Plaintiff Estate of Betty Goldberg, Deceased
  - Claims: CERCLA § 113(f), CERCLA § 113(g), HSAA, and declaratory relief-equitable indemnity/contribution

- Second Amended Third Party Complaint of Intervenors (Docket No. 558):
  - Third Party Defendants: Pacific Engineering Associates, Inc. and Clay Bradfield
  - Claims: CERCLA § 113(f), HSAA, comparative indemnity and contribution, and declaratory relief

- Counterclaims of Third Party Defendants Pacific Engineering Associates and Clay Bradfield (Docket No. 145):
  - Counter-Defendant: Plaintiff Estate of Betty Goldberg, Deceased
  - Claims: Implied indemnity, contribution and apportionment, and declaratory relief

F.  **Trial Scheduling and Related Matters**

Intervenors, Defendants, and Third Parties suggest that it is unrealistic to set this matter for trial at the present time, in light of the COVID-19 pandemic. In the

related insurance coverage action, the Court has ordered the parties to mediate before Timothy Gallagher, and the parties in that action have initiated preliminary steps with the mediator and the process is continuing. Intervenors recommend updating the Court after three months on the status of those efforts and next steps. At that time it may be appropriate to address trial setting or further mediation.

## II. STATEMENT OF GOLDBERG AND 220 LLC

### A. The Court should *not* certify any of its orders for immediate appeal pursuant to Rule 54(b).

Intervenors and Defendants ask the Court to direct entry of judgment in favor of the Individual Defendants on all claims asserted by Goldberg and 220 LLC against them pursuant to Rule 54(b). Two sentences in a joint status report, however, is not an appropriate way to present the issue to a court, particularly not when the request is opposed, as is the case here. Intervenors and Defendants need to present the issue to the Court in a regularly-noticed motion so that the issue can be properly briefed. *See, e.g., Foreman v. Bank of Am., N.A.,* No. 18-cv-01375-BLF, 2019 WL 8137145, 2019 U.S. Dist. LEXIS 228680 (N.D. Cal. Dec. 3, 2019); *United States v. Real Prop. & Improvements,* No. 13-cv-02027-JST, 2014 WL 4793655, 2014 U.S. Dist. LEXIS 136337 (N.D. Cal. Sep. 25, 2014).

Briefly, an appellate court generally only has jurisdiction to hear an appeal from the *one* final judgment in a case. 28 U.S.C. § 1291. An exception to his rule is found in Rule 54(b): "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." "Rule 54(b) was adopted . . . specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case." *Gelboim v. Bank of Am. Corp.,* 574 U.S. 405, 409 (2015).

There is a two-step process for determining whether to certify an order for immediate appeal pursuant to Rule 54(b). First, the court must "determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980). That is, "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436 (1956)). Second, "the district court must go on to determine whether there is any just reason for delay" because "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* A district court, therefore, "must take into account judicial administrative interests as well as the equities involved," which is "necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id.* For example, a district court may properly consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

"The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification," *Foreman,* 2019 U.S. Dist. LEXIS 228680, at *5–6, and "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal," *Curtiss-Wright Corp.,* 446 U.S. at 7 (quoting *Sears, Roebuck & Co.,* 351 U.S. at 437). "Rule 54(b) certification is not to be granted routinely" and courts should be "mindful of the demands on the appellate court, thus necessitating careful consideration of whether certification would produce unnecessarily duplicative appeals. There clearly is wisdom in invoking this remedy only in compelling circumstances." *Foreman,* 2019 U.S. Dist. LEXIS 228680, at *6.

Moreover, the Court's statement that "there is not, and never has been, an Estate of Al Goldberg" (Dkt. No. 659 at n.1) is clearly not a "final judgment . . . in the sense that it is a decision upon a cognizable claim for relief, and . . . in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp.,* 446 U.S. at 7. The statement thus cannot be certified for immediate appeal pursuant to Rule 54(b).

Again, however, these are just preliminary arguments. A Joint Status Report is not the place to brief these issues. Intervenors and Defendants need to present these issues to the Court in a regularly-noticed motion so that the issues can be properly briefed by the parties and considered and ruled upon by the Court.

### B. Request for Clarification Regarding RCRA and HSAA Claims

Contrary to the position of Intervenors and Individual Defendants, 220 LLC does not believe that its RCRA claims against Merritt, Donald George, and Carol George were dispatched by the Court in its July 14, 2020, order, which only addresses CERCLA and "state Law claims" (Dkt. No. 769, at 5-8) and then only the RCRA claims against Goss-Jewett and the Estate Defendants. Id., at 8-9. In particular, the July 14 order does not provide an appealable ruling on the issue of 220 LLC's RCRA or HSAA claims because it is silent on those claims against Merritt, Donald George, and Carol George. Pages 5 through 6 discuss RCRA claims and the last paragraph on page 6 then discusses "the state law claims," specifically referring to torts. Dkt. No. 769, at 5-6. This is contrary to the June 4, 2019 order on Arns' motion for summary judgment, which explicitly states, "The direct liability claims against Arns under the HSAA and RCRA and for declaratory relief fail for the same reasons as the CERCLA claims." Dkt. No. 573, at 7. There is no such holding included in the July 14, 2020 order. Further, the Court's July 14 order ruled that there was a lack of statutory notice for the RCRA claims against Goss-Jewett and the "Estate Defendants." Dkt. No. 769, at 8-9. This is not presented as an "alternative

ground," and thus appears to confirm that the RCRA claims against Merritt, Donald George, and Carol George were not ruled upon.

If nothing else, 220 LLC would need clarification from the Court to make the issue properly appealable—although 220 LLC does not concede that those two causes of action were addressed by the July 14, 2020 order.

### C. Entry of Judgment Against Plaintiff Estate of Al Goldberg, Deceased

The Court's statement, in Dkt. No. 659, at n.1, that "there is not, and never has been, an Estate of Al Goldberg" is not a "final judgment . . . in the sense that it is a decision upon a cognizable claim for relief, and . . . in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). It is thus not possible for the Court to certify that statement for immediate appeal pursuant to Rule 54(b). Goldberg and 220 LLC have also notified Intervenors and Individual Defendants of this issue and would oppose any such motion to have a judgment certified against the Estate of Al Goldberg, Deceased.

### D. Dismissal of Pending Counterclaims, Cross Claims, and Third Party Complaints

Goldberg and 220 LLC agree with summary presented in section I.D, above, except that they disagree with the final statement that "This approach is identical to the approach the Court took in its June 23, 2016, Order Dismissing Remainder of Case (Docket No. 422)." To the contrary, the June 23, 2016 order resolved the entire case, whereas there are multiple remaining parties and claims at present.

### E. Summary of Remaining Claims

For the benefit of the Court, Goldberg and 220 LLC have underlined the

differences below as compared to the summary provided by opposing parties in section I.E., above. The discrepancies were pointed out to opposing counsel during preparation of this joint submission and are explained above.

- Complaint of Plaintiff Estate of Betty Goldberg, Deceased, and Estate of Al Goldberg, Deceased, by and through their successor in interest, Daniel Rubin (Docket No. 1):
    - Defendants: Goss-Jewett, Arthur Arns (as alleged alter ego of Goss-Jewett only), and James W. Ross
    - Claims: CERCLA § 107(a), public nuisance, HSAA, CERCLA § 113(f), and declaratory relief
- Amended Crossclaims of 220 LLC (Docket No. 660):
    - Cross Defendants: Goss-Jewett, Arthur Arns (as alleged alter ego of Goss-Jewett only), and James Ross
    - Claims: CERCLA § 107(a), CERCLA § 113(f), HSAA, public nuisance, private nuisance, trespass, and declaratory relief.
    - **Additional HSAA Claims**: as detailed above, it is 220 LLC's position that it also has claims remaining under the HSAA against Schack, Fohrman, Donald George, Darold Merritt, Terry George, and Carol George.
    - **RCRA Claims**: also as detailed above, it is 220 LLC's position that it also has claims remaining under RCRA § 7002(a)(1)(B) against Arthur Arns (alter ego only), Donald George, Darold Merritt, James Ross, and Carol George.
- Amended Counterclaims of Intervenors (Docket No. 130):
    - Counter-defendant: Plaintiff Estate of Betty Goldberg, Deceased, and Estate of Al Goldberg, Deceased, by and through their successor in interest, Daniel Rubin
    - Claims: CERCLA § 113(f), CERCLA § 113(g), HSAA, and

    declaratory relief-equitable indemnity/contribution

- Second Amended Third Party Complaint of Intervenors (Docket No. 558):
  - Third Party Defendants: Pacific Engineering Associates, Inc. and Clay Bradfield
  - Claims: CERCLA § 113(f), HSAA, comparative indemnity and contribution, and declaratory relief
- "Counterclaim"[2] of Pacific Engineering Associates, Inc. and Clay Scott Bradfield ("Pacific") (Dkt. No. 145), subject to the partial dismissal under a June 23, 2016 stipulation for voluntary dismissal. Dkt. Nos. 421, 509:[3]
  - Cross-Defendant: Estate of Betty Goldberg, Deceased, and Estate of Al Goldberg, Deceased, by and through their successor in interest, Daniel Rubin
  - Claims: implied indemnity, apportionment, and declaratory relief

### F. Trial Scheduling and Related Matters

Mediation: As reported in the July 6, 2020, Joint Status Conference Statement (Dkt. No. 765), on January 31, 2020, the parties attended a teleconference with mediator Tim Gallagher, who hosted the July 12, 2019, in-person mediation session with all parties and have had additional telephone and email communications with the parties.

  Goldberg and James Ross entered into a settlement agreement and dismissals of the claims against Ross. By its terms, the settlement will not be subject to a good faith determination, but it is conditioned on the voluntary dismissal of cross-claims

---

[2] Goldberg never filed any claim against Pacific, so this pleading should be considered a Cross-Claim, despite being labeled a Counterclaim.

[3] The stipulation dismissed Pacific's first cause (express indemnity) and third (breach of contract) causes of action and paragraphs 35 and 36 of its fifth (declaratory relief) cause of action. Dkt. No. 421.

filed by Donald George and L&R against Ross. Counsel for Ross has forwarded the forms for those dismissals and has requested that counsel for those cross-claimants execute those forms. Counsel for Donald George advised counsel for Ross that consideration of a voluntary dismissal will be made after the Court rules on the Individuals and Estates motion for summary judgment. The ruling on that motion has rendered George's cross-complaint against Ross (asserting only claims for contribution) moot. Similarly, it has rendered George's cross-complaint against L&R moot, obviating the need for L&R to seek indemnity or contribution from Ross.

Regarding other remaining parties (Goss-Jewett, in particular), settlement efforts have been at an impasse, but counsel for Goldberg and 220 LLC believe that the Court's recent ruling on the motions for summary judgment, Dkt. No. 769, ought to reignite settlement discussions. To date, however, there have been no further substantive discussions.

Trial: The Court has not set a trial date since this case was remanded by the Ninth Circuit in 2018. The Court recently suggested that a trial date would be set sometime after July 2020. Goldberg and 220 LLC believe a trial date of October 20, 2020 is appropriate. Given the limitations due to COVID-19, the bench trial would most likely proceed using the Zoom videoconference platform.

Some causes of action may still be subject to various demands for jury trial. Goldberg and 220 LLC are willing to waive their jury demands if all causes of action can proceed to a bench trial. Alternatively, Goldberg and 220 LLC believe that only a small portion of the remaining causes of action (such as public nuisance) are actually entitled to trial by jury. Therefore, Goldberg and 220 LLC would propose that those causes of action be set aside while the remainder of the case (e.g., CERCLA, RCRA, HSAA, and equitable claims) proceeds to a bench trial.

///
///
///

| | | |
|---|---|---|
| 1 | DATED: September 10, 2020 | WOLFE & WYMAN LLP |
| 2 | | |
| 3 | | By:    */s/ Christopher T. Johnson* |
| 4 | |      Christopher T. Johnson |
| | | Attorneys for Intervenors |
| 5 | | VIGILANT INSURANCE COMPANY, THE STANDARD FIRE INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, AS SUCCESSOR TO AMERICAN NATIONAL FIRE INSURANCE COMPANY, AND CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA |
| | | |
| | | Attorneys for Defendants ESTATE OF ROBERT W. SCHACK, DECEASED, and ESTATE OF BENJAMIN F. FOHRMAN, only to the extent of any insurance coverage issued to or for the benefit of the decedents |
| 18 | DATED: September 10, 2020 | PALADIN LAW GROUP LLP |
| 19 | | |
| 20 | | |
| 21 | | By:    */s/ Bret A. Stone* |
| | |      Bret A. Stone |
| 22 | | Attorneys for Plaintiff ESTATE OF BETTY GOLDBERG, DECEASED, and ESTATE OF AL GOLDBERG, DECEASED, by and through their Successor in Interest, Daniel Rubin |
| | | |
| | | Attorneys for Third-Party Defendant 220 W. GUTIERREZ, LLC |

| | | |
|---|---|---|
| 1 | DATED:  September 10, 2020 | NEWMEYER & DILLION LLP |
| 2 | | |
| 3 | | By:   */s/ John Van Vlear* |
| 4 | | John Van Vlear<br>Attorneys for Defendant |
| 5 | | DAROLD MERRITT |
| 6 | DATED:  September 10, 2020 | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 7 | | |
| 8 | | |
| 9 | | By:   */s/ Joseph Miceli* |
| 10 | | Joseph Miceli<br>Attorneys for Defendant |
| 11 | | DONALD GEORGE |
| 12 | DATED:  September 10, 2020 | BASSI EDLIM HUIE & BLUM LLP |
| 13 | | |
| 14 | | |
| 15 | | By:   */s/ Joseph Adams* |
| 16 | | Joseph Adams<br>Attorneys for Defendants |
| 17 | | CAROL GEORGE<br>ESTATE OF TERRENCE GEORGE, |
| 18 | | DECEASED |
| 19 | DATED:  September 10, 2020 | |
| 20 | | SCHWARTZ SEMERDJIAN CAULEY & EVANS LLP |
| 21 | | |
| 22 | | By:   */s/ Sarah Brite Evans* |
| 23 | | Sarah Brite Evans<br>Attorneys for Defendant |
| 24 | | ARTHUR ARNS |

| | | |
|---|---|---|
| 1 | DATED:  September 10, 2020 | CAMPBELL GREENUP LAW |
| 2 | | |
| 3 | | By:   */s/ Campbell Hugh Greenup* |
| 4 | | Campbell Hugh Greenup
Attorneys for Third Party Defendant |
| 5 | | L&R DRY CLEANING, INC. |

DATED:  September 10, 2020        GORDON REES SCULLY MANSUKHANI, LLP

By:   */s/ Bret A. Stone*
Brian Ledger
Attorneys for Defendant
JAMES ROSS

**Local Rule 5-4.3.4 Attestation**

I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  September 10, 2020                */s/ Christopher T. Johnson*
Christopher T. Johnson