# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BETTY GOLDBERG,<br>    Plaintiff,<br><br>            v.<br><br>GOSS-JEWETT COMPANY, INC.,<br>    Defendants. | EDCV 14-1872 DSF (AFMx)<br><br>Order re Request for Entry of Partial Judgment |

In the joint status report filed on September 10, 2020, certain Individual Defendants and Intervenors request an entry of partial judgment dismissing the claims against them and an entry of partial judgment dismissing the RCRA claims from the case.

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order. Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court. A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be

> proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

<u>Morrison-Knudsen Co. v. Archer</u>, 655 F.2d 962, 965 (9th Cir. 1981).

The claims on which partial judgment is sought are based on similar legal and factual issues as the claims remaining in the case. This "weigh[s] heavily" against entry of partial judgment. That the Individual Defendants are elderly and would prefer to move forward with any appeals that the Estate of Betty Goldberg and 220 W. Gutierrez, LLC might file is insufficient and a delay in litigating any appeals would not be a "harsh and unjust result."[1]

The request for entry of partial judgment is DENIED.

To the degree that any clarification is needed, the Court's September 10 order granted summary judgment on the RCRA claims in favor of Darold Merritt, Donald George, and Carol George. <u>See</u> Dkt. 769 at 5 (adopting analysis used in dismissing claims against Arthur Arns); <u>id.</u> at 17 ("The moving Individual Defendants' motion for summary judgment is GRANTED."). As more explicitly noted in the Arns' order, Dkt. 573, the RCRA claims against the Individual Defendants fail for the same reasons as the CERCLA claims – there is no evidence that the Individual Defendants personally were responsible for any releases at the Property.

IT IS SO ORDERED.

Date: September 21, 2020

Dale S. Fischer
United States District Judge

---

[1] Defendants and Intervenors provide no apparent justification for immediate entry of judgment on the RCRA claims.

2